UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAREESA BERMAN,

       Plaintiff,

v.                                     CASE NO. 3:13-cv-1109-J-99TJC-JBT

THOMAS A. KAFKA,

       Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court *sua sponte*.

A review of the file indicates that Plaintiff is proceeding *pro se*. Because

Plaintiff is proceeding *pro se*, the Court will take the opportunity to inform her of

some, but not all, of the procedural rules with which she must comply. The Court

reminds Plaintiff of these obligations because a *pro se* litigant is subject to the same

law and rules of court as a litigant who is represented by counsel, including the

Federal Rules of Civil Procedure and the Local Rules of the United States District

Court for the Middle District of Florida.[1] *Moon v. Newsome*, 863 F.2d 835, 837 (11th

Cir. 1989).

First, all documents filed with the Court must be in the form of a pleading, *see*

Fed. R. Civ. P. 7(a), or of a motion, *see* Fed. R. Civ. P. 7(b). Each pleading, motion,

---

[1] The Local Rules are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available for review in the law libraries of the state and federal courthouses.

notice, or other paper shall be presented in a separate document. All documents filed with the Court must include a caption; a brief title that describes the nature of the document; Plaintiff's name and signature; and a Certificate of Service. These last two items are explained below.

All pleadings, motions, or other papers filed with the Court by Plaintiff must bear an original signature, or they will be rejected by the Court. Among other things, that signature serves as Plaintiff's certification, pursuant to Fed. R. Civ. P. 11(b), that the document is not submitted for any improper purpose; that the claims or defenses presented in it are warranted by existing law; and that there exists reasonable factual support for the allegations or assertions made. Plaintiff is advised to review and become familiar with Fed. R. Civ. P. 11, as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines or dismissal of Plaintiff's case.

All pleadings, motions, or other papers filed with the Court by Plaintiff must also include a signed Certificate of Service. The Certificate of Service is confirmation that Plaintiff has complied with the requirements of Fed. R. Civ. P. 5 by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court. At a minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (*e.g.*, U.S. Mail, Federal Express, or hand delivery).

As previously mentioned, all requests for relief from, or action by, the Court must be in the form of a motion. If Plaintiff seeks any relief from, or action by, the Court, or seeks the entry of an order of any kind, Plaintiff must file a proper motion requesting that relief. The motion must meet the requirements of all applicable rules, including the Local Rules and the Federal Rules of Civil Procedure. All motions must be accompanied by a legal memorandum with citation of authorities in support of the relief requested. *See* M.D. Fla. R. 3.01(a). The motion and memorandum shall be filed as one single document, however, and cannot exceed 25 pages in length. *See id.* Further, Plaintiff is advised that prior to filing most motions, Local Rule 3.01(g) requires that she confer with opposing counsel in a good faith attempt to resolve the issue. Plaintiff must include a certification in the motion that states she has complied with this requirement and also notifies the Court whether the parties agree on the relief requested. The Court would note that Local Rule 3.01 sets forth several other important requirements and rules governing motions filed with the Court. The failure to comply with these requirements or any other rule may result in the denial of the motion.

Plaintiff must timely respond to the motions filed by other parties in this case. If she does not timely respond to such a motion, the Court may assume that Plaintiff

does not oppose that motion and any relief requested therein.[2]  Local Rule 3.01(b)

provides that any brief or legal memorandum in opposition to a motion must be filed

within 14 days after Plaintiff is served with that motion by her opponent.  If a party

has missed a filing deadline, the party must file a motion seeking leave of Court to

file the document out of time.

Plaintiff shall not correspond with the Court or any Judge or Magistrate Judge

of the Court in letter form.  In keeping with their sworn duty to maintain complete

impartiality in the exercise of their judicial duties, the Judges of this Court will only

deliver their decisions and opinions in response to those documents filed with the

Clerk's Office in accordance with the governing rules of procedure.  Any

correspondence sent to judicial officers will not be responded to, will be stricken from

the case file, and will be returned to the sending party.

Plaintiff is also cautioned that she must abide by and comply with all orders

of this Court.  Failure to do so may result in sanctions, including dismissal of this

case. Lastly, Plaintiff is reminded that, although she is proceeding *pro se*, she is not

relieved of all of the obligations that rest upon an attorney.  There are still many

requirements with which Plaintiff must comply, including those imposed by the

---

[2] Motions that Plaintiff must respond to include, but are not limited to, discovery motions under Fed. R. Civ. P. 37, motions to dismiss under Fed. R. Civ. P. 12(b), and motions for summary judgment under Fed. R. Civ. P. 56.  While the Plaintiff has responded the Defendant's pending motion to dismiss pursuant to Fed. R. Civ. P. 12(b), the Plaintiff has not yet responded to the Defendant's pending motion for sanctions pursuant to Fed. R. Civ. P. 11.

Federal Rules of Civil Procedure and the Local Rules of this Court.   Plaintiff is warned that the failure to comply with these requirements and obligations can have significant consequences.  For example, failure to respond to discovery requests as described in the rules may result in sanctions.  *See* Fed. R. Civ. P. 37.  In addition, failure to conduct a timely Case Management Conference and submit a Case Management Report can result in dismissal of this case for lack of prosecution.  *See* M.D. Fla. R. 3.05 & 3.10.

While the Court has set forth some of the more prominent procedural obligations and requirements of litigants in this Court, this Order does not purport to set forth all of those requirements and should not be relied upon as limiting Plaintiff's duties and obligations in litigating this case.

Upon consideration of the foregoing, it is hereby **ORDERED**:

Plaintiff shall review and comply with the provisions of this Order, as well as the Federal Rules of Civil Procedure, the Local Rules of the Middle District of Florida, and any applicable statutes and regulations.

**DONE AND ORDERED** at Jacksonville, Florida, on December 9, 2013.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Pro Se Plaintiff

Counsel of Record