IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:13-CV-01109-JBT

LAREESA BERMAN,

    Plaintiff,

v.

THOMAS A. KAFKA,

    Defendant.
_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE**
**DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, THOMAS A. KAFKA, by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 8, hereby serves his Answer and Affirmative Defenses to Plaintiff's Amended Complaint and states as follows:

**I. ANSWER**

**NATURE OF THE ACTION**

1. Defendant denies the allegations contained in Paragraph 1 of the Amended Complaint and demands strict proof thereof at trial.

**JURISDICTION AND VENUE**

2. Defendant denies that the amount in controversy exceeds $75,000. However, Defendant admits the remaining allegations in Paragraph 2 of the Amended Complaint for jurisdictional purposes only.

3. Defendant admits the allegations contained in Paragraph 3 of the Amended Complaint for jurisdictional purposes only.

4. Defendant admits the allegations contained in Paragraph 4 of the Amended Complaint for jurisdictional purposes only.

## THE PARTIES

5. Defendant is without sufficient knowledge to admit the allegations contained in Paragraph 5 of the Amended Complaint and is therefore denied.

6. Defendant admits that he is the owner of Maitland Furniture, Inc./Maitland Trifecta. However, Defendant denies the remainder of the allegations contained in Paragraph 6 of the Amended Complaint and demands strict proof thereof at trial.

## BACKGROUND

7. Defendant admits that Plaintiff's husband was at one time an employee of Maitland Furniture, Inc. However, Defendant denies the remaining allegations contained in Paragraph 7 of the Amended Complaint and demands strict proof thereof at time of trial.

8. Defendant admits Plaintiff's husband's employment ended with Defendant, and Plaintiff's husband applied for unemployment compensation. However, Defendant denies the remaining allegations contained in Paragraph 8 of the Amended Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Amended Complaint.

10. Defendant admits that Plaintiff was never an employee of Defendant's corporation. However, Defendant denies the remainder of the allegations contained in Paragraph 10 of the Amended Complaint and demands strict proof thereof at time of trial.

11. Defendant denies the allegations contained in Paragraph 11 of the Amended Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Amended Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Amended Complaint.

14. Defendant is without sufficient information to admit or deny the allegations of contained in Paragraph 14 of the Amended Complaint and are therefore denied.

15. Defendant is without sufficient information to admit or deny the allegations of contained in Paragraph 15 of the Amended Complaint and are therefore denied.

16. Defendant admits the allegations contained in Paragraph 16 of the Amended Complaint.

17. Defendant admits the allegations contained in Paragraphs 17 of the Amended Complaint for jurisdictional purposes only.

18. Paragraph 18 of the Amended Complaint does not require a response from Defendant. However, admitted Plaintiff has filed the Amended Complaint.

## CLAIM FOR RELIEF

19. Defendant realleges his responses to Paragraphs 1-17 of the Amended Complaint. Defendant denies the remaining allegations of Paragraph 19.

20. Defendant denies the allegations contained in Paragraph 20 of the Amended Complaint and demands strict proof thereof at time of trial.

21. Defendant admits that Plaintiff was not a named party in the unemployment compensation proceedings. Otherwise, Defendant denies the remaining allegations contained in Paragraph 21 and demands strict proof thereof at time of trial.

22. Defendant admits that Plaintiff was not employed by Defendant. However, Defendant denies the remaining allegations contained in Paragraph 22 of the Amended Complaint and demands strict proof thereof at time of trial.

23. Defendant denies the allegations contained in Paragraph 23 of the Amended Complaint and demands strict proof thereof at time of trial.

24. Defendant denies the allegations contained in Paragraph 24 of the Amended Complaint and demands strict proof thereof at time of trial.

25. Defendant denies the allegations contained in Paragraph 25 of the Amended Complaint and demands strict proof thereof at time of trial.

26. Defendant denies the allegations contained in Paragraph 26 of the Amended Complaint and demands strict proof thereof at time of trial.

27. Defendant denies the allegations contained in Paragraph 27 of the Amended Complaint and demands strict proof thereof at time of trial.

## CONCLUSION

28. Defendant denies the allegations contained in Paragraph 28 of the Amended Complaint and demands strict proof thereof at time of trial.

29, Defendant denies Plaintiff is entitled to any of the damages claimed in the WHEREFORE clause of the Amended Complaint.

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial of this action.

## II. AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### TRUTH

Defendant affirmatively asserts that all statements and comments by Defendant about Plaintiff which are subject of this action were true and thus, can not be the basis for an action for libel per se.

### SECOND AFFIRMATIVE DEFENSE

### GOOD MOTIVE – FAIR COMMENT

All statements and comments made by Defendant about Plaintiff were made by the Defendant with good motive and were fair comments made as a private citizen exercising his right of free speech.

### THIRD AFFIRMATIVE DEFENSE

### STATUTORY PRIVILEGE

All statements subject of this lawsuit by the Defendant are afforded an absolute and/or a qualified privilege pursuant to Florida Statute 441.043(3).

## FOURTH AFFRIMATIVE DEFENSE

## PRIVILEGE

All statements subject of this lawsuit by Defendant are afforded an absolute privilege pursuant to Florida's litigation privilege as they were made during the course of judicial proceedings, specifically, as they relate to the unemployment proceedings regarding Chris Berman and Maitland Furniture, Inc. Additionally, the Defendant is entitled to a qualified privilege as the statements were made in good faith by Defendant who had an interest about which he wrote to another who had a corresponding interest in the statements.

## FIFTH AFFIRMATIVE DEFENSE

## FAILURE TO MEET CONDITIONS PRECEDENT TO FILING A DEFAMATION SUIT

Florida law requires pre-suit notice prior to the commencement of any civil action for libel or slander. See § 770.01, *Fla. Stat.* (2008) and Chapter 770 applies to all civil litigants, both public and private, in defamation actions. The conditions precedent have not been met and thus the Complaint should be dismissed.

## SIXTH AFFIRMATIVE DEFENSE

## FAILURE TO STATE A CLAIM

The Amended Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed. The requisite elements for the claims are not present and/or have not been properly pled.

## SEVENTH AFFIRMATIVE DEFENSE

## LACK OF DAMAGE CAUSED BY DEFENDANT

No act or omission on the part of Defendant either caused or contributed to whatever injury (if any) the Plaintiff may have sustained.

## EIGHTH AFFIRMATIVE DEFENSE

## PURE OPINION

The statements by Defendant subject of this lawsuit were that of pure opinion and as a result are not actionable.

## CERTIFICATE OF SERVICE

We hereby certify that on April 2, 2014, a true and correct copy of the foregoing was sent via U.S. Mail to the following: Laressa Berman, 303 Augusta Circle, St. Augustine, Florida 32086.

/s/ Todd T. Springer
Todd T. Springer, Esq.
Fla. Bar No. 178410
tspringer@ls-law.com
Paul S. Jones, Esq.
Fla. Bar No. 149550
psj@ls-law.com

Luks, Santaniello, Petrillo & Jones
301 W. Bay Street, Suite 1050
Jacksonville, Florida 32202
Telephone: (904) 791-9191
Facsimile: (904) 791-9196
Luksjax-pleadings@ls-law.com

TRV-17995J/129

7