IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:  3:13-CV-01109-JBT

LAREESA BERMAN,

      Plaintiff(s),

v.

THOMAS A. KAFKA,

      Defendant.

_____/

## DEFENDANT'S REPLY TO PLAINTIFF'S
## MOTION TO STRIKE AFFIRMATIVE DEFENSES

Defendant, THOMAS A. KAFKA, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure 12(f), hereby serves his Reply to Plaintiff's Motion to Strike Affirmative Defenses and states as follows:

## PROCEDURAL HISTORY

1.      On April 2, 2014, Defendant filed his Answer and Affirmative Defenses to Plaintiff's Amended Complaint.  (Doc. 42)

2.      On April 8, 2014, Plaintiff filed her Motion to Strike Affirmative Defenses.  (Doc. 44)  Plaintiff is moving to strike all eight of Defendant's Affirmative Defenses.

3.      Although Plaintiff's Motion states that she conferred with the undersigned pursuant to Local Rule 3.01(g), the basis for this Motion and the Motion itself was not

presented to the undersigned during the telephone conference.  The undersigned was simply asked whether he would agree to the filing of the Motion to Strike Affirmative Defenses.  The first time the undersigned was presented with Plaintiff's Motion to Strike was when it was filed with this Court.

## MEMORANDUM OF LAW

Plaintiff's Motion is brought pursuant to Federal Rule of Civil Procedure 12(f). Pursuant to this Rule, "upon motion made by a party... the court may order stricken from any pleading any insufficient defense."  Motions filed pursuant to Rule 12(f) are generally disfavored by the court and are infrequently granted because striking a portion of a pleading is a drastic remedy. See Dawes-Ordonez v. Forman, 2009 WL 3273898, (S.D. Fla. October 9, 2009) citing Thompson v. Kindred Nursing Ctrs. E., *LLC*, 211 F.Supp.2d 1345, 1348 (M.D.Fla.2002). "An affirmative defense will be stricken only if it is insufficient as a matter of law." Id. citing Anchor Hocking Corp. v. JacJcsonville Elec. Auth., 419 F.Supp. 992, 1000 (M.D.Fla. 1976). ("A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law").

Affirmative Defenses are governed by Federal Rule of Civil Procure 8(b) which states, in part, a party shall state in short and plain terms the party's defense to each claim asserted... Fed. R. Civ. P. 8(b).  Plaintiff's Motion to Strike Affirmative Defenses (Doc. No. 44) must be denied as Defendants' Affirmative Defenses provide the Plaintiff with notice of the affirmative defenses that may be raised at trial. Adams v. JP Morgan Chase Bank, N.A., 2011 WL2938467 (M.D. Fla. July 21, 201) Similarly, as discussed in more detail below, Affirmative Defenses 1, 2, 3, 4, 7, and 8 are

legally sufficient and Plaintiff is not prejudiced if any of the Affirmative Defense are permitted to remain. *See* Sembler Family P'ship No. 41, Ltd. v. Brinker Florida, Inc., 2008 WL 5341175 (M.D. Fla. 2008).

The Adams Court specifically held that affirmative defenses are not subject to heightened pleading standards and it is not necessary for a defendant to include factual allegations                 supporting                 each                 affirmative defense. Adams v. JP Morgan Chase Bank, N.A., 2011WL 2938467 at 3 (M.D. Fla. July 21, 2011). All that is required is that the affirmative defense as pled give the plaintiff adequate notice of the defense. Id. In reaching this reasoning, the Adams Court noted that [T]hat requiring affirmative defenses to contain detailed factual allegations is unfair to defendants. Whereas plaintiffs have the opportunity to conduct investigations prior to filing their complaints, defendants, who typically only have twenty-one days to respond to the complaint, do not have such a luxury. Id. at 4.  The Adams Court found that affirmative defenses are not subject to the heightened standards announced in Twombly, as alleged by Plaintiff, and the court will determine whether affirmative defenses are sufficient to put Plaintiff on notice of the potential defenses she will face.  Adams. 2011 WL 2938467 at 4.

Moreover, Motions to Strike are disfavored by courts. *See* Sembler Family P'ship No. 41, Ltd. v. Brinker Florida, Inc., 2008 WL 5341175 at 2 (M.D. Fla. 2008) (encouraging "the parties to be cognizant of the Court's limited judicial resources" and discouraging "the parties from filing motions that do not affect the outcome of the case and appear to have no other purpose than to generate attorneys' fees or burden

opposing counsel with responding to an unnecessary motion"); *see also* <u>Great American Assur. Co. v. Sanchuk, LLC</u>, 2012 WL 1656751 at 1 (M.D. Fla. May 10, 2012).

The Eleventh Circuit similarly has repeatedly held that the purpose of Rule 8(b) is simply to provide the plaintiff notice of an affirmative defense that may be raised at trial. *See e.g.* <u>Hewitt v. Mobile Research Technology, Inc.</u>, 285 F.App'x. 694, 696 (11th Cir.2008). Thus, the Defendant cannot be held to the heightened pleading standards applicable to Rule 8(a) as suggested by the Plaintiff in her Motion.

**Affirmative Defense Number One**

Defendant's first Affirmative Defense is that of truth.  The affirmative defense sets forth that all statements and comments by Defendant about Plaintiff which are subject of this action are true and thus, cannot be the basis for an action for libel per se. Truth is an affirmative defense to a defamation claim.  <u>Palmer vs. Gotta Have it Golf Collectibles,</u> 106 F.Supp 2d 1289 (S.D. Fla. 2000).  This defense gives Plaintiff fair notice of its nature as is reflected in Plaintiff's argument against it.  Furthermore, the statements referred to are contained in Plaintiff's Amended Complaint.  Plaintiff argues the merits of the affirmative defense which is not proper at this time.  <u>Adams vs. JP Morgan Chase Bank, N.A.</u>, 2011 WL2938467 (M.D. Fla. July 21, 2011).  However, the defense is viable as to a claim for defamation.

**Affirmative Defense Number Two**

Defendant has plead in his Second Affirmative Defense that all statements and comments were made by Defendant about Plaintiff with good motive and were fair comments made by a private citizen exercising his right of free speech.  Some Florida courts have found that the defense of truth coupled with good motive is an absolute

defense to a claim for defamation.  <u>Lipsig vs. Ramlawi</u>, 760 So.2d 170 (3rd DCA 2000).

As a result, it is necessary that this defense be plead.  Additionally, it places Plaintiff on

notice of said defense and clearly has a relation to the controversy of this action.  As

such, this defense should not be stricken.  Once again, Plaintiff is making arguments

which regard the merits of the affirmative defense which is not proper at this time.

<u>Adams vs. JP Morgan Chase Bank, N.A.</u>, 2011 WL2938467 (M.D. Fla. July 21, 2011).

However, the defense is viable as to a claim for defamation.

**Affirmative Defense Number Three**

Defendant has plead in his Third Affirmative Defense the privilege supplied by

Florida Statute 441.043(3).  This clearly places Plaintiff on notice of such defense and as

a result should not be stricken.  This defense involves communications to the Department

of Economic Opportunity which is the agency which received the alleged libelous

statements.  Its applicability is not to be determined during Plaintiff's Motion to Strike

Affirmative Defenses.  Furthermore, Plaintiff's arguments as to ex parte communications

appear to be irrelevant to any determination as to this affirmative defense.  Additionally,

there is no evidence of direct communications with Commission members are required by

the provision cited.  Plaintiff is making arguments which regard the merits of the

affirmative defense which is not proper at this time.  <u>Adams vs. JP Morgan Chase Bank,</u>

<u>N.A.</u>, 2011 WL2938467 (M.D. Fla. July 21, 2011).  However, the defense is viable as to

a claim for defamation.

**Affirmative Defense Number Four**

Defendant's Fourth Affirmative Defense revolves around Florida's litigation

privilege as said statements were made during the course of judicial proceedings.

Florida's litigation privilege is a proper affirmative defense.   See <u>Jackso vs. BellSouth Telecommunications</u>, 372 F.3d 1250 (11th Cir. 2004); <u>Burton vs. Salzberg</u>, 725 So.2d 450 (Fla. 3rd DCA 1999). This defense clearly places Plaintiff on notice of this defense and as such should not be stricken.  In fact, this defense was subject of two depositions recently taken of employees of the Department of Economic Opportunity and is viable in this claim.  Plaintiff's arguments for striking the affirmative defense, although unfounded, are not proper at this time.   <u>Adams vs. JP Morgan Chase Bank, N.A.</u>, 2011 WL2938467 (M.D. Fla. July 21, 2011).   Additionally, her citing of <u>Del Monaco vs. Traynor</u> is misplaced.  The statements at issue here were made to employees of the Department of Economic Opportunity during the course of quasi judicial proceedings.  They were not made to a party unrelated to these proceedings.  However, to properly respond to Plaintiff's unfounded allegations would require arguments not proper in the context of a reply to Plaintiff's Motion to Strike Affirmative Defenses as noted above.

**Affirmative Defense Number Five**

Although never afforded the opportunity previously, Defendant agrees to the striking without prejudice of Affirmative Defense Number Five relating to failure to meet conditions precedent.

**Affirmative Defense Number Six**

Although never afforded the opportunity previously, Defendant agrees to the striking without prejudice of Affirmative Defense Number Six relating to failure to state a claim.

**Affirmative Defense Number Seven**

Defendant has asserted that no act or omission on his part caused or contributed to whatever injury (if any) the Plaintiff may have sustained as a result of the alleged libelous statements. This defense places Plaintiff on notice that even though she is alleging to have suffered $4.5 million in damages, it is Defendant's position that no damages have been suffered. As such this affirmative defense should not be stricken. . Plaintiff argues the merits of the affirmative defense which is not proper at this time. Adams vs. JP Morgan Chase Bank, N.A., 2011 WL2938467 (M.D. Fla. July 21, 2011). However, the defense is viable as to a claim for defamation.

**Affirmative Defense Number Eight**

Defendant has asserted that the alleged libelous statements subject of this lawsuit were that of pure opinion and as a result are not actionable. Pure opinion is protected under the First Amendment but mixed opinion is not. Hay vs. Independent Newspapers, Inc., 450 So.2d 293, 295 (Fla. 2d DCA 1984). However, this Defense places Plaintiff on notice of its nature and should therefore not be stricken. . Plaintiff argues the merits of the affirmative defense which is not proper at this time. Adams vs. JP Morgan Chase Bank, N.A., 2011 WL2938467 (M.D. Fla. July 21, 2011). However, the defense is viable as to a claim for defamation.

WHEREFORE, Defendant, THOMAS A. KAFKA, respectfully requests this Honorable Court enter an Order denying Plaintiff's Motion to Strike Affirmative Defenses as to Affirmative Defenses numbers 1, 2, 3, 4, 7 and 8.

## <u>CERTIFICATE OF SERVICE</u>

We hereby certify that on May 1, 2014, a true and correct copy of the foregoing was sent via Electronic Mail and U.S. Mail to the following:  Laressa Berman, 303 Augusta Circle, St. Augustine, Florida 32086. Email: polyet@usa.com.

<u>/s/ Todd T. Springer</u>
Todd T. Springer, Esq.
Fla. Bar No. 178410
tspringer@ls-law.com
Luks, Santaniello, Petrillo & Jones
301 W. Bay Street, Suite 1050
Jacksonville, Florida 32202
Telephone:  (904) 791-9191
Facsimile:  (904) 791-9196
Luksjax-pleadings@ls-law.com

Paul S. Jones, Esq.
Fla. Bar No. 149550
psj@ls-law.com
Luks, Santaniello, Petrillo & Jones
255 South Orange Avenue, Suite 750
Orlando, Florida 32801
Telephone: (407) 540-9170

TRV-17995J/190