UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAREESA BERMAN,

      Plaintiff,

v.                                             CASE NO. 3:13-cv-1109-J-JBT

THOMAS A. KAFKA,

      Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Strike Defendant's Affirmative Defenses ("Motion") (Doc. 44) and Defendant's Response thereto (Doc. 54). For the reasons set forth herein, the Motion is due to be **GRANTED** without prejudice to Defendant re-pleading his Fifth and Sixth Affirmative Defenses, and **DENIED** in all other respects.

Plaintiff moves to strike all eight Affirmative Defenses raised in Defendant's Answer (Doc. 42) pursuant to Federal Rule of Civil Procedure 12(f). (Doc. 44.) Plaintiff argues generally that the affirmative defenses are conclusory and otherwise legally insufficient. (*Id.*) Defendant agrees that his Fifth and Sixth Affirmative Defenses should be stricken without prejudice.[1] (Doc. 54 at 6.) However, Defendant

---

[1] Defendant asserts that Plaintiff failed to adequately confer regarding the basis for the Motion. (Doc. 54 at 1–2.) In accordance with Local Rule 3.01(g), Plaintiff "shall confer with counsel for [Defendant] in a good faith effort to resolve the issues raised by the motion" prior to filing any future applicable motions. Simply asking whether the motion is opposed is insufficient.

argues that the remainder of the defenses should not be stricken because they provide sufficient notice of the defenses asserted, and because Plaintiff's attempt to argue the merits of the defenses at this time is improper. (*Id.* at 4–7.)

## I.     Standard

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "motions [to strike] under Rule 12(f) are viewed with disfavor and are infrequently granted" even when they are "technically appropriate and well-founded" because striking is "a drastic remedy." *Harvey v. Lake Buena Vista Resort, LLC*, 568 F. Supp. 2d 1354, 1359 (M.D. Fla. 2008). *See also Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962). As such, "[w]here a defendant mislabels a denial as an affirmative defense, the proper remedy is not to strike the claim, but rather to treat it as a specific denial." *Grovenor House, L.L.C. v. E.I. Du Pont De Nemours & Co.*, Case No. 09-21698-Civ., 2010 WL 3212066, at *3 (S.D. Fla. Aug. 12, 2010). Moreover, absent "prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike." *See Augustus*, 306 F.2d at 868. "[W]hen evaluating a motion to strike defenses, a court must take as true those facts supporting the questioned defenses and stated in the answer." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 691 (M.D. Fla. 2003), *aff'd*, 87 F. App'x 713 (11th Cir. 2003).

The court may strike a defense that is insufficient as a matter of law. *Anchor Hocking Corp. v. JEA*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Id.* (internal citations omitted). "[A]n affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove." *Rosada v. John Wieland Homes and Neighborhoods, Inc.*, Case No. 3:09-cv-653-J-20MCR, 2010 WL 1249841, at *1 (M.D. Fla. Mar. 25, 2010).

Under the Federal Rules of Civil Procedure, a defendant is not required "to support its affirmative defenses with elaborate factual detail." *Harvey*, 568 F. Supp. 2d at 1360. *See also* Fed. R. Civ. P. 8(b)(1) & (c)(1) ("In responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it" and "must affirmatively state any avoidance or affirmative defense . . . ."). "An affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives plaintiff fair notice of the nature of the defense." *Harvey*, 568 F. Supp. 2d at 1360. *See also Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1225 (11th Cir. 2010) (finding that the answer gave plaintiff "ample notice that defendants believed that she had failed to timely file a complaint with the EEOC"); *Adams v. JP Morgan Chase Bank, N.A.*, Case No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, at *4 (M.D. Fla. July 21, 2011) (holding that affirmative defenses are not subject to the heightened pleading

standards of *Twombly* and *Iqbal*, but rather they are subject to a notice pleading standard); *Hansen v. ABC Liquors, Inc.*, Case No. 3:09-cv-966-J-34MCR, 2009 WL 3790447, at *1 (M.D. Fla. Nov. 9, 2009) ("Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff 'fair notice' of the nature of the defense and the grounds upon which it rests."). However, "despite liberal pleading requirements, where an affirmative defense is no more than 'bare bones conclusory allegations, [it] must be stricken.'" *Romero v. S. Waste Sys., LLC*, 619 F. Supp. 2d 1356, 1358 (S.D. Fla. 2009) (internal citations omitted).

## II.   Analysis

Upon applying the above principles to the subject Affirmative Defenses, the Court determines that these defenses are sufficiently pled to survive a motion to strike.[2]  Specifically, these defenses are not insufficient as a matter of law. Moreover, particularly given Plaintiff's single-count Amended Complaint and the limited number of statements at issue, the defenses contain sufficient factual allegations to provide Plaintiff with "'fair notice' of the nature of the defense and the grounds upon which it rests." *See Hansen*, 2009 WL 3790447, at *1.  Therefore,

---

[2] The Court does not address the merits of any of Defendant's affirmative defenses at this time. *See, e.g.*, *Adams*, 2011 WL 2938467, at *2 ("At this point in the litigation, prior to discovery, the undersigned will decline to rule on the merits of any of the affirmative defenses. Accordingly, the Court will focus its analysis on whether Defendant adequately pled its affirmative defenses.").

Defendant's First, Second, Third, Fourth, and Eighth Affirmative Defenses will not be stricken.  In addition, because Defendant's Seventh Affirmative Defense, which states that "[n]o act or omission on the part of Defendant either caused or contributed to whatever injury (if any) the Plaintiff may have sustained" (Doc. 42 at 6–7), appears to actually be a denial, "the proper remedy is not to strike the claim, but rather to treat it as a specific denial."  See *Grovenor House, L.L.C.*, 2010 WL 3212066, at *3.  Therefore, Defendant's Seventh Affirmative Defense will not be stricken, but will be treated as a specific denial.

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 44**) is **DENIED** except as provided below.

2. Defendant's Fifth and Sixth Affirmative Defenses (Doc. 42 at 6) are **STRICKEN without prejudice** to re-pleading the same in accordance with this Order **on or before May 19, 2014**.

**DONE AND ORDERED** at Jacksonville, Florida, on May 5, 2014.

*[signature: Joel B. Toomey]*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Pro Se Party

Counsel of Record