## United States District Court
## Middle District of Florida
## Jacksonville Division

2014 JUN -2  PM 1:51

Lareesa Berman – *pro se*

Plaintiff

vs.                                                    Case No.3:13-cv-1109-J-JBT

Thomas A. Kafka,

Defendant

_____/

## PLAINTIFF'S MOTION TO STRIKE AND/OR EXCLUDE DEPOSITION TESTIMONY OF JAMES BELLFLOWER AND JANICE CONNELL AS INADMISSIBLE

COME NOW Lareesa Berman, Plaintiff pro se, in accordance with the Federal Rules of Civil Procedure Rule 30(b)(6), Rule 26(g), Rule 45(b)(1), Rule 45(a)(2)(B),Rule 45(a)(2)(C), and Rule 37 and moves this Court to exclude and/or strike the deposition testimonies of nonparty witnesses James Bellflower and Janice Connell, deposed on the date of April 29, 2014, as their subpoenas were improperly served. (Notice of Deposition was for the production of documents *Duces Tecum*). Federal Rule 37 provides that an aggrieved party may seek sanctions against an uncooperative opponent in the form of costs, attorney fees, an order striking evidence or defenses, entry of a default judgment, or other action to ensure that justice is achieved. The rule requires that the party asking for sanctions first makes a good faith effort to obtain the disputed discovery without court action. **(See attached e-mails Exhibit A).**

Plaintiff does not take this action or file this motion lightly but only does so as this is the latest in a series of discovery abuses by Defendant. These include filing multiple Amended Initial Disclosures (one original and three amended) not for clerical

1

errors but continuing to add parties, add documents, deleting others, which have been a burden to Plaintiff in trying to keep up with proper discovery.  Defendant continued to amend his initial disclosures instead of supplementing them under Rule 26(e) and had issued a subpoena to a nonparty to testify without a witness fee and mileage costs. Additionally, Defendant's Counsel did not inform Plaintiff that Thomas Kafka's former attorney in this action, David Vukelja, was still involved in this case, for he appeared unannounced at the deposition of Defendant by Plaintiff and apparently was given all of Plaintiff's discovery exhibits.

Plaintiff has been hesitant to address these abuses, but this improper serving of subpoenas to the two nonparties at the Florida Department of Economic Development has created testimony that Plaintiff could not properly challenge, since the nonparties were not subpoenaed to produce documents, even though the Notice of Deposition sent to Plaintiff said they were to produce documents.

1. Amended Notice of taking deposition stated the nonparties James Bellflower and Janice Connell were to produce documents. (see attached exhibit B)

2. The actual subpoenas that were served were for oral depositions of the two nonparties and did not request the production of documents (*Duces Tecum* see exhibit C).

3. Plaintiff pro se had originally objected to the subpoena to nonparty Janice Connell, as she was not named on Defendant's initial disclosures and so had not waived her rights to object.

4. As a result of the improperly severed subpoenas and because both deponents did not have in their possession documents that pertained to an appeal to the UAC

brought by Thomas Kafka and between Plaintiff's husband and the Agency for Workforce Innovations, the Unemployment Appeals Commission, and the Fraud Investigation Division, Plaintiff was unable to cross-examine the deponents with respect to critical documents and unable to confirm with sworn deposition testimony certain factual information critical to the support of her case and detrimental to the Defendant's defense.

5. Plaintiff had asked Defense Counsel to supply her with copies of the two subpoenas prior to the depositions, and then repeatedly asked for copies of the subpoenas after the depositions. (See exhibits of e-mail correspondence).

6. At a minimum, the notice of subpoena should identify the person to whom the subpoena is directed and state the date, time, and place of the production, inspection, or testimony so that the other parties may review the documents produced and/or attend the deposition. The issuing party should also attach a copy of the subpoena to the notice so that the other parties know exactly what evidence is being sought from the witness.

7. <u>Subpoenas for deposition were issued in the wrong district</u>. The subpoena and notice of subpoena for deposition pertained to the US District Court for the Middle District of Florida. The deposition testimony was taken in Tallahassee, Florida, which is served by the US District Court for the Northern District of Florida. Per Federal Rules of Civil Procedure, RULE 45(a)(2)(B) controls, and the subpoena must issue "from the court for the district where the deposition is to be taken." If the subpoena commands production or inspection—and is "separate from a subpoena commanding a person's attendance"—then Rule 45(a)(2)(C)

3

controls, and the subpoena must issue "from the court for the district where the production or inspection is to be made." Therefore, if the subpoena commands both attendance and production of documents, then the jurisdiction of the deposition controls. Plaintiff contends this is not a curable defect in the subpoenas. (See *Hallamore Corp. v. Capco Steel Corporation*). The depositions were held in Tallahassee, FL, 164 miles outside of Jacksonville, Fl, and under the jurisdiction of the U.S. District Court for the Northern District of Florida. In other words, a subpoena which commands a nonparty to appear to give deposition testimony and to produce documents at the deposition must be issued by the court in the district where the deposition is to be held. The subpoena in this case commanded James Bellflower and Janice Connell to appear to give testimony and to produce documents in Tallahassee, FL. (Northern District of Florida). The subpoena, however, was issued from the Middle District of Florida. The proper procedure in this matter would have been for the subpoena to issue from the Northern District of Florida. Because the subpoena was not issued from the district wherein the deposition was to take place, the subpoena is facially invalid.

8. As the subpoena to testify was invalid, Plaintiff contends the deposition testimony is equally invalid and must be struck or ruled as inadmissible.

9. If the subpoenas to testify issued to James Bellflower and Janice Connell were served to them as individuals, not as representatives of the Florida Department of Economic Development, then they were invalid as Defendant's Counsel had failed to attach the appropriate one-day witness fee for their attendance in accordance with RULE 45(b)(1). **(See exhibit D).** If on the other hand, they were

subpoenaed as representatives of the Florida Department of Economic Development these subpoenas were equally invalid as Defendant failed to comply with RULE 30(b)(6).

10. Defendant's Counsel had failed to timely comply with Plaintiff's requests to produce copies of the actual subpoenas that were served on nonparties Connell and Bellflower until May 12, 2014 (2 weeks after the deposition testimony was taken). Once the copies of the subpoenas were received, it became obvious why both James Bellflower and Janice Connell did not have any documents to review with Plaintiff, other than those deemed favorable to Defendant and which were supplied to the deponents by Defendant's Counsel (as attested to by James Bellflower) because the subpoenas were not for the production of documents, only for oral depositions. Furthermore, the subpoenas were (a) issued in the incorrect district court, (b) were improperly served under RULE 30(b)(6), and/or (c) failed to include the one-day witness fee that is to be attached to both subpoenas.

11. As a result of the improperly served subpoenas, both deponents failed to have any documents in their possession at the deposition, aside from those supplied to them by Defendant's Counsel. Defendant Kafka's Counsel did not supply any documents that would have proven favorable to Plaintiff, and as neither deponent had documents in their possession, Plaintiff could not question them about documents favorable to Plaintiff's cause of action.

12. If both deponents were not intending to supply documents, they had 14 days to object under RULE 45 for the production of these documents, but only if the

subpoena was specifically a request for documents (*Duces Tecum*). They cannot be held at fault for not producing documents if the subpoena was for oral testimony and if documents were never requested.

(Rule 45(d)(2)(B)) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or the attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or within 14 days after the subpoena is served. If an objection is made, the following rules apply.

13. Plaintiff states that this is discovery abuse under Rule 37, although it was not the fault of either James Bellflower or Janice Connell that documents were not produced, but the fault of Defendant's Counsel for failing to subpoena them, while making it appear to Plaintiff that "any and all documents and correspondence received by you from any of the parties involved in Docket No. 2009-170950U. . ." would be produced and the witnesses could be cross-examined about such documents that supported her cause of action in the Notice of Deposition. For this reason, and in the interest of justice and fairness, both depositions should be struck or excluded as a sanction for failing to cooperate with discovery under Rule 37.

14. The Department of Economic Development is a state agency and, as such, will not try and guess what Defendant's Counsel is attempting to infer by asking for

documents in a Notice of Deposition and not asking for documents in the actual subpoena.

15. In addition to Defendant's Notice of Deposition failing to state a request for documents, Defendant also neglected to state a topic as required under Rule 30(b)(6) whether this was a deposition of two individuals who are employed by the Department of Economic Development or whether it was a deposition of a governmental organization, for Defendant's deposition questions went to matters of policy and procedure of the Department of Economic Development. The deposition questions that pertained to facts and documents that asked questions that went beyond the deponent's own knowledge but also to knowledge of the government entity. Specifically, as to what constitutes a quasi-judicial procedure. When cross-examined by Plaintiff, Mr. Bellflower did not have any familiarity with the agency's own regulations that governed ex parte communications. Nor did deponent Bellflower have any knowledge of Florida statutes that would have made Defendant's company Maitland Furniture, Inc, ineligible for commencing or maintaining the unemployment appeal that he initiated in March of 2009. If the deponent was answering as an individual, then Defendant's Counsel should not have been asking him questions that pertained to policies, procedures, and regulations of the Department of Economic Development. As a result, Plaintiff has no idea in what capacity either Mr. Bellflower or Ms. Connell testified as. Were they individuals, or designated representatives of the Department of Economic Development? Defendant's Counsel's e-mail suggests they were individuals, but the deposition questions pertained to the UAC.

16. The deposition testimony should be either struck or excluded under Rule 26(g). Rule 26(g) is tested from the date of signing. This is because both the Notice of Deposition requiring production of documents by the nonparties and the actual subpoenas for the nonparty depositions were signed by Defendant's Counsel. Obviously both cannot be correct if the notice says to produce documents and the subpoena was for testimony only.

17. Deposition testimony should be struck under RULE 45 for a myriad of reasons as noted in reasons 6, 7, and 8.

18. Should no statute or rule fully cover what Plaintiff sees as deceptive conduct and blatant disregard for the Federal Rules of Civil Procedure by Defendant, Plaintiff will rely on the inherent power of the Court. *Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991), the Supreme Court made clear that the existence of a sanctioning scheme in statutes and rules does not displace the court's inherent power to impose sanctions for bad-faith conduct.

19. In attempting to resolve this issue by telephone with Defendant's Counsel on the date of 5-13-2014, Defendant's Counsel found Plaintiff's concerns to be a source of amusement for him.


## MEMORANDUM OF LAW

Subpoenas issued in the incorrect U. S. district Court are deemed invalid. See *U. S. Bancorp Equip. Fin., Inc. v. Babylon Transit, Inc.*, No. CV 05-3489(FB) (ETB), 2010 WL 3081667, at *3 (E. D. N. Y. Aug. 4, 2010) (holding subpoenas issued from Eastern District of New York invalid where they required nonparties to give deposition

testimony and produced documents in Southern District of New York); *Apache Corp. v. Global Santa Fe Drilling Co.*, No.06-1643, 2009 WL 872893, at *3 (W. D. La. Mar. 6, 2009) (holding subpoena issued from Western District of Louisiana invalid where it required nonparty to give deposition testimony and produce documents in Northern District of Texas); Am. Nat. Ins. Co. RBS Citizens, N.A., No. 08-70S, 2008WL 3992786, at *1 (D. R. I. Aug. 21, 2008) (holding subpoena *duces tecum* issued from District of Rhode Island invalid where it commanded non-party to produce documents in Texas); *NFLC, Inc. v. Devcom Mid-Am., Inc.*, No. 93-C-0609, 1994 WL 188478, at *7 (N.D. Ill. May 11, 1994) (holding subpoena issued from Northern District of Illinois invalid where it commanded nonparty to appear for deposition in Northern District of Texas).

WHEREFORE, Plaintiff states that Defendant's Notice of Deposition *Duces Tecum* sent without copies of the subpoenas to the deponents and the actual subpoenas for oral depositions not only contradict each other but also deceive the Plaintiff by the misleading Notice of Deposition, and as such, frustrated the Plaintiff in confirming information from both deponents while under oath with documents that were supportive of her cause of action. Plaintiff contends that as both subpoenas were invalid by virtue of Rule 45 then the testimony gleaned from the depositions would be equally invalid and must be either struck or ruled as inadmissible. Plaintiff requested a copy of the subpoenas for depositions prior to the deposition date but Defendant's Counsel did not comply with the request. As the copies were not produced until two weeks after the fact, Plaintiff states this was discovery misconduct, whether deliberant or through unfamiliarity with the Federal Rules of Civil Procedure and Defendant should not be rewarded for ignoring those rules. Plaintiff hereby and respectfully moves this Court in the interest of justice

and fairness to grant this motion and to strike or to exclude the testimony of both depositions as a sanction under Rule 37, Rule 30(b)(6), Rule 26(g), Rule 45 as improperly severed without witness fees and served in the incorrect district, or the inherent power of the Court to sanction this behavior by striking or ruling the deposition testimony of the two nonparties, Bellflower and Connell, as inadmissible.

Per Local Rule 3.01(g) Plaintiff conferred with Defendant's Counsel on this motion on May 13, and May 29, 2014, Defendant objects to the motion.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent on the date set forth below.  Dated: May 31, 2014, and sent to Todd Springer, the undersigned counsel, 301 West Bay St. Suite 1050, Jacksonville, FL 32202 by United States Mail

_____
Signature

_____
Lareesa Berman–*pro se*
Full Name

_____
303 Augusta Circle

_____
St. Augustine, FL 32086

_____
(904)-794-5420

DATE:  May 31, 2014

**mail.com**

---

# Could not reach you by phone today

**From:**  "L. B." <polyet@usa.com>

**To:**  "Todd T. Springer" <TSpringer@ls-law.com>

**Date:**  May 30, 2014 5:27:22 PM

---

Mr. Springer,

I tried to call you around 4:30 today to confer with you on three motions that I am filing with the Court. You are aware of two of the motions, one to strike the deposition testimony of James Bellflower and Janice Connell as the subpoenas were improperly served, and the other motion citing deposition misconduct asking for a sanction in the reimbursement of time wasted by the presence of Mr. Vukelja and the break he decided to take as well as your many speaking objections, conferring with Mr. Vukelja while I was trying to depose Defendant Kafka and your numerous instructions to the defendant not to answer. I waited until I had received the deposition transcript from Kafka's deposition to confirm all of this. We spoke about this but you oppose the motions. The other reason I am moving to strike the deposition testimony from Mr. Bellflower and Ms. Connell is the subpoenas were served in the wrong district.

I have another motion that I wanted to speak with you about; it is a motion to strike documents from Hudson Valley Bank, Yonkers Racing Corporation, and the Agency for WorkForce Innovations and Kandra Bell for WorkForce Innovation. The subpoenas were issued in the wrong district, and Hudson Valley Bank and Kandra Bell were not in your 3rd amended initial disclosures.

Please let me know if you have any objection.
Sincerely,
Lareesa Berman

**mail.com**

# Today's depositions

| | |
|---|---|
| **From:** | "L. B." <polyet@usa.com> |
| **To:** | "Todd T. Springer" <TSpringer@ls-law.com> |
| **Date:** | Apr 30, 2014 12:08:08 AM |

Mr. Springer,

I asked before the depositions of Mr. Bellflower and Ms. Connell if you had served a subpoena to both individuals. Your answer was yes, and that you will forward these to me. All that I have is a notice of taking deposition and the amended notice of taking deposition Duces Tecum. According to schedule "A" in the notice, you ask to produce "any and all documents and correspondence . . . from any of the parties involved in Docket number 2009-170950U . . ." This is why I was surprised Mr. Bellflower did not have the document from the AWI, dated 2/18/09 and sent by G.G. Linares, Section I. NOTICE OF DETERINATION: "No information was provided by the employer which substantiates misconduct." Section II: "The Discharge was for reason other than misconduct connected with the work." This document is very important, as it offers proof that it was your client that initiated the unemployment appeal in March of 2009 when Maitland Furniture was prohibited by Florida Statute from doing so, claiming misconduct. As the filing of the appeal by Kafka and Maitland Furniture was a violation for Florida Statue, then there can be no "quasi-judicial proceeding." Your contention that my husband initiated the "action" or process of an unemployment appeal is false. That being so, and if the subpoena was for ALL documents, then why was this missing? I then asked Mr. Bellflowers of who supplied the documents to him, and his answer surprised me in that he said it was you, Mr. Springer, who supplied the documents to him. You then said to me that I should have supplied this document to Mr. Bellflower, but your statement contradicts the notice of deposition that states in schedule "A" that ALL documents would be supplied. It would appear you were very selective about what documents you supplied to Mr. Bellflower and Ms. Connell. I feel I should object to the admissibility of the depositions, as Mr. Bellflower and Ms. Connell did not produce their own documents, only those you provided for them. Would you please explain this to me?

However, what I did confirm from Mr. Bellflower's deposition is that the e-mail of August 16, 2011, that was sent to Mr. Bellflower and to his department is a matter of public record, as all e-mails involving his department are considered public records.

Sincerely,
Lareesa Berman

**Ⓜ️ɑiↃ.com**

---

# RE: Today's depositions

**From:**   "L. B." <polyet@usa.com>

**To:**   "Todd T. Springer" <TSpringer@ls-law.com>

**Date:**   May 1, 2014 12:04:46 AM

---

Mr. Springer,

I still do not see the copy of subpoena that you had promised to supply to me before deposing Mr. Bellflower and Ms. Connell. Please send these by electronic mail to me.

Mr. Bellflower did not bring his own documents, only what you had supplied. Ms. Connell did not bring her own documents either, as she said she had exhibit "D" (from my Amended Complain), which you provided, but she did not have the complete letter with her (as ex. "D" was only part of the letter, according to her.) The only documents provided were the ones you brought. If Mr. Bellflower brought his documents with him, he would have that document that I was talking about in my prior e-mail, as he send this to my husband in an e-mail on September15, 2011. On the deposition hearing, I was attending by phone, so I could not provide to him my copy when he said he has only documents that you provided to him. Furthermore, all questions that you had asked the witnesses were about my husband, yet no questions pertained to me, making it seem as if I were an employee.

Both witnesses were unaware that your client's company was barred by statute 607.0501(5) from filing an appeal and were unfamiliar with the statute itself. The concepts of being in violation of the law and not getting caught violating the law are two separate issues. There no quasi-judicial proceedings when your client's company is prohibited from filing any action in Florida. But according to you, a violation of Florida statute is acceptable and the issue is moot. Your client's company was in default—not just appealing a prior decision but from the beginning, when Kafka initiated appeal in March 2009.

According to Mr. Bellflower's testimony, the "chain" of the quasi-judicial process remains unbroken through the appeals process. That being so, as Mr. Kafka's company Maitland Furniture was barred by a Florida statute from commencing or maintaining any action, then in fact, no quasi-judicial process of appeal was ever in force from the date of March 2009. Mr. Kafka's company being in violation of S. 607.0501(5) is not an allegation, it is a fact.

According to Mr. Bellflower and Ms. Connell, no actual proof about alleged "embezzlement"—of which Mr. Kafka wrote about—was ever provided to them.

Your client didn't just violate Florida law, he also made a fraudulent appeal to the UAC, filed false documents with the Florida Department of State, filed fraudulent homestead exemption, defrauded my

husband from his company and livelihood, and dirtied his name with malice, all of which wasn't enough so he decided to dirty my name as well with malice, while apparently Mr. Kafka now is being subpoenaed by Federal Grand Jury for tax fraud. But according to you, Florida laws governed by statutes are irrelevant and don't apply to Mr. Kafka.

In addition, you are defending him through his commercial insurance despite the fact that he failed to report the claim for 6 month and doesn't have Directors and Officers liability policy.

Sincerely,
Lareesa Berman

----- Original Message -----
From: Todd T. Springer
Sent: 04/30/14 01:39 PM
To: 'L. B.'
Subject: RE: Today's depositions

I included on the Schedule A for Mr. Bellflower to bring all documents regarding correspondence from the Parties. That would not have included the Notice of Determination you are speaking of.  I am entitled to show Mr. Bellflower any documents I choose at deposition which were the documents received from the Department of Economic Opportunity pursuant to our subpoena.  I provided you with a courtesy copy of the documents I chose to use.  You were entitled to do the same.  However, you chose not to do so.

As for Ms. Connell, she did have documents but I was told they were all confidential and therefore, I could not look at them.

As for this claim regarding violation of Florida Statute resulting in Maitland Furniture from being able to appeal a prior decision, that obviously had no effect on any decisions rendered by the Agency of Workforce Innovation and such these arguments are moot.  Also, such alleged violation would not have prevented Mr. Kafka from sending documents to the Agency for Workforce Innovation anyway.

Thanks

**Todd T. Springer**
Attorney at Law

**Luks, Santaniello,**
**Petrillo & Jones**
301 West Bay Street
Suite 1050
Jacksonville, FL 32202
Phone: 904-791-9191
Fax: 904-791-9196

E-Mail / Website / Offices

**From:** L. B. [mailto:polyet@usa.com]

**Sent:** Wednesday, April 30, 2014 12:08 AM
**To:** Todd T. Springer
**Subject:** Today's depositions

Mr. Springer,

I asked before the depositions of Mr. Bellflower and Ms. Connell if you had served a subpoena to both individuals. Your answer was yes, and that you will forward these to me. All that I have is a notice of taking deposition and the amended notice of taking deposition Duces Tecum. According to schedule "A" in the notice, you ask to produce "any and all documents and correspondence . . . from any of the parties involved in Docket number 2009-170950U . . ." This is why I was surprised Mr. Bellflower did not have the document from the AWI, dated 2/18/09 and sent by G.G. Linares, Section I. NOTICE OF DETERATION: "No information was provided by the employer which substantiates misconduct." Section II: "The Discharge was for reason other than misconduct connected with the work." This document is very important, as it offers proof that it was your client that initiated the unemployment appeal in March of 2009 when Maitland Furniture was prohibited by Florida Statute from doing so, claiming misconduct. As the filing of the appeal by Kafka and Maitland Furniture was a violation for Florida Statue, then there can be no "quasi-judicial proceeding." Your contention that my husband initiated the "action" or process of an unemployment appeal is false. That being so, and if the subpoena was for ALL documents, then why was this missing? I then asked Mr. Bellflowers of who supplied the documents to him, and his answer surprised me in that he said it was you, Mr. Springer, who supplied the documents to him. You then said to me that I should have supplied this document to Mr. Bellflower, but your statement contradicts the notice of deposition that states in schedule "A" that ALL documents would be supplied. It would appear you were very selective about what documents you supplied to Mr. Bellflower and Ms. Connell. I feel I should object to the admissibility of the depositions, as Mr. Bellflower and Ms. Connell did not produce their own documents, only those you provided for them. Would you please explain this to me?

However, what I did confirm from Mr. Bellflower's deposition is that the e-mail of August 16, 2011, that was sent to Mr. Bellflower and to his department is a matter of public record, as all e-mails involving his department are considered public records.

Sincerely,
Lareesa Berman

**mail.com**

# Deposition of Mr. Bellflower and Ms. Connell

**From:** "L. B." <polyet@usa.com>

**To:** "Todd T. Springer" <TSpringer@ls-law.com>

**Date:** May 11, 2014 11:57:23 PM

Mr. Springer,

I had asked you prior to the deposition of Mr. Bellflower and Ms. Connell to please produce the subpoenas you had sent to them for production of documents. I have asked you after the deposition to produce the actual subpoenas, not once but twice. From Mr. Bellflower's answer to me I strongly suspect he was never served with a subpoena for documents related to the unemployment hearing, as he stated that you supplied him with documents. I would like to believe  the subpoenas to produce documents were properly served, but your reluctance to produce a copy of the actual subpoenas makes me question that. Do they exist or don't they? Please, by 5:00 p.m. on the 14th of May (Wednesday) produce both subpoenas issued to Mr. Bellflower and Ms. Connell, along with the certificates of service for both subpoenas, or I will move to have both depositions quashed.

Sincerely,
Lareesa Berman

**mail.com**

# Re: Berman, Lareesa vs. Thomas A. Kafka EZK8321:

**From:**     "L. B." <polyet@usa.com>

**To:**       "Todd T. Springer" <TSpringer@ls-law.com>

**Date:**     May 13, 2014 12:11:16 AM

Mr. Springer,

In reviewing the Notice of Deposition for both James Bellflower and Janice Connell, both are for the production of documents (*Duces Tecum*) with (supposedly attached) subpoenas. I received the copies of the actual subpoenas from you today, and they were _not_ subpoenas for documents, but rather for appearing at the deposition. Now I understand why Mr. Bellflower did not have certain documents in his possession that were very important that I cross examined him about. Mr. Bellflower admitted that he did not bring any documents to his deposition. He had only those you had provided to him. When I questioned you about this you said that I could have sent my documents to Mr. Bellflower, but if as your Notice of Deposition stated documents were to be produced, then logically why would I send mine? I will be filing a motion to strike both depositions as improper. These subpoenas were improperly served, and by doing this, you hampered my ability to cross-examine the deponents.  There is absolutely a good faith basis for striking these depositions, as I can supply to the Court the notice of deposition that says this is a subpoena *Duces Tecum,* while the actual subpoena says it is for an oral deposition only. I also have an e-mail trail that will support my motion.

You improperly served subpoenas, causing me to believe—based upon your notice of deposition—that Mr. Bellflower and Ms. Connell would have the documents to which I have a question. This is not only improper but also the kind of legal trickery one would not expect to find under the American system of justice, since the only documents which you supplied them with, supported your client's position. It was deceptive to make me believe from your notice of deposition that documents necessary to support my claim would also be produced under a subpoena *Duces Tecum,* when in reality the subpoena was for oral deposition only.

I will be speaking about this with you by telephone tomorrow.

Sincerely,
Lareesa Berman

----- Original Message -----

From: Todd T. Springer
Sent: 05/12/14 03:52 PM
To: 'L. B.'
Subject: Berman, Lareesa vs. Thomas A. Kafka EZK8321:

Attached are the subpoenas served on Bellflower and Connell. It looks like they were not subpoena duces tecums. Rather, as you will see from the Notice of Taking Depositions in your possession, we attached an Exhibit A to the Notice asking they bring documents. Mr. Bellflower did not bring any documents to the deposition. As a result, I showed him documents I received in response to our subpoena to the Agency for Workforce Innovation which a copy was also provided to you.

Please be advised that I do not believe you have a good faith basis to try and somehow quash the depositions. I will provide copies of the returns of service in another e-mail.

---

**Todd T. Springer**
Attorney at Law


**Luks, Santaniello,**
**Petrillo & Jones**
301 West Bay Street
Suite 1050
Jacksonville, FL 32202
Phone: 904-791-9191
Fax: 904-791-9196

E-Mail / Website / Offices

**ALL SERVICE OF PLEADINGS ARE TO BE SENT TO THE FOLLOWING E-MAIL ADDRESS ONLY:** LUKSJAX-Pleadings@ls-law.com

**CONFIDENTIALITY NOTICE :** The information contained in this e-mail is intended only for the confidential use of the recipient(s) named above. This message and its attachments are attorney-client privileged communications, work product and mental impressions of the above sender. If the reader of this message is not the intended recipient or if you have received this communication in error, you are hereby notified that you have received this in error, that you should destroy it, notify us at once and any review, dissemination or copying is strictly prohibited.

**m**ait.com

# RE: Follow up on non-party depositions

| | |
|---|---|
| **From:** | "L. B." <polyet@usa.com> |
| **To:** | "Todd T. Springer" <TSpringer@ls-law.com> |
| **Date:** | May 15, 2014 12:06:22 AM |

Mr. Springer,


Please do not twist my words. I never said I was unhappy with how the deposition turned out. My concern is that your notice of deposition led me to believe that both deponents would have the documents before them, which I could question them about. They didn't have them because your subpoena was not for the production of documents, as was stated in your notice. It was deceptive to have me believe that both deponents would have the documents of the unemployment appeal (not just the ones favorable to your client) for me to question them about.




Sincerely,
Lareesa Berman




----- Original Message -----
From: Todd T. Springer
Sent: 05/14/14 08:46 AM
To: 'L. B.'
Subject: RE: Follow up on non-party depositions

Ms. Berman,

Even had Mr. Bellflower brought documents with him to the deposition, it only would have been communications sent to him by the parties to the unemployment hearing, i.e. the e-mails from Mr. Kafka to Mr. Bellflower as indicated in my Notice of Taking Deposition Exhibit A.   Nothing further would have been brought as I did not ask for anything else. In fact, these e-mails to my recollection were used by me at the deposition and you questioned him on them. Your arguments are misplaced. It appears to me that you are attempting to confuse issues and somehow strike the depositions because you did not like the way they turned out.

Furthermore, when questioned about the unfounded argument regarding ex parte communications, you were provided an answer by Mr. Bellflower. He correctly stated that the section you referred to only applied to communications to a Commission member which he was not.

**Todd T. Springer**
Attorney at Law

**Luks, Santaniello,**
**Petrillo & Jones**
301 West Bay Street
Suite 1050
Jacksonville, FL 32202
Phone: 904-791-9191
Fax: 904-791-9196

## E-Mail / Website / Offices

CONFIDENTIALITY NOTICE : The information contained in this e-mail is intended only for the confidential use of the recipient(s) named above. This message and its attachments are attorney-client privileged communications, work product and mental impressions of the above sender. If the reader of this message is not the intended recipient or if you have received this communication in error, you are hereby notified that you have received this in error, that you should destroy it, notify us at once and any review, dissemination or copying is strictly prohibited.

---

**From:** L. B. [mailto:polyet@usa.com]
**Sent:** Wednesday, May 14, 2014 12:03 AM
**To:** Todd T. Springer
**Subject:** Follow up on non-party depositions

Mr. Springer,

Thank you for taking my call today. This is a follow-up on our conversation regarding my intention to file a motion to strike the deposition testimony of Mr. Bellflower and Ms. Connell as inadmissible. Your arguments for my not filing a motion to exclude the deposition testimony are unconvincing to me.

The Notice of Deposition was stated as *Duces Tecum*, to produce documents. However, the subpoenas were for oral deposition only. Yet, you are telling me I should anticipate that the deponents will not bring documents. So that would mean I should anticipate that two employees of the Department of Economic Development will be in contempt of a subpoena. If they were not intending to bring documents they would have filed a written objection 14 days before the deposition under RULE 45(d)(1); however, that was not the case. They did not object, because you never subpoenaed the documents. Please do not try and shift the blame to Mr. Bellflower and Ms. Connell. They appeared at the deposition, as this was the only instructions provided, and because they were not commanded to do so, they did not bring documents.

The Florida Department of Economic Development is a state governmental agency, and they are not going to try and guess what you meant by sending two conflicting documents. As a Notice of Deposition does not carry the force of law and the actual subpoena does, it would be only the actual subpoena that needs to be obeyed, not the notice. I am also at a loss to explain why you would subpoena two employees of Department of Economic Development who are not familiar with some of their policies and then question them as to policy and procedures for the agency without stating the scope of topics beforehand as is required by Rule 30(b)(6). When you had deposed Mr. Bellflower with specific questions about how the quasi-judicial procedure handles the appeal, I believe you were asking him about matters of department policy. Yet, when I questioned him about the department's rules on ex parte communication and if a Florida Statue would have prevented your client from initiating an appeal in the first place, they were unfamiliar with their own policies and unfamiliar with Fla. S. 607.0501. Was Mr. Bellflower a designated officer or director capable of speaking on behalf of the agency as is required under Rule 30(b)(6)? If he could not represent the whole agency regarding their policy specifics, then why were your questions about the agency's policies and procedures?

The real issue is that by sending subpoenas that did not command the deponents to produce all documents relevant to Mr. Kafka's appeal—documents that were the source of the libelous comments he made against me, you have unfairly prejudiced my case. The only documents that Mr. Bellflower and Ms. Connell had were the ones that you provided to them, and those documents were favorable in one direction: to your client. I could not question Mr. Bellflower on several of the documents because the subpoena did not command any production of documents. You prejudiced my case. Then you attempted to fault me for not traveling to Tallahassee or not giving my documents to deponents, when you knew I was attending by telephone and that I relied on your notice that the subpoena would be commanding the production of documents.

By sending me a Notice of Deposition stating both deponents were commanded to produce documents, you deceived me. And this is misconduct under 26(g) since you signed both the notice and the subpoenas that contradict one another, as well as under Rule 37 for a failure to cooperate in discovery.

I contend this was misconduct, whether accidental or deliberate, causing the same damage. I will be making my motion to strike or exclude the deposition testimony as improperly obtained, and based on the inherent power of the Court to address this matter, I feel my motion is justified.

Sincerely,
Lareesa Berman

**mail.com**

# Berman, Lareesa vs. Thomas A. Kafka EZK8321:

| | |
|---|---|
| **From:** | "Todd T. Springer" <TSpringer@ls-law.com> |
| **To:** | "'L. B.'" <polyet@usa.com> |
| **Date:** | May 12, 2014 3:52:08 PM |

Attached are the subpoenas served on Bellflower and Connell. It looks like they were not subpoena duces tecums. Rather, as you will see from the Notice of Taking Depositions in your possession, we attached an Exhibit A to the Notice asking they bring documents. Mr. Bellflower did not bring any documents to the deposition. As a result, I showed him documents I received in response to our subpoena to the Agency for Workforce Innovation which a copy was also provided to you.

Please be advised that I do not believe you have a good faith basis to try and somehow quash the depositions. I will provide copies of the returns of service in another e-mail.

**Todd T. Springer**
Attorney at Law
**Luks, Santaniello,**
**Petrillo & Jones**
301 West Bay Street
Suite 1050
Jacksonville, FL 32202
Phone: 904-791-9191
Fax: 904-791-9196

E-Mail / Website / Offices

ALL SERVICE OF PLEADINGS ARE TO BE SENT TO THE FOLLOWING E-MAIL ADDRESS ONLY: LUKSJAX-Pleadings@ls-law.com

CONFIDENTIALITY NOTICE : The information contained in this e-mail is intended only for the confidential use of the recipient(s) named above. This message and its attachments are attorney-client privileged communications, work product and mental impressions of the above sender. If the reader of this message is not the intended recipient or if you have received this communication in error, you are hereby notified that you have received this in error, that you should destroy it, notify us at once and any review, dissemination or copying is strictly prohibited.

**Attachments**

- Subpoena for Depo Bellflower.pdf
- Subpoena for Depo Connell.pdf

*Ex. J3*

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:13-CV-01109-JBT

LAREESA BERMAN,

     Plaintiff,

v.

THOMAS A. KAFKA,

     Defendant.

_____/

## AMENDED NOTICE OF TAKING DEPOSITION DUCES TECUM
### *(AS TO LOCATION ONLY)*

TO:   James W. Bellflower
       Agency for Workforce Innovation
       Office of the General Counsel
       107 East Madison Street, Suite 110
       Tallahassee, FL 32399

**PLEASE TAKE NOTICE** that the undersigned attorneys will take the depositions of:

| Witness | Time/Date | Location |
|---|---|---|
| James W. Bellflower | 10:30 a.m. Tuesday, April 29, 2014 | **Florida Department of Economic Opportunity Office of the General Counsel 107 E. Madison Street, MSC 110 Tallahassee, FL 32399** |

upon oral examination before Accurate Stenotype Reporters, Notary Public, or any other Notary

Public or officer authorized by law to take depositions in the State of Florida. The oral

examination will continue from day to day until completed.  **Parties appearing telephonically may call in at (850) 245-7150.**

**\* Please Advise If An Interpreter is Necessary.**

The witnesses are hereby required to produce those documents and things which are the subject matter of the Subpoena Duces Tecum attached hereto and incorporated by reference herein as a part hereof, pursuant to the Federal Rules of Civil Procedure: See attached **Schedule "A"**.

The depositions are being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under Rule 30 of the Federal Rules of Civil Procedure.

## CERTIFICATE OF SERVICE

We hereby certify that on April 15, 2014, a true and correct copy of the foregoing was sent via Electronic Mail and U.S. Mail to the following:  Laressa Berman, 303 Augusta Circle, St. Augustine, Florida 32086.

/s/ Todd T. Springer
Todd T. Springer, Esq.
Fla. Bar No. 178410
tspringer@ls-law.com
Luks, Santaniello, Petrillo & Jones
301 W. Bay Street, Suite 1050
Jacksonville. Florida 32202
Telephone: (904) 791-9191
**Facsimile: (904) 791-9196**
Luksjax-pleadings@ls-law.com

Paul S. Jones, Esq.
Fla. Bar No. 149550
psj@ls-law.com
Luks, Santaniello, Petrillo & Jones
255 South Orange Avenue, Suite 750
Orlando, Florida 32801
Telephone: (407) 540-9170

TRV-17995J/CP 177 /DJS:ddc

## SCHEDULE "A"

1.      Any and all documents and correspondence received by you from any of the parties involved in Docket Number 2009-170950U, Claimant, Christopher A. Berman vs. Employer, Maitland Furniture, Inc.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:13-CV-01109-JBT

LAREESA BERMAN,

     Plaintiff,

v.

THOMAS A. KAFKA,

     Defendant.

_____/

## AMENDED NOTICE OF TAKING DEPOSITION DUCES TECUM
### (AS TO LOCATION ONLY)

TO:    Janice Connell
       Department of Economic Opportunity
       Benefit Payment Control
       1317 Winewood Blvd., Building #6
       Tallahassee, FL  32399

**PLEASE TAKE NOTICE** that the undersigned attorneys will take the depositions of:

| Witness | Time/Date | Location |
|---|---|---|
| **Janice Connell** | **1:00 pm**<br>**Tuesday, April 29, 2014** | **Florida Department of Economic Opportunity**<br>**Office of the General Counsel**<br>**107 E. Madison Street, MSC 110**<br>**Tallahassee, FL 32399** |

upon oral examination before Accurate Stenotype Reporters, Notary Public, or any other Notary

Public or officer authorized by law to take depositions in the State of Florida.   The oral

examination will continue from day to day until completed.  **Parties appearing telephonically may call in at (850) 245-7150.**

### * Please Advise If An Interpreter is Necessary.

The witnesses are hereby required to produce those documents and things which are the subject matter of the Subpoena Duces Tecum attached hereto and incorporated by reference herein as a part hereof, pursuant to the Federal Rules of Civil Procedure: See attached **Schedule "A"**.

The depositions are being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under Rule 30 of the Federal Rules of Civil Procedure.

## CERTIFICATE OF SERVICE

We hereby certify that on April 15, 2014, a true and correct copy of the foregoing was sent via Electronic Mail and U.S. Mail to the following:  Laressa Berman, 303 Augusta Circle, St. Augustine, Florida 32086.

/s/ Todd T. Springer
Todd T. Springer, Esq.
Fla. Bar No. 178410
tspringer@ls-law.com
Luks, Santaniello, Petrillo & Jones
301 W. Bay Street, Suite 1050
Jacksonville, Florida 32202
Telephone:  (904) 791-9191
Facsimile:  (904) 791-9196
Luksjax-pleadings@ls-law.com

Paul S. Jones, Esq.
Fla. Bar No. 149550
psj@ls-law.com
Luks, Santaniello, Petrillo & Jones
255 South Orange Avenue, Suite 750
Orlando, Florida 32801
Telephone: (407) 540-9170

TRV-17995J/CP 176/DJS:ddc

## SCHEDULE "A"

1.    Any and all documents and correspondence received by you from any of the parties involved in Docket Number 2009-170950U, Claimant, Christopher A. Berman vs. Employer, Maitland Furniture, Inc., or sent by you to these parties.

# Berman, Lareesa vs. Thomas A. Kafka EZK8321:

**From:**  "Todd T. Springer" <TSpringer@ls-law.com>
**To:**    "'L. B.'" <polyet@usa.com>
**Date:**  May 12, 2014 3:52:08 PM

Attached are the subpoenas served on Bellflower and Connell. It looks like they were not subpoena duces tecums. Rather, as you will see from the Notice of Taking Depositions in your possession, we attached an Exhibit A to the Notice asking they bring documents. Mr. Bellflower did not bring any documents to the deposition. As a result, I showed him documents I received in response to our subpoena to the Agency for Workforce Innovation which a copy was also provided to you.

Please be advised that I do not believe you have a good faith basis to try and somehow quash the depositions. I will provide copies of the returns of service in another e-mail.

**Todd T. Springer**
Attorney at Law
**Luks, Santaniello,**
**Petrillo & Jones**
301 West Bay Street
Suite 1050
Jacksonville, FL 32202
Phone: 904-791-9191
Fax: 904-791-9196

E-Mail / Website / Offices

**ALL SERVICE OF PLEADINGS ARE TO BE SENT TO THE FOLLOWING E-MAIL ADDRESS ONLY:** LUKSJAX-Pleadings@ls-law.com

**CONFIDENTIALITY NOTICE :**  The information contained in this e-mail is intended only for the confidential use of the recipient(s) named above. This message and its attachments are attorney-client privileged communications, work product and mental impressions of the above sender. If the reader of this message is not the intended recipient or if you have received this communication in error, you are hereby notified that you have received this in error, that you should destroy it, notify us at once and any review, dissemination or copying is strictly prohibited.

**Attachments**

- Subpoena for Depo Bellflower.pdf
- Subpoena for Depo Connell.pdf

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:13-CV-01109-JBT

LAREESA BERMAN,

     Plaintiff,

v.

THOMAS A. KAFKA,

     Defendant.

_____/

## SUBPOENA FOR DEPOSITION

**THE STATE OF FLORIDA**

    **TO:**    James W. Bellflower
           Office of the General Counsel
           107 East Madison Street, Suite 110
           Tallahassee, FL  32399-4128

    **YOU ARE HEREBY COMMANDED** to appear before a person authorized by law to take depositions at the offices of  Accurate Stenotype Reporters/Magna Affiliate, 2894A Remington Green Lane, Tallahassee, FL 32308, on Tuesday, April 29, 2014, at 10:30 a.m.  for the taking of your deposition.

    If you fail to appear, you may be in contempt of Court.

    You are subpoenaed by the attorney whose name appears on this subpoena and which subpoena is in effect up to and including the date this cause has been concluded and unless excused from this subpoena by the attorney or the Court, you shall respond to this subpoena as directed.

DATED: March 21, 2014.


/s/ Todd T. Springer
Todd T. Springer, Esq.
Fla. Bar No. 178410
tspringer@ls-law.com
Luks, Santaniello, Petrillo & Jones
301 W. Bay Street, Suite 1050
Jacksonville, Florida 32202
Telephone:  (904) 791-9191
Facsimile:  (904) 791-9196
Luksjax-pleadings@ls-law.com

Paul S. Jones, Esq.
Fla. Bar No. 149550
psj@ls-law.com
Luks, Santaniello, Petrillo & Jones
255 South Orange Avenue, Suite 750
Orlando, Florida 32801
Telephone: (407) 540-9170


TRV-17995J/CP 92/DJS:ddc

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:  3:13-CV-01109-JBT

LAREESA BERMAN,

     Plaintiff,

v.

THOMAS A. KAFKA,

     Defendant.

_____/

## <u>SUBPOENA FOR DEPOSITION</u>

**THE STATE OF FLORIDA**

TO:    Janice Connell
        Department of Economic Opportunity
        Benefit Payment Control
        1317 Winewood Blvd., Building #6
        Tallahassee, FL  32399

**YOU ARE HEREBY COMMANDED** to appear before a person authorized by law to take depositions at the offices of Accurate Stenotype Reporters/Magna Affiliate, 2894A Remington Green Lane, Tallahassee, FL 32308, on **Tuesday, April 29, 2014, at 1:00 p.m**. for the taking of your deposition.

If you fail to appear, you may be in contempt of Court.

You are subpoenaed by the attorney whose name appears on this subpoena and which subpoena is in effect up to and including the date this cause has been concluded and unless excused from this subpoena by the attorney or the Court, you shall respond to this subpoena as directed.

DATED: April 4, 2014.

/s/ Todd T. Springer
Todd T. Springer, Esq.
Fla. Bar No. 178410
tspringer@ls-law.com
Luks, Santaniello, Petrillo & Jones
301 W. Bay Street, Suite 1050
Jacksonville, Florida 32202
Telephone: (904) 791-9191
Facsimile: (904) 791-9196
Luksjax-pleadings@ls-law.com

Paul S. Jones, Esq.
Fla. Bar No. 149550
psj@ls-law.com
Luks, Santaniello, Petrillo & Jones
255 South Orange Avenue, Suite 750
Orlando, Florida 32801
Telephone: (407) 540-9170

TRV-17995J/CP 93/DJS:ddc

**mail.com**

*Ex. X*

# RE: Berman, Lareesa vs. Thomas A. Kafka EZK8321: Nonparty deposition

| | |
|---|---|
| **From:** | "Todd T. Springer" <TSpringer@ls-law.com> |
| **To:** | "'L. B.'" <polyet@usa.com> |
| **Date:** | May 19, 2014 3:13:32 PM |

Ms. Berman,

Since you will not provide me with a date prior to discovery cut-off within which to depose your husband, I will be moving to extend the discovery cut-off deadline for the sole purpose of obtaining his deposition. This can be avoided if you are available on the dates I previously proposed of May 26, 27, 28 or 30th. If not, please let me know if you have an Objection to my Motion pursuant to Local Rule 3.01(g).

With regard to the depositions of Connell and Bellflower, they were deposed in their individual capacity as persons who received correspondence regarding this lawsuit.

I have no idea how Mr. Vukelja was paid or if he was.

---

**Todd T. Springer**
Attorney at Law
**Luks, Santaniello,**
**Petrillo & Jones**
301 West Bay Street
Suite 1050
Jacksonville, FL 32202
Phone: 904-791-9191
Fax: 904-791-9196

**E-Mail / Website / Offices**

CONFIDENTIALITY NOTICE : The information contained in this e-mail is intended only for the confidential use of the recipient(s) named above. This message and its attachments are attorney-client privileged communications, work product and mental impressions of the above sender. If the reader of this message is not the intended recipient or if you have received this communication in error, you are hereby notified that you have received this in error, that you should destroy it, notify us at once and any review, dissemination or copying is strictly prohibited.

---

**From:** L. B. [mailto:polyet@usa.com]
**Sent:** Monday, May 19, 2014 12:22 AM
**To:** Todd T. Springer
**Subject:** RE: Berman, Lareesa vs. Thomas A. Kafka EZK8321: Nonparty deposition

Mr. Springer,


So, you agree with me that the nonparty subpoena was improperly served.