UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAREESA BERMAN,

       Plaintiff,

v.                                                                   CASE NO. 3:13-cv-1109-J-JBT

THOMAS A. KAFKA,

       Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Strike Improperly Obtained Documents and/or Rule Such Documents as Inadmissible ("Motion to Strike Documents") (Doc. 64), Motion to Strike and/or Exclude Deposition Testimony of James Bellflower and Janice Connell as Inadmissible ("Motion to Strike Depositions") (Doc. 65), Motion for Sanctions for Deposition Misconduct ("Motion for Sanctions") (Doc. 66), and Defendant's Responses thereto (Docs. 75, 76, & 74, respectively). For the reasons set forth herein, the Motions are due to be **DENIED**.

The instant Motions largely seek drastic sanctions, including the exclusion of evidence, based on what are, at most, minor technical flaws in discovery which could and should have been raised at the time they occurred. *See Baratta v. City of Largo*, Case No. 8:01-cv-1894-T-EAJ, 2003 WL 25686843, at *2 (M.D. Fla. Mar. 18, 2003) ("The decision to exclude evidence is a drastic sanction.") However, rather than raising timely objections based on the alleged deficiencies, Plaintiff allowed the discovery at issue to be completed without incident. Having learned what evidence

exists, Plaintiff now seeks to exclude that evidence by raising technical objections for the first time. Most of these objections have been waived. In short, the Motions have no merit.

I. **Motion to Strike Documents**[1]

Plaintiff seeks to strike all documents obtained by Defendant through allegedly improper subpoenas issued to Yonkers Racing Corporation, Hudson Valley Bank, and Workforce Innovations. (Doc. 64.) First, Plaintiff argues that the subpoenas are improper because they were issued from this Court and not from the district court where the production was to be made. (*Id.* at 1–2.) However, Federal Rule of Civil Procedure 45(a)(2), as amended on December 1, 2013, clearly states that "[a] subpoena must issue from the court where the action is pending." Because the subject subpoenas were issued on March 19, 2014 (*id.* at 8–15), the subpoenas were properly issued from this Court.

Next, Plaintiff argues that the subpoena to Hudson Valley Bank is improper because the bank was not included in Plaintiff's Initial Disclosures, and the checks received from the bank are not relevant. (*Id.* at 2.) Plaintiff can make relevancy objections at trial. Moreover, the checks received from Hudson Valley Bank, which were made payable to Chris Berman c/o Trifecta Gaming USA, Inc. and contain

---

[1] In her Notice of Withdrawal (Doc. 79), Plaintiff seeks to withdraw this Motion "without prejudice" to refiling at a later date. The Court construes this as a motion, which will be denied. The Motion to Strike Documents has no merit and Plaintiff will not be allowed to refile it at a later date.

Plaintiff's name and alleged signature, fall squarely within section (ii) of Defendant's Second Amended Initial Disclosures. (*See* Doc. 75-3 at 6.) Section (ii) specifically lists "[c]hecks . . . regarding customer payments intended for Trifecta . . . diverted by Chris Berman and Lareesa Berman," and "[d]ocuments evidencing Chris Berman and Plaintiff's embezzlement of funds." (*Id.*)

Finally, Plaintiff argues that the subpoena to Workforce Innovation is improper because Kandra Bell was not included in Defendant's Initial Disclosures. However, Kandra Bell is simply the records custodian for Workforce Innovation, which was included. (*Id.* at 5.) Therefore, this Motion will be denied.

## II.   Motion to Strike Depositions

As in her Motion to Strike Documents, Plaintiff first argues that the deposition testimony of James Bellflower and Janice Connell should be stricken because the subpoenas were issued from the wrong district. (Doc. 65 at 3–4.) However, as discussed above, this argument fails because the subpoenas were properly issued from this Court after December 1, 2013 (*see id.* at 30–33). Fed. R. Civ. P. 45(a)(2). Next, Plaintiff argues that although it is unclear whether the deponents testified personally or as corporate representatives, the subpoenas were improperly served either way because they failed to comply with Rule 30(b)(6) and failed to include the required mileage and fee checks pursuant to Rule 45. (*Id.* at 4–5.) Defendant contends that the depositions were personal, and Plaintiff has made no showing to the contrary. Therefore, Rule 30(b)(6) does not apply. Additionally, even if Plaintiff

has standing to challenge Defendant's failure to include the required mileage and fee checks, this argument has been waived because the depositions have already occurred. See Fed. R. Civ. P. 32(d)(1) & (3)(B).

Finally, Plaintiff argues that she was "unable to cross-examine the deponents with respect to critical documents" because, although Defendant noticed the depositions *duces tecum*, he did not issue the actual subpoenas *duces tecum*. (*Id.* at 2–3.) Therefore, the deponents did not bring documents to their depositions when Plaintiff believed that they would. (*Id.*) Defendant concedes this error. (Doc. 76 at 8.) However, he argues that Plaintiff suffered no resulting prejudice. Specifically, Defendant asserts that he provided Plaintiff with all documents received from the Florida Department of Economic Opportunity prior to the depositions. (Doc. 76-3.) It also appears that Defendant provided Plaintiff with a copy of all documents he intended to use at the depositions beforehand. (Doc. 76-4.) Additionally, Plaintiff has failed to point to any specific instances where she could not obtain information as a result of either deponent not possessing documents encompassed in the notices of depositions *duces tecum*. Plaintiff has thus failed to show that she suffered any prejudice in this regard. Moreover, this argument has also been waived. See Fed. R. Civ. P. 32(d)(1) & (3)(B). Therefore, this Motion will be denied.

### III.   Motion for Sanctions

Plaintiff requests that Defendant be ordered to reimburse her for the cost of Defendant's deposition as a sanction for misconduct during the deposition. (Doc.

66.) First, Plaintiff argues that the presence of Defendant's personal counsel, David Vukelja, was disruptive. (*Id.* at 1–3.) Specifically, Plaintiff asserts that Defendant failed to inform her that Mr. Vukelja would be present, that Mr. Vukelja and Defendant's current counsel whispered to one another during the deposition, and that Mr. Vukelja requested a break during the deposition. (*Id.*) However, Plaintiff has failed to show that any of this seemingly appropriate conduct "impede[d], delay[ed], or frustrate[d] the fair examination of the deponent" as required by Federal Rule of Civil Procedure 30(d). Plaintiff has failed to cite any specific examples of how the alleged whispering materially affected the deposition. Additionally, one short break during a two hour and forty minute deposition is reasonable, regardless of who requests it. (*See* Doc. 74-1.) Moreover, the bulk of this argument has been waived. *See* Fed. R. Civ. P. 32(d)(3)(B).

Next, Plaintiff argues that Defendant's current counsel disrupted the deposition by making numerous objections and instructing Defendant not to answer certain questions. (Doc. 66 at 2, 5.) However, Plaintiff has failed to cite any specific examples of objections she deems excessive or instructions she deems disruptive. Plaintiff has thus failed to show that Mr. Vukelja's presence or Defendant's counsel's conduct during Defendant's deposition warrants Rule 37(d) sanctions. Therefore, this Motion will be denied.

Accordingly, it is **ORDERED**:

The Motion to Strike Documents (**Doc. 64**), the Motion to Strike Depositions

(**Doc. 65**), the Motion for Sanctions (**Doc. 66**), and the Notice of Withdrawal (construed as a Motion) (**Doc. 79**) are **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on June 19, 2014.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Pro Se Party

Counsel of Record