UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAREESA BERMAN,

    Plaintiff,

v.     CASE NO. 3:13-cv-1109-J-JBT

THOMAS A. KAFKA,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Second Set of Interrogatories and Third Request for Admissions ("Motion to Compel") (Doc. 82) and Emergency Motion for Leave to Depose Defendant Thomas Kafka ("Motion to Depose") (Doc. 83), and Defendant's Responses thereto (Docs. 85 & 87, respectively).[1]  For the reasons set forth herein, the Motions are due to be **DENIED**, and Plaintiff shall **SHOW CAUSE** why reasonable expenses should not be awarded.

    **I.**    **Motion to Compel**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of

---

[1] Plaintiff has also filed a Motion to File a Reply (Doc. 94) to Plaintiff's Response to the Motion to Depose. The Court has considered Plaintiff's request and finds that a reply is not necessary. Therefore, this Motion will be denied.

admissible evidence." Fed. R. Civ. P. 26(b)(1). "Generally, the party resisting discovery bears the burden of demonstrating that the requested discovery falls outside the scope of relevancy under Rule 26." *S.E.C v. BankAtlantic Bancorp, Inc.*, 285 F.R.D. 661, 666 (S.D. Fla. 2012). "When the relevancy of information sought cannot be discerned from a review of the discovery request, however, the party seeking to compel responses must demonstrate relevancy." *Id.*

As a preliminary matter, the Court cannot discern the relevancy of the information sought from the subject interrogatories or requests for admissions themselves. Therefore, Plaintiff has the burden to demonstrate relevancy. *Id.*

### A. Request for Admission No. 6 and Interrogatory No. 3

Plaintiff seeks to discover why Defendant allegedly "did not inform or communicate [his] 'proof' of embezzlement to Plaintiff." (Doc. 82 at 4, 8.) Defendant objects primarily on relevancy grounds. (*Id.*) Citing no authority, Plaintiff argues that the requested information is relevant to the defense of truth because, "if Defendant ever had the 'proof' that he claims to have, he would of course have to confront the Plaintiff with such proof." (*Id.* at 4.) Plaintiff's argument has no merit. The evidence upon which Defendant intends to rely was disclosed during discovery. He was not required to "confront" Plaintiff with any evidence prior to defending this action. Therefore, Defendant need not respond further to Request for Admission No. 6 or Interrogatory No. 3.

### B.     Request for Admission No. 7 and Interrogatory No. 1

Plaintiff seeks to discover the "investigation methods, investigators, and/or agencies" used by Defendant to "'prove[]' Plaintiff had embezzled money." (*Id.* at 5, 8.) Plaintiff concedes that Defendant's answers to the request and the interrogatory are sufficient, but she seeks to eliminate Defendant's concurrent objections regarding vagueness. (*Id.*)  However, Plaintiff received the requested information, and Defendant's objections are reasonable given the vague nature of both the request and the interrogatory.  Therefore, Defendant's objections to Request for Admission No. 7 and Interrogatory No. 1 stand.

### C.     Request for Admission No. 10

Plaintiff seeks to establish that Defendant "did not file a brief as is required by 60BB-7.004 . . . to appeal the decision found in favor of Plaintiff's husband with the commission." (*Id.* at 6.)  Defendant objects primarily on relevancy grounds.  (*Id.*) Citing no authority, Plaintiff argues that this request is relevant to Defendant's privilege defense because "[f]ailing to abide by the requirements of 60BB-7.004 renders all communication with the UAC and the Florida Department of Economic Development as *ex parte* and not protected by privilege." (*Id.* at 7.)  However, as quoted by Plaintiff, the plain language of 60BB-7.004 is permissive and allows, but does not require, any party to file a brief.  (*See id.*)  Therefore, it appears that Defendant was not required to file a brief in order to initiate or maintain the proceedings giving rise to his defense of privilege.  Because Plaintiff has failed to

demonstrate that the request is relevant, Defendant need not respond further to Request for Admission No. 10.

## II. Motion to Depose

Federal Rule of Civil Procedure 30(a)(2) provides that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2) . . . if the parties have not stipulated to the deposition and . . . the deponent has already been deposed in the case." Rule 26(b)(2) provides:

> [T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

"The burden of the proposed discovery outweighs its likely benefit [when] the proposed depositions are not relevant to the subject matter" of the litigation. *Siegel v. Truett-McConnell College, Inc.*, 13 F. Supp. 2d 1335, 1338 (N.D. Ga. 1994). Regardless, "[t]he availability of a second deposition . . . is left to the sound discretion of [the district court]." *Peacock v. Merrill*, Case No. CA 05-0377-BH-C, 2008 WL 509636, at *2 (S.D. Ala. Feb. 22, 2008).

Plaintiff argues that a second deposition of Defendant is necessary to ask him

how he allegedly opened a bank account for a business prior to its incorporation. (Doc. 83 at 1–3.) Plaintiff asserts that this constitutes bank fraud, violates the Patriot Act, and shows Defendant's intent to defraud Plaintiff's husband. (*Id.* at 2, 6.) Citing no legal authority, Plaintiff contends that this "fraud on the part of Defendant . . . would invalidate Defendant's defense of [truth]." (*Id.* at 2.)

Whether Defendant opened a bank account for a business before the business was incorporated is not at all relevant to the defense of truth, i.e., whether Plaintiff embezzled money from Defendant's company. Therefore, a detailed discussion of the factors set forth in Rule 26(b)(2)(iii) is not necessary because the burden of a second deposition outweighs its likely benefit when the information sought is irrelevant. *See Siegel*, 13 F. Supp. 2d at 1338. Thus, Plaintiff's Motion to Depose is due to be denied. *See* Fed. R. Civ. P. 26(b)(2)(iii).

**III. Expenses**

When a motion to compel is denied, a court "must, after giving an opportunity to be heard, require the movant . . . to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees . . . . [unless] the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Therefore, on or before August 8, 2014, Plaintiff shall show cause in writing why she should not be ordered to pay Defendant's reasonable expenses, including attorneys' fees, incurred in

opposing the Motion to Compel and Motion to Depose.[2]

Accordingly, it is **ORDERED**:

1. The Motion to Compel (**Doc. 82**), Motion to Depose (**Doc. 83**), and Motion to File a Reply (**Doc. 94**) are **DENIED**.

2. **On or before August 8, 2014**, Plaintiff shall **SHOW CAUSE** in writing why she should not be ordered to pay Defendant's reasonable expenses, including attorneys' fees, incurred in opposing the Motion to Compel and Motion to Depose.

**DONE AND ORDERED** at Jacksonville, Florida, on July 25, 2014.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Pro Se Party

Counsel of Record

---

[2] The Motion to Depose is considered a motion to compel for purposes of Rule 37(a)(5)(B).