FILED
2014 OCT 16 PM 1: 35

CL...
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

# United States District Court
## Middle District of Florida
## Jacksonville Division

Lareesa Berman – *pro se*

      Plaintiff

v.                                             Case No.3:13-cv-01109-J-JBT

Thomas A. Kafka,

      Defendant
_____/

**PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING DEFENDANT'S MOTION TO COMPEL DEPOSITION TESTIMONY AND FOR SANCTIONS**

PLAINTIFF LAREESA BERMAN respectfully asks this Court to summarily deny Defendant's 54(b) motion for the reconsideration. Plaintiff states that Defendant's counsel should not be rewarded for continuing to disregard and not to follow the requirements of the Federal Rules of Civil Procedure. The order by this Court denying Defendant's Motion to Compel should be final in light of the fact that any alleged filings to Plaintiff's husband were untimely on July 16, 2014. Discovery had closed the day before, on July 15, 2014. Defendant's counsel misstates Rule 54(b) cited as a motion for reconsideration, when Rule 54(b) pertains to multiple claims and multiple parties. There is only one claim here—that of libel per se—and only two parties, Defendant Kafka and myself. Plaintiff's husband is not a party to this action.[1]

---

[1] 54(b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, cross-claim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

1

Counsel for Defendant Kafka is a member of a law firm and a licensed attorney, and presumably familiar with the requirements of a U.S. District Court. Defendant's counsel has failed on two occasions to include a witness fee and mileage **(See Exhibit A- Sworn Affidavit)** and produced numerous amended Initial Disclosures instead of supplementing his Initial Disclosures as required by Rule 26(e)(1). Defendant's counsel has acted in bad faith, as he has failed to confer with Plaintiff as is required by Local Rule 3.01(g).

Defendant's Motion for Reconsideration is unwarranted. Plaintiff Berman is the pro-se litigant here, not Defendant Kafka, who is represented by the insurance carrier's attorney and his personal attorney, David Vukelja. The Court cannot be expected to continuously overlook the errors made by Defendant's counsel.

Defendant is attempting to obtain responses to questions from an unemployment hearing transcript that, although vacated, is still under the jurisdiction of Fla. S. 443.1715. According to Fla. S. 443.1715, this is prohibited by law and would result in subjecting Defendant's counsel and his client (who supplied the vacated hearing transcript) to a second degree misdemeanor.[2] Furthermore, as per the Rules of Evidence, Rule 408, Defendant cannot use this document (the vacated unemployment transcript of May 27, 2009) as it is part of a sealed settlement agreement.[3]

---

[2] "The confidential information [of the unemployment hearing of 5/27/09] is available only to public employees in the performance of their public duties. Except as otherwise provided by law, public employees receiving this information must maintain the confidentiality of this information. ... A person receiving confidential information who violates this subsection commits a misdemeanor of the second degree, punishable in s. 775.082 or 775.083."

[3] **408(a) Prohibited Uses.** Evidence of the following is not admissible — on behalf of any party — either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction.

The nonparty, Plaintiff's husband, was improperly served for his deposition according to Fed. Rules of Civ. P. Rule 45, with Defendant's counsel failing to attach a mileage fee and a witness fee to the subpoena, but in the interest of moving the case forward, Plaintiff's husband appeared voluntarily at the deposition of May 16, 2014, and stated so on the record. As such, a nonparty witness married to a party in the dispute and who has appeared voluntarily cannot be compelled to testify, as such testimony is barred by Spousal Privilege, Fla. S. 90.504, and such reconsideration of the Court's Order is a waste of the Court's time and resources. Furthermore, if Defendant's defense of his libelous comments is "truth," he should already have all the proof he needs to establish a defense of "truth," not now—three years later—attempting to locate such "proof," which does not exist. Defendant has already asserted in his libelous statement as a fact that he "proved" Defendant had committed a criminal offence; the burden of proof rests with Defendant.

All correspondence and communication by Defendant pertained to Maitland Furniture, Inc., not Trifecta Gaming USA, Inc. This new defense by Kafka, that he really meant to say Trifecta Gaming, was never raised in Defendant's answers or affirmative defenses, and under Fed Rule of Civ. P. 8(c), Defendant has waived his right to assert it as a defense now. Depositing Plaintiff's husband in an attempt to support this new and improperly made defense will not constitute "truth" for Defendant. Discovery over the past months has revealed that Defendant Kafka never had any such proof, and this exercise in futility by Defendant should be summarily denied.

3

## MEMORANDUM OF LAW

A motion to reconsider a judgment "must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Fidelity & Deposit of Maryland v. Am. Consertech, Inc.*, 2008 WL 4080270, at *1 (S.D. Ala. Aug. 28, 2008) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993)). Courts have generally recognized three grounds justifying reconsideration of an order: (1) an intervening change in the law, (2) the availability of new evidence, and (3) the need to correct a clear error or manifest injustice. Defendant has shown no convincing reason to the Court for reconsideration of its Order. The claim of "error" by Defendant is not the Court's error, but that of Defendant's counsel caused by his unfamiliarity with the Federal Rules of Civil Procedure. Defendant has stated no compelling reason, no change in the law, and no new evidence that would warrant such reconsideration by the Court. "Motions to alter or amend judgment may be granted if there is clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). There is no manifest injustice when any "error" is on the part of Defendant's counsel, and not the Court's.

A motion for reconsideration is unwarranted as no error has occurred on the part of the Court. See, *School Dist. No. 1J, Multnomah County v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Hydranautics v. Film Tec Corp.*, 306 F. Supp. 2d 958, 968 (S.D.Cal. 2003). Ultimately, the decision on a motion for reconsideration lies at the Court's sound discretion. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir.2003) (citing *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir.2000)).

"The Second Circuit, like other courts, has limited district courts' reconsideration of earlier decisions under Rule 54(b) 'by treating those decisions as law of the case, which gives a district court discretion to revisit earlier rulings in the same case, subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Official Comm. of Unsecured Creditors v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003).

Defendant did not submit an affidavit or certified statement with his motion. Defendant has not offered the Court new facts or circumstances that were not presented in the prior Motion to Compel. The citation of *Sussman v. Saxon* by Defendant is misplaced and unconvincing, and does not apply to this case. In fact, Defendant's citation of this case actually supports Plaintiff, as the decision was NOT to reconsider the Court's order/decision in that case, and the Motion for Reconsideration was denied. Defendant's counsel is under the misunderstanding of the term "error." For a reconsideration of a Court's Order, the error has to have been the Court's, not Defendant's counsel's error.

The citation by Defendant of *Inetianbor v. CashCall*, used as Defendant's "Memorandum of Law," is incorrect. That case, dealing with unscrupulous usury, involved a motion to compel arbitration between the parties. It is improper for the Defendant to attempt to use this citation as a reason for granting reconsideration for failure to follow Federal Rules of Civil Procedure by Defendant's counsel.

Service of Notice of Filing Documents to Plaintiff's husband was never received. **(See Exhibit B the nonparty's Sworn Affidavit).** The package was addressed to Plaintiff, and not to Plaintiff's husband. A Certificate of Service, dated July 16, 2014,

lists the Plaintiff and the nonparty on the same certificate and is improper. Plaintiff is not required to hand-deliver Defendant's "Notice of Filing Documents" to the nonparty. Plaintiff is not Defendant's courier service. However, this is a moot point. <u>The Certificate of Service date on *Exhibit A* of Defendant's Motion for Reconsideration is July 16, 2014</u>, one day after the close of discovery. Discovery had closed on July 15, 2014. Regardless of the fact that Defendant's counsel had mistakenly sent the "Notice of Filing Documents" to Plaintiff instead of Plaintiff's husband, the Court is not obliged to "cover" for a counsel who is not familiar with the requirements of the Federal Rules of Civil Procedure. Plaintiff was confused as to why Defendant's counsel would have sent her two identical sets of documents, with certificates of service that were one-day apart (July 15, and July 16, 2014). Furthermore, Plaintiff had no indication that anything was sent to her husband by Defendant's counsel.

The revised scheduling Order by the Honorable Judge Toomey states: "Discovery is extended to July 15, 2014." This does not mean if Defendant's counsel failed to follow the Federal Rules of Civil Procedure, he should be granted a "do over" and given an extra day.

### Discovery Deadline

**Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline.**

In *JOSELIN ESPINAL v. PROFESSIONAL RECOVERY SERVICES, INC.*, Middle District of Florida, Case No. 3:10-cv-131-J-32TEM, the Court stated, "The Court noted there is insufficient compliance with Local Rule 3.01(g) of the United States

District Court, Middle District of Florida, and Plaintiff filed the motion after the expiration of the discovery period." Adding to this, the Court stated, "All counsel are expected to be familiar with and comply with all applicable rules of this Court." "When a motion is filed after a scheduling order has been entered, Rule 16(b) applies. See *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417 (11th Cir. 1998) (per curium). Rule16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16. The Eleventh Circuit guidelines that "motions filed after a deadline imposed by a court should be denied as untimely". *Payne v. Ryder System, Inc. Long Term Disability Plan*, 173 F.R.D. 537(M.D. Fla. 1997)."


**Defendant has failed to confer with Plaintiff in his filing of the 54(b) motion**

Defendant's Counsel failed to confer with Plaintiff in accordance with Rule 3.01(g) with his Motion for Reconsideration. Defendant's Counsel along with failing to speak to Plaintiff by telephone had not even offered the courtesy of an e-mail. See *Lippy v. Metropolitan Casualty Ins. Co.*, No. 3:10-CV-727-J-34MCR, 2010 WL 4007035, *1 (M.D. Fla. Oct. 13,2010) (denying the defendant's motion to compel for failure to confer either in person or by phone under Local Rule 3.01(g)); *O'Rear v. Greenwich Ins. Co.*, No. 8:09-cv-1903-T-26TGW, 2010 WL 2869475, *1 (M.D. Fla. Jul. 21, 2010). The Middle District Discovery Handbook provides: Local Rule 3.01(g), requiring certification of a good faith conference before any discovery motion is filed, is strictly enforced. Many potential discovery disputes are resolved (or the differences narrowed or clarified) when counsel confer in good faith.

## CONCLUSION

- Rule 54(b) is not the proper Federal Rule of Civil Procedure for this motion.
- No change in law or new evidence was presented.
- Defendant's case citations do not support his motion.
- The error was by Defendant's Counsel, not by the Court.
- The certificate of service date is after the close of discovery.
- Notice of Filing Documents to the Court was addressed to Plaintiff, not to the nonparty.
- Plaintiff is not required to hand deliver court documents sent to her by Defendant to the nonparty.
- Defendant has failed to attach an affidavit detailing evidence necessary to satisfy the evidentiary standard required for reconsideration of the Court's order.
- The nonparty voluntarily appeared to be deposed, as the subpoena to testify was improper: failing to attach mileage and a witness fee.
- Defendant failed to confer in good faith with Plaintiff (Local Rule 3.01(g)) before filing his motion for reconsideration.

For the foregoing reasons, Plaintiff Lareesa Berman respectfully asks this Court to deny Defendant's Motion for Reconsideration of the Order Denying Defendant's Motion to Compel Deposition Testimony and for Sanctions.

## **CERTIFICATE OF SERVICE**

Respectfully submitted by<br>
Lareesa Berman<br>
303 Augusta Circle<br>
St. Augustine, Fl 32086<br>
<br>
_____

I hereby certify that a true and correct copy of the foregoing was sent on the date set forth below. Dated: October 15, 2014, and sent by US mail to Todd Springer, the undersigned counsel, 301 West Bay St. Suite 1050, Jacksonville, FL 32202.

# SWORN AFFIDAVIT

I swear under penalty of perjury that when served by subpoena on July 4, 2014, to appear at my deposition scheduled for July 10, 2014, that I had received no prior notice of deposition and that a witness fee and mileage was not attached to the subpoena that was served personally to me on July 4, 2014. I also swear that I chose to appear at the deposition of July 10, 2014, voluntarily and stated so on the official record.

Christopher A. Berman  *[signature]*

Christopher Berman, who is personally known to me, appeared before me on the date of 10/15/14, as affirmed the above information was true and correct to the best of his knowledge.

Signed this day of October 15, 2014, in St. Johns County, Fl.

*[signature]*

My commission expires 2/12/2015

> NOELLE KIMBALL
> Notary Public - State of Florida
> My Comm. Expires Feb 12, 2015
> Commission # EE 57643

A

# SWORN AFFIDAVIT

I swear under penalty of perjury that the "Notice of Filing Documents with the Court," allegedly claimed to have been sent by Thomas Kafka's attorney, Todd Springer, with a certificate of service date of July 16, 2014, was never addressed to me or mailed to me and never received by me. I was not aware they had ever been sent.

Christopher A. Berman _[signature]_

Christopher Berman, who is personally known to me, appeared before me on the date of 10/15/2014, as affirmed the above information was true and correct to the best of his knowledge.

Signed this day of October 15, 2014, in St, Johns County, Fl.

_[signature]_

My commission expires 2/12/2015

NOELLE KIMBALL
Notary Public - State of Florida
My Comm. Expires Feb 12, 2015
Commission # EE 57643

B