UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAREESA BERMAN,

    Plaintiff,

v.       CASE NO. 3:13-cv-1109-J-JBT

THOMAS A. KAFKA,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion for Reconsideration of Order Denying Defendant's Motion to Compel Deposition Testimony and for Sanctions ("Motion for Reconsideration") (Doc. 123) and Plaintiff's Response thereto (Doc. 126). For the reasons set forth herein, the Motion for Reconsideration is due to be **GRANTED**, the Court's Order Denying Defendant's Motion to Compel Deposition Testimony and for Sanctions (Doc. 122) is due to be **VACATED**, and Defendant's Motion to Compel Deposition Testimony and for Sanctions ("Motion to Compel") (Doc. 92) is due to be **GRANTED in part** and **DENIED in part**.

    **I.**    **Motion for Reconsideration**

In the Motion to Compel, Defendant sought to compel deposition testimony from Plaintiff's husband Chris Berman, who refused to answer certain questions while being deposed by Defendant. (Doc. 92.) The certificate of service attached to the Motion to Compel stated that Defendant served only Plaintiff with the Motion.

(*Id.* at 7.) Accordingly, the Court denied the Motion to Compel because "there [was] no indication that Mr. Berman was served with the Motion or otherwise provided notice of the same as required by Rule 37(a)(1)." (Doc. 122 at 2.) In support of the Motion for Reconsideration, Defendant cites a certificate of service, filed after the Motion to Compel, stating that both Plaintiff and Mr. Berman were served with the Motion to Compel. (Docs. 93 & 123-1.) Therefore, Defendant argues that the Court should reconsider its previous Order.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Edler*, Case No. 13-60168-CR, 2013 WL 4543695, at *1 (S.D. Fla. Aug. 27, 2013) (quotations omitted). "Only three major grounds generally justify reconsideration:  (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.* (quotations omitted). Although the error was based on Defendant's failure to file the proper certificate of service with the Motion to Compel, the Court's previous Order will be vacated because it is based on a factual error.

II. **Motion to Compel**

At his deposition, Mr. Berman refused to answer various questions regarding two checks upon which Defendant intends to rely in support of his defense of truth. (Doc. 92.) Mr. Berman refused to answer the questions because he believed the information sought was not relevant and because answering the questions may

violate an existing settlement agreement.  (*Id.* at 3–4.)

The Court has already determined that "information regarding the checks made payable to Chris Berman care of Trifecta, which contain the phrase 'Pay to Larysa Berman,' is relevant, at least for discovery purposes."  (Doc. 121 at 3.)  Moreover, the Court has reviewed the existing settlement agreement and finds that Mr. Berman answering questions regarding the subject checks would not violate the agreement.[1]  Additionally, despite being served with the Motion to Compel, Mr. Berman failed to file a response and Plaintiff's Response (Doc. 104) presents no meritorious argument for denying the relief sought by Defendant.  Therefore, Mr. Berman must appear at a second deposition and answer all of Defendant's questions related to the subject checks, including but not limited to those asked at the previous deposition.[2]

Defendant also seeks unspecified sanctions for Plaintiff's alleged misconduct during Mr. Berman's first deposition.  (Doc. 92 at 5.)  Although the Court will not impose sanctions for Plaintiff's previous conduct, she is cautioned that sanctions, including payment of Defendant's reasonable expenses and attorney's fees, will

---

[1] The sealed settlement agreement is filed in *Berman v. Trifecta Gaming USA, Inc.*, Case No. 3:10-cv-718-J-32MCR.

[2] Because Mr. Berman's refusal to answer any questions at all regarding the subject checks at his first deposition (*see* Doc. 92 at 4) rendered the asking of further questions futile, Defendant will not be limited to asking only those questions previously asked. Instead, Defendant may ask, and Mr. Berman must answer, any questions related to the subject checks.

likely be imposed if she "impedes, delays, or frustrates the fair examination" of Mr. Berman at the second deposition. *See* Fed. R. Civ. P. 30(d)(2). Additionally, Mr. Berman is advised that although he is not a party to this action, failure to fully comply with this Order may result in contempt sanctions.

Accordingly, it is **ORDERED**:

1. The Motion for Reconsideration (**Doc. 123**) is **GRANTED**.

2. The Court's Order Denying Defendant's Motion to Compel Deposition Testimony and for Sanctions (**Doc. 122**) is **VACATED**.

3. The Motion to Compel (**Doc. 92**) is **GRANTED in part** and **DENIED in part**. Mr. Berman and Plaintiff shall make themselves available for deposition **on or before October 31, 2014**, and Defendant shall depose Mr. Berman at a mutually agreeable time by that date. Mr. Berman shall answer all of Defendant's questions related to the subject checks, including but not limited to those asked at the previous deposition. Defendant's request for sanctions is denied.

**DONE AND ORDERED** at Jacksonville, Florida, on October 20, 2014.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Pro Se Party

Counsel of Record

Christopher Berman
303 Augusta Circle
St. Augustine, Florida 32086