FILED

**United States District Court**
**Middle District of Florida**
**Jacksonville Division**

2014 OCT 24 PM 1: 09

MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

Lareesa Berman – *pro se*

      Plaintiff

v.                                           Case No.3:13-cv-01109-J-JBT

Thomas A. Kafka,

      Defendant
_____/

## NONPARTY'S MOTION FOR RECONSIDERATION OF THE ORDER COMPELLING DEPOSITION TESTIMONY

NONPARTY Christopher Berman files this timely MOTION FOR RECONSIDERATION of the Court's Order, dated October 20, 2014 to compel deposition testimony. The Nonparty files this Motion for Reconsideration under the Federal Rule of Civil Procedure 54(b). Rule 54 (b) states a motion for reconsideration can be granted for (1) an intervening change in the law, (2) the availability of new evidence, and (3) the need to correct a clear error or manifest injustice. The Nonparty cites a clear error in the issuance of this Order to Compel Deposition Testimony.

1. The Nonparty had never received the documents claimed to have been sent by the attorney for Thomas Kafka.

2. The Nonparty, Christopher Berman was never served with a Motion to Compel issued by the Defendant's Attorney and states so in a

sworn affidavit (attached). The Nonparty cannot respond to a motion that he had never received.

3. The Court references a settlement agreement in a case titled *Berman v. Trifecta Gaming USA, Inc.*, in error. No such case exists. There is a case that is titled *Berman v. Thomas Kafka and Julie Kafka et al.* The Nonparty is uncertain as to how the settlement agreement applies to the improperly titled case.

4. As a nonparty, I voluntarily appeared at the deposition despite being served a subpoena that lacked either a mileage or a witness fee as is required by Rule 45.

5. The attorney for Defendant Kafka never attempted to confer with the Nonparty to resolve ant issues before filing a motion to compel.

6. This is a clear case of error and the Nonparty respectfully asks the Court to vacate the Order compelling deposition testimony.

## MEMORANDUM OF LAW

A motion to reconsider a remand order is proper "where the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, which made an error not of reasoning but of apprehension." *Calderon*, 56 F.Supp. 2d at 999 (citing *Bank of Waunake v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185,

1191 (7th Cir. 1990)) Reconsideration is warranted where the moving party can show the court "overlooked" facts or controlling law that "might reasonably be expected to alter the conclusion reached by the court." *Human Electronics, Inc. v. Emerson Radio Corp.*, 375 F. Supp. 2d 102,11(N.D.N.Y. 2004) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Defendant's attorney did not contact or confer with the Nonparty: Rule 37(a)(1) provides: (1) *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. (See *Drape v. UPS, Inc., et al,* (2:12-cv-02172) U.S. District Court, Kansas.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing MOTION FOR RECONSIDERATION was sent on the date set forth below. Dated: October 23, 2014, and sent by US first class mail to Todd Springer, the undersigned counsel, for Thomas Kafka, located at 301 West Bay St. Suite 1050, Jacksonville, FL 32202, and to Plaintiff pro se, Lareesa Berman: 303 Augusta Circle, St. Augustine, FL. 32086.

*/s/ Christopher Berman*
Christopher Berman

303 Augusta Circle
St. Augustine, FL 32086
(904)-794-5420

# SWORN AFFIDAVIT

I swear under penalty of perjury that I, Christopher Berman was never sent a Motion to Compel Deposition Testimony by Thomas Kafka's attorney, Todd Springer, and I was never informed the motion had ever been sent.

Christopher A. Berman

Christopher Berman, who is personally known to me, appeared before me on the date of Oct 23, 2014 as affirmed the above information was true and correct to the best of his knowledge.

Signed this day of October 23, 2014, in St, Johns County, Fl.

My commission expires June 2, 2017



DIANA L MURRAY
Notary Public - State of Florida
My Comm. Expires Jun 2, 2017
Commission # FF 022988