IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:  3:13-CV-01109-JBT

LAREESA BERMAN,

    Plaintiff(s),

v.

THOMAS A. KAFKA,

    Defendant.

_____/

### DEFENDANT'S OMNIBUS MOTION IN LIMINE

Defendant, THOMAS A. KAFKA, by and through undersigned counsel, pursuant to this Court's Case Management and Scheduling Order as well as the applicable Federal and Local Rules of Civil Procedure, and hereby serves this his Motion in Limine Number 1 through 10, and in support thereof would state as follows:

### Motion No. 1

Argument of the pro se party making an impermissible "golden rule" argument by encouraging the jurors to place themselves in the position or situation of the Plaintiff. National Car Rental Sys. v. Bostic, 423 So.2d 915 (Fla. 3rd DCA 1982).

### Motion No. 2

Argument of the pro se party making any statement reflecting his/her personal belief in the justness of the cause, the credibility of witnesses, or his personal knowledge of the facts in issue. Sequin v. Hauser Motor Co., 350 So.2d 1089 (Fla. 4th DCA 1977); Cohen v. Pollack, 674

1

So.2d 805 (Fla. 3rd DCA 1996); Muhammad v. Toys R' Us, Inc., 668 So. 2d 254 (Fla. 1st DCA 1996).

**Motion No. 3**

Argument of the pro se party making any statement asking the jury to send a message to the community or to acts as its conscience.  Airport Rent-A-Car, Inc. v. Lewis, 701 So.2d 893 (Fla. 4th DCA 1997); Blue Grass Shows, Inc. v. Collins, 614 So.2d 626 (Fla. 1st DCA 1993).

**Motion No. 4**

Eluding to any matter that is not relevant to the case or will not be support by the evidence, asserting personal knowledge of the facts, or stating personal opinions regarding the case or the credibility of the witnesses, all of which is contrary to Rule 4-3-4(e) of the Rules Regulating the Florida Bar.  Silva v. Nightingale, 619 So.2d 4 (Fla. 5th DCA 1993); Schreier v. Parker, 415 So.2d 794 (Fla. 3rd DCA 1982); Pippen v. Latosynski, 622 So.2d 566 (Fla. 1st DCA 1993).

**Motion No. 5**

Argument of the pro se party making any statement suggesting a witness is committing perjury or referring to any of the Defendants' witnesses as being liars.   Kaas v. Atlas Chemical Co., 623 So.2d 525 (Fla. 3rd DCA 1993); Venning v. Roe, 616 So.2d 604 (Fla. 2nd DCA 1993); Schubert v. Allstate Ins. Co., 603 So.2d 554 (Fla. 5th DCA 1992); Moore v. Taylor Concrete & Supply Co., 553 So.2d 787 (Fla. 1st DCA 1989).

**Motion No. 6**

Argument of the pro se party making any statement constituting a direct attack on opposing counsel.  Bell South Human Resources Admin., Inc. v. Colatarci, 641 So.2d 427 (Fla. 4th DCA 1994).

**Motion No. 7**

Evidence of any statement made by or on behalf of the Defendant during Court-Ordered Mediation. Florida Statute §44.102(30; Chabad House-Lubavitch of Palm Beach County, Inc. v. Banks, 602 so.2d 670 (Fla. 4th DCA 1992).

**Motion No. 8**

Evidence of any statements relating to any offers to compromise, settle or to allow a judgment to be entered, made by or on behalf of the Defendant in this action. Florida Statues §90.408 and §768.79(1); Dade County v. Clarson; 240 So.2d 828 (Fla. 3rd DCA 1970).

**Motion No. 9**

Evidence of any prior lawsuits involving the Defendant in this action.

**Motion No. 10**

Regarding each and every matter in limine granted pursuant to the Defendants' motion herein, the Defendant requests that the Court admonish counsel to avoid making the prohibited argument and to order the pro se party and each of that party's witnesses to avoid giving any unelicited testimony on matters limited by the Court's Order, and that the penalty for violation of the Court's Order can include sanctions of contempt of Court, striking testimony, exclusion of witnesses, and mistrial of the case.

WHEREFORE, Defendant, Thomas A. Kafka respectfully requests this Honorable Court enter an Order Granting his Omnibus Motions in Limine.

**CERTIFICATE OF SERVICE**

We hereby certify that on October 30, 2014, a true and correct copy of the foregoing was sent via First Class Mail to the following: Laressa Berman, 303 Augusta Circle, St. Augustine, Florida 32086.

/s/ Todd T. Springer
Todd T. Springer, Esq.
Fla. Bar No. 178410
tspringer@ls-law.com
Luks, Santaniello, Petrillo & Jones
301 W. Bay Street, Suite 1050
Jacksonville, Florida 32202
Telephone: (904) 791-9191
Luksjax-pleadings@ls-law.com

Paul S. Jones, Esq.
Fla. Bar No. 149550
psj@ls-law.com
Luks, Santaniello, Petrillo & Jones
255 South Orange Avenue, Suite 750
Orlando, Florida 32801
Telephone: (407) 540-9170