IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:  3:13-CV-01109-JBT

LAREESA BERMAN,

    Plaintiff(s),

v.

THOMAS A. KAFKA,

    Defendant.

_____/

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING ALLEGATIONS OF FRAUD AS TO MAITLAND FURNITURE REGISTERED AGENT

Defendant, THOMAS A. KAFKA, by and through undersigned counsel, pursuant to this Court's Case Management and Scheduling Order as well as the applicable Federal and Local Rules of Civil Procedure, hereby serves Defendant's Motion in Limine to Exclude Evidence Regarding Allegations o Fraud as to Maitland Furniture Registered Agent, and states as follows:

1.    Plaintiff's Amended Complaint contains allegations that the entire unemployment proceeding was invalid because the Defendant failed to maintain a registered agent in the State of Florida and filed false documents with the Florida Department of State, Division of Corporations stating that he was the registered agent in Florida when he resided in Wisconsin.  (Doc. #26 ¶13).  As a result Defendant violated Florida Statute 607.0501(5) and was in default not allowing him to maintain action.

1

2. It is Defendant's belief that Plaintiff will attempt to introduce evidence of this alleged violation in an effort to argue that the attempt to appeal the award of unemployment benefits to Chris Berman, of which includes the correspondence to James Bellflower which contains the alleged libel per se statements, could not be maintained and was invalid because of a violation of Florida Statute 607.0501(5) thereby making Defendant's immunity defenses inapplicable.

3. In support, Plaintiff intends to introduce exhibits including, but not limited to:

- 2008 Homestead Exemption filing by Defendant;
- Volusia County Tax Office documents of an alleged investigation into the filing for Homestead Exemption;
- Payment by Defendant to the Volusia County Tax Office for a fine regarding Homestead Exemption;
- Copies of regulations regarding filings and the warning of filing a false document to the Florida Department of State, Division of Corporations;
- Police Report from 2010 regarding alleged homestead exemption fraud

4. This argument was previously raised by Plaintiff in her Motion to Compel Answers to Interrogatories (Doc. #60) and Motion to Compel Production of Documents and Admissions (Doc,. #61). The discovery requests surrounding this argument were denied by this Court with prejudice. (Doc. #78). In that Order, this Court rejected all relevancy arguments raised by Plaintiff that rely on section 607.0501(5) because the statute has no bearing on any claim or defense in this case. Statute 607.0501(5) which states:

> A corporation may not maintain any action in a court in this state until the corporation complies with the provisions of this section or s. 607.1507, as applicable, and pays to the Department of State a penalty of $5 for each day it has failed to so comply or $500, whichever is less.

5. In so doing, this Court noted that regardless of the potential application of the statute to the unemployment proceedings, it is undisputed that those proceedings took

place. Also, there was no indication that this issue was raised during those proceedings and that there was no authority cited or found that allowed Plaintiff to raise this type of "collateral attack" on a state proceeding for the first time in an unrelated federal proceeding between entirely different parties. Moreover, this Court found that applicability of the statute was doubtful. Under the Federal Rules, evidence must be relevant to be admissible. *Fed. R. Evid.* 402. "Evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" United States v. Gamory, 635 F.3d 480, 492-93 (11th Cir. 2011) quoting Fed. R. Evid. 401. "The particular facts of the case determine the relevancy of a piece of evidence." U.S. v. Vallejo, 237 F.3d 1008, 1015 (9th Cir. 2001). Further, relevant evidence " 'may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.' " Lane v. McKeithen, 423 F. App'x 903, 905 (11th Cir. 2011) (quoting Fed. R. Evid. 403). Here, this evidence is clearly not relevant and would be prejudicial to the Defendant if allowed to be presented at trial. Defendant asks that all testimony and exhibits bearing on any argument related to Florida Statute 607.0501(5) be excluded from the trial in this matter.

      WHEREFORE, Defendant, Thomas A. Kafka respectfully requests this Honorable Court enter and Order Granting his Motion in Limine to Exclude Evidence Regarding Allegations o Fraud as to Maitland Furniture Registered Agent.

**CERTIFICATE OF SERVICE**

We hereby certify that on October 30, 2014, a true and correct copy of the foregoing was sent via First Class Mail to the following: Laressa Berman, 303 Augusta Circle, St. Augustine, Florida 32086.

/s/ Todd T. Springer
Todd T. Springer, Esq.
Fla. Bar No. 178410
tspringer@ls-law.com
Luks, Santaniello, Petrillo & Jones
301 W. Bay Street, Suite 1050
Jacksonville, Florida 32202
Telephone:  (904) 791-9191
Luksjax-pleadings@ls-law.com

Paul S. Jones, Esq.
Fla. Bar No. 149550
psj@ls-law.com
Luks, Santaniello, Petrillo & Jones
255 South Orange Avenue, Suite 750
Orlando, Florida 32801
Telephone: (407) 540-9170

TRV-17995J/433