IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:13-CV-01109-JBT

LAREESA BERMAN,

    Plaintiff(s),

v.

THOMAS A. KAFKA,

    Defendant.

_____/

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE REFERENCE TO FEDERAL GRAND JURY SUBPOENA

    Defendant, THOMAS A. KAFKA, by and through undersigned counsel, pursuant to this Court's Case Management and Scheduling Order as well as the applicable Federal and Local Rules of Civil Procedure, hereby serves Defendant's Motion in Limine to Exclude Reference to Federal Grand Jury Subpoena and states as follows:

    1.    Defendant has been subject of a Federal Grand Jury Subpoena which requested several years worth of business tax records. It is Defendant's belief that Plaintiff will attempt to introduce evidence regarding this Federal Grand Jury Subpoena. However, any such evidence would violate Federal Rules of Evidence 401 and 403 as it is not relevant to this action.

    2.    Under the Federal Rules, evidence must be relevant to be admissible. *Fed. R. Evid.* 402. "Evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less

1

probable than it would be without the evidence.'" United States v. Gamory, 635 F.3d 480, 492-93 (11th Cir. 2011) quoting Fed. R. Evid. 401. "The particular facts of the case determine the relevancy of a piece of evidence." U.S. v. Vallejo, 237 F.3d 1008, 1015 (9th Cir. 2001). Further, relevant evidence " 'may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.' " Lane v. McKeithen, 423 F. App'x 903, 905 (11th Cir. 2011) (quoting Fed. R. Evid. 403).

    3.    Although documents have been turned over as a result of the Subpoena, nothing further has taken place. There has not been any communications of any findings whatsoever. Evidence of this subpoena is wholly irrelevant to Plaintiff's claim for defamation. Introducing such evidence would serve no purpose other than to improperly taint and unfairly prejudice the Defendant before the jury by implying Defendant has committed some violation of civil or criminal code when there is no evidence to support same. The subpoena is nothing more than an investigation and as such any testimony or evidence of same is not relevant.

    WHEREFORE, Defendant, Thomas A. Kafka respectfully requests this Honorable Court enter an Order Granting his Motion In Limine to Exclude Reference to Federal Grand Jury Subpoena.

**CERTIFICATE OF SERVICE**

We hereby certify that on October 30, 2014, a true and correct copy of the foregoing was sent via First Class Mail to the following: Laressa Berman, 303 Augusta Circle, St. Augustine, Florida 32086.

/s/ Todd T. Springer
Todd T. Springer, Esq.
Fla. Bar No. 178410
tspringer@ls-law.com
Luks, Santaniello, Petrillo & Jones
301 W. Bay Street, Suite 1050
Jacksonville, Florida 32202
Telephone: (904) 791-9191
Luksjax-pleadings@ls-law.com

Paul S. Jones, Esq.
Fla. Bar No. 149550
psj@ls-law.com
Luks, Santaniello, Petrillo & Jones
255 South Orange Avenue, Suite 750
Orlando, Florida 32801
Telephone: (407) 540-9170

TRV-17995J/446