IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:  3:13-CV-01109-JBT

LAREESA BERMAN,

    Plaintiff(s),

v.

THOMAS A. KAFKA,

    Defendant.
_____/

**<u>DEFENDANT'S MOTION IN LIMINE TO EXCLUDE ELECTRONIC MAILS FROM COUNSEL FOR DEFENDANT TO PLAINTIFF AND STRIKE WITNESSES FROM PLAINTIFF'S WITENSS LIST</u>**

    Defendant, THOMAS A. KAFKA, by and through undersigned counsel, pursuant to this Court's Case Management and Scheduling Order as well as the applicable Federal and Local Rules of Civil Procedure, hereby serves Defendant's Motion in Limine to Exclude Electronic Mails from Counsel for Defendant to Plaintiff and Strike Counsel for Defendant from Plaintiff's Witness List and states as follows:

    1.    Plaintiff has listed on her exhibit list electronic mails from the undersigned to Plaintiff generally as well as specifically in two instances.  First, an electronic mail from the undersigned to Plaintiff stating David Vukelja is Defendant's personal attorney.  Second and electronic mail from the undersigned to Plaintiff stating that Plaintiff did not request a "telephone hearing of Lora Katsaveris."

    2.    No electronic mails from the undersigned to Plaintiff have any tendency to make a fact more or less probable than it would be without the evidence.  Additionally,

such electronic mails are not a fact of consequence in determining this action. As such, they are not relevant pursuant to Federal Rule of Evidence 401.

3. Furthermore, jury instruction 1.1 of the Eleventh Circuit Pattern Jury Instructions states that statements made by lawyers are not evidence in the action and are not to be considered as such by the jury. For these reasons, any electronic mails between the undersigned and Plaintiff sent during the course of this litigation are not relevant and must not be referred to during trial or allowed into evidence.

4. Plaintiff has also listed the undersigned as a witness on her witness list. The actions which are of consequence in this matter occurred prior to September 2011, and long before the undersigned became involved in this matter. The undersigned was not a witness to any of the facts which give rise to this matter including any claims or defenses. As such, the undersigned must be stricken from Plaintiff's witness list as anything stated to Plaintiff was made in the course of this litigation. Additionally, anything stated to the undersigned by Defendant is afforded protection pursuant to the attorney client privilege.

5. Plaintiff has also listed attorney David Vukelja, Esq. on her witness list. Mr. Vukelja is the person attorney for Defendant whom the undersigned substituted in for in this matter. There is no known basis for Mr. Vukelja to be called as a witness and as such he should be stricken from Plaintiff's witness list.

6. Plaintiff has generally listed on her witness list, all current employee of Maitland Trifecta without specifically naming any of these persons. Plaintiff for the first time listed these persons in her Seventh Initial Disclosure on the last day of discovery leaving Defendant no way of finding out what, if any, relevance they have to this matter.

Defendant previously filed a Motion to Strike these disclosures which has not yet been ruled upon by this Court.  One of the basis for striking these witnesses is that no employee of Maitland Trifecta was ever discussed during the course of discovery in this matter and as such, Defendant has no way of knowing what basis they will be called at trial.  Disclosure at such a late date of new persons and entities is not proper, prejudices the Defendant, and as such Plaintiff's Seventh Initial Disclosure must be stricken. <u>LG Electronics vs. Whirlpool Corp.</u>, 2010 WL 9506787 (N.D.Ill. 2010); <u>Debose vs. Broward Health</u>, 2009 WL 1410348 (S.D. Fla. 2009).

      WHEREFORE, Defendant, THOMAS A KAFKA respectfully requests this Honorable Court enter an Order Granting Defendant's Motion in Limine to Exclude Electronic Mails from Counsel and Strike Witnesses from Plaintiff's Witness List.

**CERTIFICATE OF SERVICE**

We hereby certify that on October 30, 2014, a true and correct copy of the foregoing was sent via First Class Mail to the following: Laressa Berman, 303 Augusta Circle, St. Augustine, Florida 32086.

/s/ Todd T. Springer
Todd T. Springer, Esq.
Fla. Bar No. 178410
tspringer@ls-law.com
Luks, Santaniello, Petrillo & Jones
301 W. Bay Street, Suite 1050
Jacksonville, Florida 32202
Telephone: (904) 791-9191
Luksjax-pleadings@ls-law.com

Paul S. Jones, Esq.
Fla. Bar No. 149550
psj@ls-law.com
Luks, Santaniello, Petrillo & Jones
255 South Orange Avenue, Suite 750
Orlando, Florida 32801
Telephone: (407) 540-9170

TRV-17995J/444