IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:13-CV-01109-JBT

LAREESA BERMAN,

    Plaintiff(s),

v.

THOMAS A. KAFKA,

    Defendant.

_____/

## DEFENDANT'S MOTION IN LIMINE TO PREVENT EVIDENCE REGARDING PLEADINGS AND ORDERS IN THIS AND PRIOR LAWSUITS

Defendant, THOMAS A. KAFKA, by and through undersigned counsel, pursuant to this Court's Case Management and Scheduling Order as well as the applicable Federal and Local Rules of Civil Procedure, hereby serves Defendant's Motion in Limine to Prevent Evidence Regarding Pleadings and Order in this and Prior Lawsuits, and states as follows:

### FACTS

1. It is Defendant's belief that Plaintiff intends on attempting to introduce evidence of pleadings and Orders entered not only in prior judicial proceedings but also those entered in this matter. Specifically, Plaintiff intends on introducing the following documents:

    a.    Petition for Judicial Dissolution of a Corporation allegedly filed by Chris Berman in Christopher A. Berman-Shareholder/owner-Pro Se, Trifecta Gaming USA, Inc. vs. Thomas A. Kafka and Julie A. Kafka, in a lawsuit

1

        in Volusia County, Florida. However, no case number is on this documents provided by Plaintiff not is it signed by Chris Berman.

    b.    Order Denying Defendant's Motion to Dismiss filed in the case of Christopher Berman vs. Thomas A. Kafka and Julie A. Kafka, Case Number 2010-33124-CICI in Volusia County, Florida.

    c.    Order granting Substitution of Counsel (Doc. #27) in the present case.

    2.    Not only must these items not be allowed into evidence but any testimony regarding them must be prevented as well. These items are not only inadmissible hearsay but not relevant in the subject matter.

**MEMORANDUM OF LAW**

As to the Petition for Judicial Dissolution of a Corporation, this document as has been provided to the Defendant is unsigned and does not contain the case number for the lawsuit reference in its caption. Additionally, the document is hearsay as the contents of the Petition would presumably be offered for the truth of the matter asserted in its contents. The contents of the Petition contain unsworn allegations ranging from fraud to misuse of corporate assets. The Petition alleges fraud relating to Defendant as a registered agent in violation of Florida Statute 607.0501 which has already been ruled by this Court as not relevant to the subject matter. It goes on to allege that false financial statements were filed with the Internal Revenue Service as well as company monies being used to purchase property out of state. All of which has absolutely no bearing on any claim or issue in this case surrounding libel per se.

Pursuant to Federal Rule of Evidence 802, hearsay is not admissible unless it falls within a specific enumerated exception. There is no exception to the hearsay contained in the Petition. Additionally, the information contained in the Petition lacks reliability

and contains mere conclusory allegations as set forth by Chris Berman without any foundation or predicate. Lastly, as noted above, the contents of the Petition are not relevant to the subject matter as they do no relate to any claims or defenses. As such the Petition is inadmissible.

As for the Order Denying Defendant's Motion to Dismiss filed in a previous lawsuit and the Order granting Substitution of Counsel (Doc. #27) in this case, they have absolutely no bearing on the subject matter. As this Court is well aware, the denial of a Motion to Dismiss can be based on any number of grounds, none of which establish that a defense is not sustainable. At the dismissal stage an affirmative defense may be considered in resolving a motion to dismiss only if it is clearly applicable based upon the face of the complaint. <u>Acosta vs. Gustino</u>, 2013 WL 6069862 (M.D. Fla. 2013) Defendant is not aware of any reason why either Order would be offered in this case yet it appears Plaintiff will attempt to introduce them.

Additionally, the Orders are hearsay and do not qualify as a public records under Federal Rule of Evidence 803(8). <u>U.S. vs. Jones</u>, 29 F.3d 1549 (11th Cir.1994), wherein it is noted that the stated exception to hearsay was meant to apply to findings and investigations of offices of the executive branch and not the judicial branch.

WHEREFORE, Defendant, Thomas A. Kafka respectfully requests this Honorable Court enter an Order Granting his Motion in Limine to Prevent Pleadings and Orders in this and Other Lawsuits.

**CERTIFICATE OF SERVICE**

We hereby certify that on October 30, 2014, a true and correct copy of the foregoing was sent via First Class Mail to the following: Laressa Berman, 303 Augusta Circle, St. Augustine, Florida 32086.

/s/ Todd T. Springer
Todd T. Springer, Esq.
Fla. Bar No. 178410
tspringer@ls-law.com
Luks, Santaniello, Petrillo & Jones
301 W. Bay Street, Suite 1050
Jacksonville, Florida 32202
Telephone: (904) 791-9191
Luksjax-pleadings@ls-law.com

Paul S. Jones, Esq.
Fla. Bar No. 149550
psj@ls-law.com
Luks, Santaniello, Petrillo & Jones
255 South Orange Avenue, Suite 750
Orlando, Florida 32801
Telephone: (407) 540-9170

TRV-17995J/436