United States District Court
Middle District of Florida
Jacksonville Division

2014 OCT 30 PM 3:54

Lareesa Berman – *pro se*,

                Plaintiff

v.                                        Case No.3:13-cv-1109-J-JBT

Thomas A. Kafka,

                Defendant
_____/

## PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE OR EXCLUDE DEFENDANT'S INADMISSIBLE EVIDENCE AND INADMISSIBLE DEFENSES

COME NOW Plaintiff Lareesa Berman and files her MOTION IN LIMINE to preclude or exclude certain exhibits and defenses of Defendant Thomas Kafka as inadmissible. The purpose of this motion is to limit these issues at trial. Plaintiff has indentified areas for review *in limine* that should be ruled as inadmissible by this Court.

(A) The two checks made payable to Chris Berman c/o Trifecta Gaming USA, Inc., as they are not relevant to Defendant's statement that Plaintiff had embezzled money from Maitland Furniture, Inc. Evidence to establish the identity of the signature of Plaintiff is speculation and is without the authentication of a handwriting expert as required per Federal Rule of Evidence 701 and 702.

(B) Any unauthenticated documents supplied by Defendant that were not a part of the vacated unemployment hearing of May 27, 2009, upon which Defendant has based his

1

defense of Plaintiff's claim of libel per se, including but not limited to a marriage license and mortgage deed.

(C) A new and an unsupported defense by Defendant for claim of embezzlement in which all the documents clearly noted as pertaining to Maitland Furniture, Inc, Defendant Thomas Kafka now really meant to say "Trifecta Gaming USA, Inc."

(D) The use of a deposition transcript that is part of a U.S. District Court case, *Berman v. Kafka et al*: Case No. 3:10-cv-718-J-32MCR that is under seal. Use of this deposition is breach of the settlement agreement between Plaintiff's husband, and Thomas and Julie Kafka, opening Thomas Kafka up to sanctions and potential Summary Judgment in favor of Christopher Berman. This use of a deposition that is not related to the same subject matter or that doesn't pertain to the same parties is a violation of Federal Rule of Civil Procedure 32. Furthermore, the use of a deposition that is a part of a case under seal is contrary to Federal Rule of Evidence 408(a).

(E) The vacated transcript of the unemployment appeal hearing of May 27, 2009, and the vacated order of May 29, 2009, as a vacated decision and transcript no longer has the authority of law.

## PROCEDURAL HISTORY

Plaintiff's cause of action for libel per se was filed on September 12, 2013, with her action initially denied with leave to amend. Plaintiff filed an amended complaint on the date of February 24, 2014. Defendant's Motion to Dismiss was denied on March 20, 2014. The litigation has proceeded with depositions taken of Plaintiff, Defendant, nonparty Lora Katsavrias, nonparty Sheri Cobb, nonparty James Bellflower, nonparty Janice Connell, and nonparty Chris Berman. Defendant had moved the Court to extend

discovery to the date of July 15, 2014, and subsequent extensions of dispositive and Daubert motions and expert witnesses.

A. Plaintiff came into possession of documents (e-mails, faxes) authored by Defendant Kafka in which he stated as a fact that Plaintiff had committed the criminal offense of embezzlement, by embezzling funds from Maitland Furniture, Inc.

B. Plaintiff had (in accordance with Fla. § 770.01) sent a certified letter to Defendant asking for an apology and a retraction, giving far more time than the allotted five days required by the statute to respond.

C. Having received nothing in reply from Defendant Kafka, Plaintiff filed her single count of libel per se on the date of September 12, 2013.

**Current dispute**

Defendant seeks to offer into evidence the transcript of an unemployment hearing of May 27, 2009, which was initially found in favor of Defendant's company Maitland Furniture, Inc., in error. That hearing and the ruling of that hearing was vacated by the Unemployment Appeals Commission on the date of October 21, 2009. Yet, contrary to legal practice, Defendant has attempted to use the vacated and voided hearing decision and transcript as Defendant's evidence in this action, as if the hearing and decision still retained the authority of law. Defendant may not use the vacated transcript of the unemployment hearing of May 27, 2009. Per Fla. § 443.1715: In the face of clear language of Fla. § 443.1715—barring disclosure, the court is not free to read into the statute implied authority for such disclosures. Absent this authority, this Court is not free to permit to its use at trial and/or summary judgment as it falls within the confidentiality

3

provisions embodied within Fla. § 443.1715. Use of this document for the purpose intended by Defendant is a clear violation of Florida Criminal Law and constitutes a second degree misdemeanor.[1]

Defendant Kafka by his counsel has informed Plaintiff he intends to introduce a deposition of Plaintiff's husband from September 23, 2011, in the case *Christopher Berman v. Kafka et al* Case No. 3:10-cv-718-J-32MCR. Defendant's use of the deposition transcript and any questions relating to it is a violation of Federal Rule of Evidence 408(a) (admissibility of settlement related evidence) which is excluded under that rule, and Fed Rule of Civ. P. Rule 32(a)(5)(B)(8). This deposition also lacks relevancy under Fed. R. of Evid. 401 and 402, as Plaintiff was a nonparty and non-witness to this action that is now under seal.

> **408(a) Prohibited uses: Evidence of the following is not admissible on behalf of any party either to prove or disprove the validity of the amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction.**

## ARGUMENT

**A void or vacated decision and/or transcript cannot be entered into evidence as the voiding of a decision or of a hearing transcript renders the decision or transcript as if they had never occurred.**

Plaintiff respectfully requests this Court to grant her Motion in Limine on issues:

(a) Admissibility of the transcript of the vacated unemployment hearing of May 27, 2009,

---

[1] "The confidential information [of the unemployment hearing of 5/27/09] is available only to public employees in the performance of their public duties. Except as otherwise provided by law, public employees receiving this information must maintain the confidentiality of this information. ... A person receiving confidential information who violates this subsection commits a misdemeanor of the second degree, punishable in s. 775.082 or 775.083."

4

as a vacated ruling is just that: vacated and void and cannot be introduced into evidence, and its use is prohibited by Florida law. Plaintiff moves that this evidence be precluded or excluded.

(b) The two checks made payable to Chris Berman c/o Trifecta Gaming USA, Inc., to which Defendant, as his "proof" of embezzlement, claims Plaintiff had endorsed. Plaintiff requests that all unauthenticated documents of Defendant Kafka as well as all documents not introduced to the DEO, Agency for Workforce Innovation, or the Unemployment Appeals Commission be prohibited from being entered as evidence at trial.

(c) The use of a deposition transcript violates Federal Rule of Civil Procedure Rule 32(a)(5)(B)(8), limitation of use, as it is unrelated to subject matter of the case and is not between the same parties. Furthermore, the use of such a transcript is a violation of Fed. R. Evid. 408(a), as it belongs to a case that is under seal and, as such, may not be used to impeach any prior statements. The deposition testimony in question is that of nonparty witness Christopher Berman, and not that of Plaintiff. Plaintiff moves this deposition transcript be precluded or excluded from evidence.

(d) The new and untimely defense that Defendant Kafka really meant "Trifecta Gaming" when he was referring to embezzlement from Maitland Furniture.

### Defendant cannot now claim he meant to say the claim of embezzlement pertained to Trifecta Gaming, not Maitland Furniture.

The request to open an investigation into alleged benefits fraud in which Defendant libeled Plaintiff was for Maitland Furniture, Inc. Any statement pertaining to embezzlement made to the Department of Economic Opportunity referenced only Maitland Furniture, Inc. Any assertion that Defendant Kafka has made that what he really meant to say was "Trifecta Gaming USA, Inc.," should be ruled as inadmissible, as this

5

new defense was never a part of any pleading by Defendant. Plaintiff's Amended Complaint stated clearly that the libel per se was Kafka's claim of "proof" of her embezzlement from Maitland Furniture, Inc. Defendant had ample opportunity in his Motion to Dismiss, and his Answers and Affirmative Defenses to raise this defense. This new and questionable defense is not permitted by Florida Rules of Civil Procedure RULE 1.140 DEFENSES: "failure to state a legal defense in an answer or reply," and failure to state a legal defense to a claim (see Federal Rules of Civil Procedure, Rule 12(b)(6), (7)). This defense would have required Defendant to have amended his answers and affirmative defenses. He waived his right to do so. As such, this defense is not admissible at trial.[2]

Allegedly countersigning a check is NOT proof of embezzlement. Defendant states in sworn testimony that he is unsure if Plaintiff had even signed these checks or if Plaintiff's husband, for that matter, signed these checks. Defendant's claim that "Plaintiff's signature looks like that on other documents" is an opinion. And later states in deposition testimony that he does not care whose signature it is on these checks, nor makes any assertion of proof that is admissible without expert verification. Under Federal Rule of Evidence 702, such an assertion requires the testimony of a handwriting expert. Authentication would require an inquiry into the issue by a handwriting expert, as an untrained layman would not be qualified to make such an assertion by comparing the signature on a copy of a marriage license from 2000 and copies of two checks from 2006 and 2007. Only the expert testimony of an individual with specialized understanding and training in the matter would be permitted in the dispute: **Ladd, Expert Testimony, 5**

---

[2] Failure to plead an affirmative defense under Rule 8(c) constitutes failure to make a timely assertion of the defense.

**Vand. L. Rev. 414, 418 (1952).** Such a speculative opinion must be precluded or excluded in testimony, along with all related, unverified documents.

### MEMORANDUM OF LAW: LEGAL STANDARD

The purpose of a motion in limine is to limit the burden upon the court at trial. Motions in limine are used to stop certain evidence "at the threshold" so that they don't get "in the door" and infect the case. This motion can cover evidence that is not relevant, evidence that is prejudicial to a party, or as in this case, evidence that violates the Federal Rules of Evidence. *BILLY BLANKS et al. v. SEYFARTH SHAW LLP* et al., Nos. B183426, B186025, Court of Appeals of California, Second District, Division Three. February 20, 2009. "In limine motions are designed to facilitate the management of a case, generally by deciding difficult evidentiary issues in advance of trial. The usual purpose of motions in limine is to preclude or to exclude the presentation of evidence deemed inadmissible and prejudicial by the moving party." A motion in limine to preclude evidence or a defense and will prevent the evidence or the use of that defense at issue from being mentioned until the Court has had the opportunity to consider the evidence in a trial context. The Motion is derived from the Court's authority to control the trial process as it is not addressed in the Federal Rules of Civil Procedure. See: *Luce v. U.S.* (1984) 469 US 38, 41, 83 L Ed 443, 448, 105 S Ct 460. Such a motion is an accepted part of federal practice.

### Defendant's Exhibit: "Two checks" allegedly signed over to Plaintiff must be precluded or excluded from trial

The introduction of the "two checks" into evidence violates Federal Rule of Evidence 901 and must be precluded or excluded. Federal Rule of Evidence 901

provides: "A party seeking to prove content of a writing must introduce the original or a duplicate of the original unless it is established that (1) all originals have been lost or destroyed (absent bad faith by the proponent); (2) the original cannot be obtained; (3) the original is in the possession of the opposing party who refuses to produce it; or (4) the writing is not related to the controlling issue. Under Federal Rules of Evidence 1003 duplicates are admissible unless a genuine question is raised about the original's authenticity . . ." *Myrick v. United States* 332 F.2d 279,282 (5th Cir. 1964). With respect to the "two checks": there is no supporting documentation as to the accuracy of what Defendant contends they are supposed to be, signed over to Plaintiff by her husband.

Defendant has not supplied the originals of either check and the photocopies are not of sufficient quality to determine whether Plaintiff actually signed them or even if Plaintiff's husband endorsed them over for signature. Such copies can be easily manipulated with digital software to say almost anything one with such software would have a trier of fact believe. It is impossible to authenticate whether the signature in question was originally written on the document in question, or was added later through computer manipulation of the image. Such a determination would require the opinion of an expert witness whose skill lay in handwriting analysis. Federal Rule of Evidence 702: a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue.

The U.S. Supreme Court has held in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 125 L.Ed.2d 469, 113 S. Ct. 2786 (1993), and *Kumho Tire Co., Ltd. v.*

*Carmichael*, 526 U.S. 137, 143 L.Ed.2d 238, 119 S. Ct. 1167 (1999) that the trial court must act as a gatekeeper and determine, at the outset, whether the purported expert is qualified to express a reliable opinion based on sufficient facts or data and the application of accepted methodologies. Handwriting comparison is an exacting science, even more so today when programs such as "Photoshop," "Corel," "Gimp," and "Inkscape" (especially the latter two, as they are freely available) provide what was once the ability of a master forger to anyone possessing a computer and a printer.

Qualified handwriting experts will first determine whether a questioned document contains a sufficient amount of writing to permit identification. Then, the expert will determine whether he can obtain other adequate examples of the subject's handwriting. If the questioned document and the examples contain sufficient identifiable characteristics, the expert considers both the similarities and the differences in the writings, and determines if there is a match. Often, experts consider unexplained differences in writing to be more important than similarities.

Document examiners from the Federal Bureau of Investigation (FBI) laboratory, and other laboratories as well, are presenting papers concerning the need for caution in working with copies. Examiners have found several important issues, such as telling the submitter of photocopies about the limitations of working with copies, the likelihood of receiving only a qualified conclusion, and the possibility that a photocopy document can actually be a fabricated document. Depending on how careful the fabrication process and the source of the components used, it may not be possible to determine, from an examination of the copy, that its source is actually a fabricated document. In most instances, the presentation of copies rather than original documents is done for self-

serving reasons. That alone is sufficient to be cautious about the validity of the contents of the copy.

As the "two checks" in question are the centerpiece of Defendant Kafka's defense and because he had ample time and opportunity to employ the services of a handwriting expert, it begs the question why such an expert was not used to authenticate the signatures if, as Defendant claims, the two checks in question were signed by Plaintiff Berman. *ABERNATHY V. WELDON, WILLIAMS, AND LICK, INC.*, CA 95-309 JUNE 19, 1996, APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, [CIV93-2151]: "a handwriting expert was attached [sic] to Mr. Abernathy's supplement to his answers. In the affidavit, the expert stated that his analysis of the signature on the purported guaranty, which was faxed to Weldon, was inconclusive. He indicated that, while the signature was similar to that of Mr. Abernathy, he could not rule out forgery or a transfer of the signature from another document because <u>he did not have a copy of the original</u> guaranty." Testimony regarding the authentication of a signature can be admissible only from an expert who has had years of practical experience and can explain his or her methodology, (*United States v. Jones* 107 F.3d 1147(6th Cir. 1997) and *Tassin v. Sears Roebuck*, 946 F. Supp. 1241, 1248 (M.D. La.1996)). Defendant Kafka has stated that he would let the jury (who are not handwriting experts and are without the authority of an expert witness) provide their opinion of the alleged signatures. As such, Plaintiff moves this Court to preclude or to exclude the two checks in question as evidence, as they are inconclusive.

The documents in question, the "two checks," lack relevancy under Federal Rules of Evidence 401 and 402, as they were never a part of the unemployment appeal in which

Defendant has claimed the affirmative defense of litigation privilege. There is no authentication stamp on the "two checks" from the Department of Economic Development, as the checks in question were never included in the package of documents from the DEO, which would have made them part of Defendant's original appeal. If, as Defendant Kafka claims, he has had the "two checks" in his possession since January 9, 2009, then why were they not made part of the unemployment appeal of March, 2009? For this reason, the Court must rule the "two checks" as inadmissible.

Plaintiff cites the test for relevance under the Federal Rules of Evidence Rule 401. The bar for proof of embezzlement is a high one, requiring financial documents and that the embezzler had some form of fiduciary relationship and/or employment with the accuser and must show how the funds wee used after the fact. In this case, no such relationship ever existed between Plaintiff and Defendant or any of Defendant's companies. Proof of the crime of embezzlement would require the documentation of such a relationship, along with proof of an investigation, police report and/or arrest report. As nothing more than two checks (sent to Plaintiff's husband), care of a company that was not Maitland Furniture, Inc.—the company Defendant claims money was embezzled from, then under Rule 401 the two checks fail the test for relevance; the two checks should be precluded or excluded from trial. Furthermore, Rule 403 provides: The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, <u>confusing the issues, misleading the jury</u>, undue delay, wasting time, or needlessly presenting cumulative evidence. The alleged claim by Defendant, that somehow a third party endorsing a check to "company

A" constitutes embezzlement from "company B," is both confusing as well as misleading, and for that reason, this evidence must be precluded or excluded.

### The vacated hearing and decision from the Florida Unemployment Appeals Commission are inadmissible

Plaintiff's husband, a nonparty to this dispute, was originally granted unemployment compensation in his separation from Defendant Thomas Kafka's company Maitland Furniture, Inc. The Agency for Workforce Innovation, having contacted Thomas Kafka in February of 2009, found, after conferring with Mr. Kafka, that there was no misconduct on the part of nonparty Chris Berman. Defendant Kafka in March of 2009 appealed the granting of unemployment compensation to Mr. Berman, claiming that he had embezzled money from Maitland Furniture. However, all "evidence" of such "embezzlement" consisted of business dealing through Mr. Berman's company, Trifecta Gaming USA, Inc. Although Mr. Berman was a business partner with Defendant Kafka in Trifecta Gaming USA, Inc., he was an owner and shareholder, and never an employee.

The original hearing on Defendant Kafka's appeal was upheld, but it was then reversed and vacated on the date of October 21, 2009. The decision was final in Plaintiff's husband's favor. A vacated ruling is inadmissible as evidence, as it is void.

### The Law of Void Judgments and Decisions: Supreme Court Decisions on Void Orders

> **A void judgment is not entitled to the respect accorded a valid adjudication, but may be entirely disregarded, or declared inoperative by any tribunal in which effect is sought to be given to it. It is attended by none of the consequences of a valid adjudication. It has no legal or binding force or efficacy for**

> **any purpose or at anyplace. ... It is not entitled to enforcement ... All proceedings founded on the void judgment are themselves regarded as invalid. 30A Am Jur Judgments " 44, 45.**

Plaintiff also cites *Brotherhood of Railway & S.S. Clerks, etc. v. State*, 303 Minn. 178, 193 (Minn. 1975), holding that a claim cannot arise from a void transaction. "If the order is void, it may be attacked at any time in any proceeding," *Evans v Corporate Services*, 207 Ill.App.3d 297, 565 N.E.2d 724 (2nd Dist. 1990). "That judgment is void and may be attacked at any time in the same or any other court, by the parties or by any other person who is affected thereby." It is also a clear and well-established law that a void order can be challenged in any court at any time. *People v Wade*, 116 Ill.2d 1, 506 N.E.2d 954 (1987). "A void order which is one entered by court which lacks jurisdiction over parties or subject matter, or lacks inherent power to enter judgment, or order procured by fraud, can be attacked at any time, in any court, either directly or collaterally," *People ex rel. Brzica v. Village of Lake Barrington*, 644 N.E.2d 66 (Ill. App. 2 Dist. 1994). In Plaintiff's case, before this Court, she is seeking to preclude or exclude the use of the vacated hearing transcript as well as all testimony associated with or derived from this document and the use of the vacated decision.

The voided transcript, and appeal, no longer carry any legal authority and will be treated as hearsay under the Federal Rules of Evidence 801. The use of unemployment transcript is a violation of Florida law that carries criminal penalties (second degree misdemeanor). In the face of clear language of Fla. § 443.1715—barring disclosure, the Court is not free to read into the statute implied authority for such disclosures. Absent this authority, this Court is not free to permit to its use at trial as it falls within the

13

confidentiality provisions embodied within Fla. § 443.1715. Fla. § 443.1715 provides as follows: "The confidential information [of the unemployment hearing of 5/27/09] is available only to public employees in the performance of their public duties. Except as otherwise provided by law, public employees receiving this information must maintain the confidentiality of this information. . . . A person receiving confidential information who violates this subsection commits a misdemeanor of the second degree, punishable in s. 775.082 or 775.083."

### Use of a deposition unrelated to this action between different parties is inadmissible under Federal Rule of Civil Procedure Rule 32(a)(5)(B)(8). The deposition is a part of litigation and is under seal and the use of such is a violation of Federal Rule of Evidence 408.

Plaintiff's husband in an action against Thomas Kafka and Julie Kafka for fraud, tortious interference, and other causes of action, Case No. 3:10-cv-718-J-32MCR, was deposed on September 23, 2011. Case No. 3:10-cv-718-J-32MCR is subject to a confidential settlement agreement that is currently in force; Defendant Kafka is prohibited from introducing the deposition transcript at trial. Furthermore, under the test for relevancy, the document fails, as Plaintiff was not a witness nor a party to the action Plaintiff's husband had brought against Thomas and Julie Kafka for fraud and other causes of action. Lastly, the nonparty Plaintiff's husband never reviewed the errata sheets for corrections (due to the case being settled) and never signed the deposition. The deposition of Plaintiff's husband must be precluded or excluded from the trial.

### Use of the deposition of 9/23/2011 is prohibited under Fed. R. of Evid. 408.

Rule 408's exclusion of settlement-related evidence is based on two principles. First, settlement-related evidence is considered to be irrelevant because settlement offers

may be motivated by a desire for peace, for avoidance of costly legal battles, or for any number of reasons that have nothing to do with the merits of the claim. McCormick on Evidence § 76.251. Second, and more importantly, the reason for excluding settlement-related evidence under Rule 408 is to promote the amicable resolution of lawsuits. See *Affiliated Mfrs., Inc. v. Aluminum Co. of Am., Inc.*, 56 F.3d 521, 526 (3d Cir. 1995). ("[T]he policy behind Rule 408 is to encourage freedom of discussion with regard to compromise."). The Sixth Circuit Court of Appeals explained this rationale in more detail in *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003). Evidence of settlement agreements between a party to the case and a third party are inadmissible under Rule 408, even when the settlement is related to the same matter as the case in which it is offered. Thus, in *Portuguese-Santana v. Rekmodiv International*, 657 F.3d 56 (1st Cir. 2011), the First Circuit upheld a ruling that barred evidence of the plaintiff's settlement with a third party of a claim arising from the same occurrence as the instant case. In this matter, there is no relationship between the current case before this Court and the case under seal from which the deposition pertained to.

Rule 408 must apply, and all reference to and testimony derived from the deposition of Mr. Berman (a nonparty to this case) must be precluded or excluded from trial and all other proceedings in this case. Use of a deposition that is unrelated to the subject matter of a case and that is not between the same two parties from an earlier action is not permitted under Federal Rule of Civil Procedure: Rule 32(a)(5)(B)(8). Furthermore, the deposition of Plaintiff's husband, a nonparty, lacks relevance to Lareesa Berman's cause of action under Federal Rule of Evidence 401 and 402, and should be precluded or excluded.

### A new defense not raised in an answer, pleading, or in an affirmative defense is inadmissible at trial.

Plaintiff's Amended Complaint had stated that Defendant Kafka libeled her by stating he "proved" Plaintiff had embezzled money from his company Maitland Furniture Inc. The company Trifecta Gaming USA, Inc., was never mentioned in the original or the amended complaint. Defendant now attempts to raise a new and heretofore unstated defense. This new defense is that Defendant Kafka really meant to say the embezzlement was from "our companies" Trifecta Gaming USA, Inc., and Maitland Furniture, Inc. Nowhere in any of Defendant's correspondence with the DEO or the Unemployment Appeals Commission does he use the term "companies." Defendant refers only to "company," and as all correspondence references Maitland Furniture, Inc., this can only refer to Maitland Furniture, and not Trifecta Gaming.

Per Federal Rule of Civil Procedure 8(c), this I-forgot defense would have had to have been raised on a responsive pleading or on an affirmative defense to be admissible at trial. Although the courts appear uniformly to use the term "waiver" to describe the consequence of failure to plead an affirmative defense, the more precise term "forfeiture" better captures the courts' meaning: "Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *U.S. v. Olano*, 507 U.S. 725, 733 (1993). If a party "waives," relinquishes, or abandons an affirmative defense, no cure is available. Far too much time has passed for Defendant to attempt to amend his answers and defense in an attempt to assert this new defense of when he said A, he really meant to say B. Furthermore, the allegation that money was embezzled from Trifecta Gaming is irrelevant, as discovery has shown through IRS tax filings that in 2006 and 2007 Trifecta Gaming had no gross income, no

losses, and no net profits. Plaintiff asks that the Court prohibit this defense from being introduced at trial. Although Defendant could have raised this new defense in a Dispositive Motion under Rule 15(a), he did not. Dispositive motions were closed as of August 1, 2014. Plaintiff asks the Court that this defense be precluded or be excluded from the trial.

## CONCLUSION

WHEREFORE, Plaintiff Lareesa Berman respectfully asks this Court to preclude or to exclude Defendant's exhibits cited in this motion, the deposition of the nonparty of 9/23/2011, and the untimely raised defense from trial as cited in her Motion in Limine. Plaintiff respectfully requests that a hearing on her Motion in Limine be conducted before this Court.

**CERTIFICATE OF SERVICE**

Respectfully submitted by<br>
Lareesa Berman<br>
303 Augusta Circle<br>
St. Augustine, Fl 32086

_____

I hereby certify that a true and correct copy of the foregoing was sent on the date set forth below. Dated: October 30, 2014, and sent by US mail to Todd Springer, the undersigned counsel, 301 West Bay St. Suite 1050, Jacksonville, FL 32202.

9

## CERTIFICATE OF SERVICE

Respectfully submitted by
Lareesa Berman
303 Augusta Circle
St. Augustine, Fl 32086

_____

I hereby certify that a true and correct copy of the foregoing was sent on the date set forth below. Dated: October 30, 2014, and sent by US mail to Todd Springer, the undersigned counsel, 301 West Bay St. Suite 1050, Jacksonville, FL 32202.