**United States District Court
Middle District of Florida
Jacksonville Division**

2014 OCT 30 PM 3: 54

Lareesa Berman – *pro se*,

              Plaintiff

v.                                       Case No.3:13-cv-1109-J-JBT

Thomas A. Kafka,

              Defendant
_____/

## PLAINTIFF'S MOTION IN LIMINE TO PERMIT PLAINTIFF'S EXHIBITS AND WITNESSES TO BE ADMISSIBLE AT TRIAL

COME NOW Plaintiff Lareesa Berman and files her MOTION IN LIMINE to permit certain exhibits and witness testimony to be permitted at trial. Defendant in a motion in limine seeks to unfairly hamper Plaintiff's case against Thomas Kafka for libel per se by excluding exhibits that supports her assertion that Defendant is not shielded by any privilege, either qualified or absolute. Defendant also seeks to exclude witness testimony that would defeat Defendant's affirmative defense of truth. As the burden of proof for these two affirmative defenses rests with Defendant Kafka, it should be obvious to this Court that that Defendant seeks to escape liability for his actions through an unnecessary motion in limine that would prohibit key exhibits and testimony in support of Plaintiff's case of action from the eyes and ears of the jury. Plaintiff moves this Court to conduct a pre-trial evidentiary hearing or a hearing to be held outside the presence of the jury. During such a hearing, the court is not bound by the rules of evidence. For example, in

1

*Daubert*, supra, the U.S. Supreme Court encouraged the use of Rule 104 hearings to determine the admissibility of scientific expert testimony.

**Federal Rule of Evidence 104 states:**

**(a) In General.** The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege.

**(b) Relevance That Depends on a Fact.** When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The court may admit the proposed evidence on the condition that the proof be introduced later.

**(c) Conducting a Hearing So That the Jury Cannot Hear It.** The court must conduct any hearing on a preliminary question so that the jury cannot hear it if:

**(1)** the hearing involves the admissibility of a confession;

**(2)** a defendant in a criminal case is a witness and so requests; or

**(3)** justice so requires.

In seeking to exclude the following exhibits, Defendant inhibits Plaintiff's ability to counter the burden of proof of Defendant's affirmative defenses of privilege, truth and opinion.

Defendant Kafka seeks to exclude the exhibit of the regulations of the Florida Unemployment Appeals Commission, 60BB-6.007. This is a regulation of the Department of Economic Opportunity that governs the appeals process of an appeal of an unemployment decision by the UAC. This is not a "state secret" shrouded in mystery that must be hidden, rather it is the foundation and the law in Florida that regulates the

procedure in filing an appeal of an unemployment decision. To exclude 60BB-6.007 would be the same as seeking to exclude the Florida no-fault law concerning mandatory liability insurance in a trial of an uninsured motorist. 60 BB-6.007 simply states as law that if a party does not follow the procedures of the regulation, than any communications with the UAC are then considered ex-parte. This exhibit must be permitted at trial. To attempt to exclude it would be like attempting to exclude the rising of the sun.

Plaintiff Berman moves that Defendant's own exhibit voluntarily produced during discovery, the signature card from SunTrust Bank that establishes Defendant Thomas Kafka opened a business checking account in the name of Trifecta Gaming USA, Inc. in May of 2004 be allowed as an exhibit. After all, this is Defendant's own exhibit and its use in conjunction with witness testimony by Plaintiff's witness, Sheri Cobb assists in establishing the legitimacy of Defendant's claimed ownership of Trifecta Gaming USA, Inc., and his claim of embezzlement by Plaintiff in allegedly having a check signed over to her by her husband that was made payable to him and Trifecta Gaming. Florida law states that there can no embezzlement if there is ownership of the property or funds. As Plaintiff's husband disputes Defendant's claim of ownership in Trifecta Gaming USA, Inc., Plaintiff would think that Defendant Kafka would welcome the introduction of such evidence of his establishment of a bank account in the name of Trifecta Gaming. The Court should allow its introduction.

Plaintiff seeks to allow the testimony at trial of her witnesses. Witness Sheri Cobb is actually a defense witness as her name appears on Defendant Kafka's initial disclosure as "having knowledge of business dealings between Plaintiff's husband and Thomas Kafka and knowledge of Defendant Kafka's allegation of embezzlement by Plaintiff's

3

husband." As Sheri Cobb's testimony appears to support the affirmative defense, raised by Thomas Kafka, Plaintiff is at a loss as to why Defendant Kafka should seek to exclude her testimony.

Defendant Kafka's affirmative defense of his admitted libeling of Plaintiff is truth. Defendant Kafka has stated in his responses to interrogatories, his sworn deposition testimony, and in his statement of the case to the Court in the Joint Stipulated Statement, that Plaintiff's husband had relinquished his ownership of Trifecta Gaming USA, Inc., in December of 2005. Plaintiff respectfully asks this Court to allow the interdiction of the existence of a petition to judicially dissolve Trifecta Gaming USA, Inc., in Volusia County Circuit Court, filed by Plaintiff's husband to judicially dissolve Trifecta Gaming USA, Inc. for fraud on the part of fellow shareholders Thomas and Julie Kafka. Plaintiff seeks to demonstrate this is an active case and was not dismissed and supports with evidence the continued ownership of Trifecta Gaming by Plaintiff's husband. Such evidence is critical to overcoming the false assertion by Defendant that Plaintiff's husband had no ownership of Trifecta Gaming in 2006 and 2007, the years that Defendant had made the claim that Plaintiff had committed the crime of embezzlement from Maitland Furniture. Defendant Kafka also makes the statement that Plaintiff's husband abandoned his ownership of Trifecta Gaming, as of Dec. 26, 2005 in his sworn deposition testimony. As such Plaintiff seeks to use the evidence of the existing action to dissolve Trifecta Gaming for the purpose of impeaching this statement, as the petition lists Plaintiff's husband as "owner and shareholder" and the case was filed in September of 2010, five years after Defendant stated that Plaintiff's husband was no longer an owner of Trifecta Gaming. . Such evidence is necessary and is highly relevant to defeat

4

Defendant's affirmative defense of "truth." Plaintiff also asks the Court to allow into evidence the action that was dismissed for lack of prosecution in Volusia County Circuit Court Trifecta Gaming v. Christopher Berman. This action, filed in 2010 does not contain any mention of "embezzlement", misconduct, or misappropriation of funds. This calls into question that if, as defendant Kafka claims he had knowledge of the alleged embezzlement in January or 2009, then why did he not include such a change in his lawsuit of February 2010?

Plaintiff by her motion seeks to enter into evidence at trial the filing of false and misleading documents by Defendant Kafka to the Florida Department of State, Division of Corporations., specifically that while residing in Wisconsin, Thomas Kafka continued to claim on annual reports that he was the registered agent for both Maitland Furniture and Trifecta Gaming and that he resided in Ormond Beach. Florida and was available at the address of a rental property owned by Kafka in Ormond Beach, Fl. as the registered agent for both companies. This was a violation of Florida law and Fla. S. 607.0501. Failure to have a registered agent in Florida prevents a party from commencing or maintaining any judicial proceeding in any court in the state of Florida under Fla. S. 607.0501(5). In deposition testimony of James Bellflower of the DEO, Mr. Bellflower stated that the unemployment appeal of the award of benefits to Plaintiff's husband was initiated by Thomas Kafka. As Defendant Kafka is claiming privilege in his dealings with the DEO, such evidence would show that Defendant was prohibited from initiating his unemployment appeal. Furthermore, the filing of knowingly false or misleading documents to the Florida Department of State is a 3rd degree felony, and as such

demonstrates the character of the witness as to his truthfulness, believability and honensty.

Plaintiff Berman moves this court to permit the introduction of the knowledge of a federal grand jury subpoena for the appearance of Thomas Kafka for unreported business income to the IRS. Defendant Kafka has made a new and untimely claim that the money he claims was embezzled by Plaintiff (and her husband), actually came from Trifecta Gaming, not Maitland Furniture. However, the tax filings to the IRS for Trifecta Gaming for the years 2006 and 2007 show zero income, zero profit, and zero expenses. Yet, evidence submitted in discovery by Defendant Kafka show in 2006, transfers of money in the amount of $257,000 from Trifecta Gaming to Maitland Furniture, making his tax filings highly suspect. Plaintiff Berman suspects there is an alternate reason for Defendant Kafka's claim of "embezzlement." That such a claim is an attempt to deflect the focus of the investigation by the United States Department of the Treasury, toward Plaintiff and her husband. Plaintiff states that if Defendant's new defense that he meant Trifecta Gaming as the company that he claims funds were embezzled from is permitted at trial, then the existence of the federal investigation and grand jury subpoena for tax irregularities must be allowed into evidence to explain and to counter Defendant's new defense.

Plaintiff Lareesa Berman seeks to call Defendant's counsel Todd Springer as a witness at trial. Plaintiff states this is not for any improper reason and will ask no questions of Mr. Springer that would violate attorney-client privilege. There were questions of law and applicable statue there were put to Defendant Kafka in deposition testimony that were objected to by counsel as they called for a legal opinion and legal

conclusion by Defendant Kafka. As Plaintiff is pro se, she seeks to call Todd Springer as a witness simply to ask him questions that require a legal opinion and for no other purpose aside from that. Such questions would also require the introduction of e-mails between Todd Springer and Plaintiff. If the Court has any questions as to a violation of attorney-client privilege or issues with work product related to the e-mails, the Court can review them *In Camera* before ruling on their admissibility. In *Brown v. Jewett*, 120 Mass. 215, 218 (1876) the plaintiff called defendant's counsel as a witness to prove the defendant's signatures and also to prove the witnesses authority to bring suit. Other cases such as *People v. Boford* 117 Cal. App.2d 576, 580 (1953) and *State v. Lee,* 203 S.C. 536, 541, (1943), allowed the calling of a party's attorney as a witness. Plaintiff does not intend to interfere with the attorney-client relationship, only to clarify facts and statements that would require a legal opinion.

## MEMORANDUM OF LAW

The purpose of a motion in limine is to limit the burden upon the court at trial. Motions in limine are used to stop certain evidence "at the threshold" so that they don't get "in the door" and infect the case. This motion can cover evidence that is not relevant, evidence that is prejudicial to a party, or as in this case, evidence that violates the Federal Rules of Evidence. *BILLY BLANKS et al. v. SEYFARTH SHAW LLP* et al., Nos. B183426, B186025, Court of Appeals of California, Second District, Division Three. February 20, 2009. "In limine motions are designed to facilitate the management of a case, generally by deciding difficult evidentiary issues in advance of trial. The usual

purpose of motions in limine is to preclude or to exclude the presentation of evidence deemed inadmissible and prejudicial by the moving party."

A motion in limine can also be used (as is Plaintiff's intention to do) to move the Court to permit such evidence and testimony that would aid in the fair and just litigation of a case. A party proffering certain evidence can also ask for the admission of certain information or evidence via a motion *in limine*. In United States v. Chan, the government sought a motion in limine seeking advanced permission to introduce plea allocations of three of the defendants' co-conspirators. In granting the motion, the Chan court explained, "The purpose of a motion in limine is to allow the trial court to rule in advance of a trial on the admissibility and relevance of certain forecasted evidence."

## CONCLUSION

WHEREFORE, and for the foregoing reasons, Plaintiff Lareesa Berman respectfully asks this Court to grant her motion in limine to allow the above for mentioned exhibits and testimony into evidence at trial and further request a hearing on the matter before this Court and before trial to rule on admissibility.

## CERTIFICATE OF SERVICE

Respectfully submitted by<br>
Lareesa Berman<br>
303 Augusta Circle<br>
St. Augustine, Fl 32086

I hereby certify that a true and correct copy of the foregoing was sent on the date set forth below. Dated: October 30, 2014, and sent by US mail to Todd Springer, the undersigned counsel, 301 West Bay St. Suite 1050, Jacksonville, FL 32202.