**United States District Court**
**Middle District of Florida**
**Jacksonville Division**

Lareesa Berman — *pro se*

                       Plaintiff

v.                                        Case No.3:13-cv-1109-J-JBT

Thomas A. Kafka,

                       Defendant

_____/

## JURY INSTRUCTIONS

**Plaintiff's proposed jury instructions**

**The nature of the case**

The nature of Lareesa Berman's case before the jury is for libel per se. Statements by a defendant must meet the definition and standard of libel per se, in which damages or injury to one's reputation or business do not need to be proven; damages are assumed on the face of the statement. In Florida, statements that meet the standard of libel per se are considered so damaging that malice is automatically assumed when they are made.

**The Plaintiff is representing herself and has no attorney**

Lareesa Berman, the plaintiff in this case, is representing herself. She is called a pro se litigant. She is not a lawyer and has not attended law school. Lareesa Berman is self-taught in the law that pertains to her case. It is her right, under the laws of the United States, to represent herself in her case against the defendant, Thomas Kafka.

1

Thomas Kafka, the defendant in this case, is being represented by a law firm, as well as retaining the services of a personal attorney.

Plaintiff Lareesa Berman reserves the right to propose such other instructions which may become appropriate during the course of the trial

## Objections and Rulings

Testimony and exhibits can be admitted into evidence during a trial only if they meet certain criteria or standards. It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law. Only by raising an objection can a lawyer request and obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or his or her client because the attorney has made objections. Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

## Court's Comments to Counsel

It is the duty of the Court to admonish an attorney or a pro se party who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure. You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

## Court's Questions to Witnesses

During the course of a trial, I may occasionally ask questions of a witness. Do not assume that I hold any opinion on the matters to which my questions may relate. The Court may ask a question simply to clarify a matter – not to help one side of the case or hurt another side. Remember at all times that you, as jurors, are the sole judges of the facts of this case.

## Court's Comments on Certain Evidence

The law of the United States permits a federal judge to comment to the jury on the evidence in a case. Such comments are, however, only expressions of my opinion as to the facts, and the jury may disregard them entirely. You, as jurors, are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case. Although you must follow the Court's instructions concerning the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in the case.

**Judging the Evidence**

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received, and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings. Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court.

**Stipulations, Judicial Notice, and Inferences Permitted**

The evidence in this case consists of the sworn testimony of the witnesses – regardless of who may have called them – all exhibits received in evidence – regardless of who may have produced them – all facts that may have been agreed to or stipulated and all facts and events that may have been judicially noticed. When the attorney and the pro-se party on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved. You are not required to do so, however, since you are the sole judge of the facts.

The Court has taken judicial notice of certain facts or events. When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event that has been judicially noticed. You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the

Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded. Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case.

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you see and hear as the witnesses testify or as the exhibits are admitted. You are permitted to draw, from the facts that you find have been proved, such reasonable inferences as you feel are justified in the light of your experience and common sense.

**Direct and Circumstantial Evidence**

There are two types of evidence which are generally presented during a trial – direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact; for example, an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. Evidence is used to establish a fact. Evidence may or may not prove a fact indirectly. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that may or may not prove a fact. Inferences are simply deductions or conclusions in which reason and common sense lead the jury to draw from the evidence received in the case.

**A Question is Not Evidence**

A question asked by a lawyer for the defendant or by the pro-se plaintiff to this case is not evidence. If a lawyer or a pro-se party asks of a witness a question that contains an assertion of fact, you may not consider the assertion by the lawyer as any evidence of that fact. Only the answers are evidence.

4

**The definition of hearsay evidence**

Hearsay evidence is typically inadmissible in a trial. It is the evidence of those who relate what they have either heard or have been told, not what they know themselves, only what they have heard from others. When hearsay evidence is presented, it will be objected to by either party.

**Opinion of an Expert Witness**

In this civil trial there are no expert witnesses either for the plaintiff or the defendant. As such, certain evidence and exhibits will not be given the benefit of an expert's opinion as to the authenticity of the exhibit or the evidence. It is up to you as the jury to make your best possible evaluation of such evidence in light of there being no expert testimony to verify, dispute, or affirm an exhibit or a piece of evidence as being what it is purported to be.

**Credibility of Witnesses – Generally**

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case, and only you determine the importance or the weight that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it. In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence that tends to show whether a witness, in your opinion, is worthy of belief.

Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while his or her being on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified, and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, such as a personal friend or former employee, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each

witness is either supported or contradicted by other evidence in the case. Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent miss-recollection, such as failure of recollection, is not an uncommon human experience. After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide this case.

## Credibility of Witnesses -- Inconsistent Statements

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements. If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters. You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves. Defendant Thomas Kafka will be called as a witness. You should judge the testimony of Thomas Kafka in the same manner as you judge the testimony of any other witness in this case.

## Responsibility of the jury

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court, but you must not discuss anything about the case itself with anyone.

6

You shouldn't talk about the case even with your fellow jury members until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, instant messages (even self-destructing ones), and the Internet, including social-networking websites such as Facebook, GooglePlus, LinkedIn, Twitter, and others.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you, jurors, can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

**Taking notes**

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

## Course of the trial

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiff, Lareesa Berman, will present her witnesses and ask them questions. After she questions the witness, Defendant, Thomas Kafka, may ask the witness questions – this is called "cross-examining" the witness. Then Defendant, Thomas Kafka, will present his witnesses, and Plaintiff, Lareesa Berman, may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the Defendant's lawyers and the unrepresented Plaintiff will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law. You'll then go to the jury room to deliberate.

Source:        11th Circuit Court Pattern Jury Instructions (2013) - Modified

GRANTED:        _____


DENIED:        _____


WITHDRAWN:        _____


GIVEN AS MODIFIED:        _____

**1.4 Jury Questions**

During this trial, you may submit questions to a witness after the lawyers and pro se party have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers and pro se party in the case. If the rules of evidence allow your question, one of the lawyers, the pro se party, or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

Source:        11th Circuit Court Pattern Jury Instructions (2013) -
modified

GRANTED:        _____


DENIED:        _____


WITHDRAWN:        _____


GIVEN AS MODIFIED:        _____


11

3.1 Introduction

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

CASE NO. 3:13-CV-01109-J-JBT

Lareesa Berman,

Plaintiff,

vs.

Thomas A. Kafka,

Defendant.

_____/

COURT'S INSTRUCTIONS TO THE JURY Members
of the jury: It's my duty to instruct you on the rules of
law that you must use in deciding this case. When I have
finished you will go to the jury room and begin your
discussions, sometimes called deliberations.


Source:        11th Circuit Court Pattern Jury
Instructions (2013)

GRANTED:  _____

DENIED:  _____

WITHDRAWN:  _____

GIVEN AS MODIFIED:  _____

3.2 The Duty to Follow Instructions – No Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

Source:        11th Circuit Court Pattern Jury Instructions (2013)

GRANTED:        _____

DENIED:        _____

WITHDRAWN:        _____

GIVEN AS MODIFIED:        _____

3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel, or Pro Se Party; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers or the pro se party say is not evidence and isn't binding on you. You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts. Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

Source:          11th Circuit Court Pattern Jury Instructions (2013)

GRANTED: _____

DENIED: _____

WITHDRAWN: _____

GIVEN AS MODIFIED: _____

16

PLAINTIFF'S  PROPOSED JURY INSTRUCTION Objections by Counsel and/or pro se party.

It is the duty of the attorney, or the pro se party, on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Therefore, you should not be prejudiced against an attorney or the pro se party because the attorney or the pro se party has made objections.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, or the pro se party, the Court does not indicate any opinion as to the weight or effect of such evidence. As stated before, the jurors are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

GRANTED:  _____

DENIED:  _____

WITHDRAWN:  _____

GIVEN AS MODIFIED:  _____

17

3.4 Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Is the witness a personal friend of either party?

5. Does the witness owe one of the parties an obligation that could influence his or her testimony?

6. Did the witness seem to have a good memory?

7. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

8. Did the witness appear to understand the questions clearly and answer them directly?

9. Did the witness's testimony differ from other testimony or other evidence

Source:       11th Circuit Court Pattern Jury Instructions (2013)

GRANTED:    _____

DENIED:    _____

WITHDRAWN:    _____

GIVEN AS MODIFIED:    _____

3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. This is especially true if the witness is asked to recount events from a number of years ago. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory, or the event or conversation occurred a number of years earlier, or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Source:        11th Circuit Court Pattern Jury Instructions (2013)

GRANTED:    _____

DENIED:    _____

WITHDRAWN:    _____

GIVEN AS MODIFIED:    _____

20

405.2 Summary of Claims and Contentions

The claims and defenses in this case are as follows. Plaintiff, Lareesa Berman claims that Thomas Kafka made false written statements about her which caused her harm to her name and reputation and because these statements are now a matter of public record and have the potential to cause additional harm in the future. Plaintiff, Lareesa Berman claims the statements were as follows: 1) A statement written in an electronic mail from Thomas Kafka to James Bellflower stating, "I asked Connie not to lose sight of the fact that you initially ruled in our favor and that we proved that Chris Berman and his wife embezzled money from our company"; and 2) A document sent to Janice Connell stating, "(Part of the money was embezzled by his wife)." Plaintiff states these statements injured her reputation and meet the standard and legal definition of libel per se.

Defendant, Thomas Kafka does not deny authoring these statements but claims, in his opinion, these statements were substantially true, and made with the protection of privileged.

The Parties must prove all claims and defenses by the preponderance of the evidence. Although Defendant, Thomas Kafka has already admitted that he was the author of the statements claimed by Plaintiff, Lareesa Berman. As such she is relieved from the burden of having to prove Defendant Thomas Kafka is the author of the libelous statements. Libel per se is assumed when it is falsely stated that a person is guilty of having committed a criminal offense and thus meets the legal definition of libel per se. No proof of actual damages is required.

I will now define some of the terms you will use in deciding this case.

Source:        Florida Standard Jury Instructions

21

GRANTED: _____

DENIED: _____

WITHDRAWN: _____

GIVEN AS MODIFIED: _____

3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims,
Preponderance of the Evidence

In this, there is no dispute that Thomas Kafka is the author of statements that Plaintiff Lareesa
Berman claims has libeled her. The statements meet the definition and standard of libel per se, in
which damages or injury to one's reputation or business, do not need to be proven. In the state of
Florida, statements that meet the standard of libel per se are considered so damaging that malice
is automatically presumed.

In deciding whether any fact has been proved by a preponderance of the evidence, you may
consider the testimony of all of the witnesses, regardless of who may have called them, and all of
the exhibits received in evidence, regardless of who may have produced them.

Source:        11th Circuit Court Pattern Jury Instructions (2013)

GRANTED:        _____

DENIED:        _____

WITHDRAWN:        _____

GIVEN AS MODIFIED:        _____

23

3.7.2 Responsibility for Proof – Affirmative Defense Preponderance of the Evidence

In this case, Defendant, Thomas Kafka asserts the affirmative defenses of truth and privilege. Even if Plaintiff, Lareesa Berman proves her claims by a preponderance of the evidence, Defendant, Thomas Kafka can prevail in this case if he proves an affirmative defense by a preponderance of the evidence. I caution you that the Defendant does not have to disprove the Plaintiff's claims, but if the Defendant raises an affirmative defense, the only way he can prevail on that specific defense is if he proves that defense by a preponderance of the evidence. It is the defendant who carries the responsibility of the burden of proof to demonstrate if any form of privilege can protect him from liability for making statements that Plaintiff, Lareesa Berman claims libeled her, and Defendant Kafka must prove by a preponderance of evidence that his statements contained elements of truth in order for you to find for the Defendant.

Source:        11th Circuit Court Pattern Jury Instructions (2013)

GRANTED: _____

DENIED: _____

WITHDRAWN: _____

GIVEN AS MODIFIED: _____

24

405.5 – Negligence

Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances. Negligence can defeat an affirmative defense of qualified privilege. You must decide if Defendant, Thomas Kafka acted negligently in making the statements claimed by Ms. Berman to have libeled her, without a thorough understanding of the facts. Negligence can be said to act on something without thinking it through, or assuming something to be true without having all the facts and then acting on it.

Source:         Florida Standard Jury Instructions

GRANTED:        _____

DENIED:         _____

WITHDRAWN:      _____

GIVEN AS MODIFIED:        _____

25

405.6 – Legal Cause Generally

A statement is a legal cause of loss, injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage, so that it can reasonably be said that, but for the statement, the loss, injury or damage would not have occurred.

Source:          Florida Standard Jury Instructions

GRANTED:          _____

DENIED:          _____

WITHDRAWN: .          _____

GIVEN AS MODIFIED:          _____

26

405.9 ISSUES ON PLAINTIFF'S CLAIM — PRIVATE CLAIMANT, NON-MEDIA
DEFENDANT

The issues for you to decide on the claim of Plaintiff, Lareesa Berman against Defendant,
Thomas A. Kafka are:

Defendant, Thomas Kafka has admitted making the written statements concerning Plaintiff as
she claims; the claim of libel per se automatically assumes damages to Plaintiff's reputation
without a need for further proof of damages.

On the first defense, the issue for your determination is whether the statements were made by the
Defendant and were substantially true and were made by the Defendant with good motives.

A statement is substantially true if its substance or gist conveys essentially the same meaning
that the truth would have conveyed. In making this determination, you should consider the
context in which the statement is made and disregard any minor inaccuracies that do not affect
the substance of the statement.

A recent decision in a U. S. Court of Appeals has ruled that even if the statement that libeled a
person is true, if it was made with malice, to intentionally harm a person's reputation, then truth
is not a defense. (Source: *Noonan v. Staples*)

If the preponderance of the evidence supports this defense, your verdict should be for the
Defendant.

If the preponderance of the evidence does not support this defense then you shall consider the defense of privilege raised by the Defendant.

Source:        Florida Standard Jury Instructions - modified

GRANTED:        _____

DENIED:        _____

WITHDRAWN:        _____

GIVEN AS MODIFIED:        _____

Proposed Instruction

## Defense of Privilege

On the second defense, Defendant, Thomas Kafka has also put forth the litigation privilege defense. The issue for your determination is whether the statements made by Defendant, Thomas Kafka as claimed by Plaintiff, Lareesa Berman were privileged. The absolute litigation privilege affords immunity to participants, including judges, counsel, parties and witnesses, in the judicial and quasi judicial process from any liability arising out of statements published in the course of judicial and quasi judicial proceedings regardless of how false or malicious the statements may be as long as the statements bear some relation to or connection with the subject of inquiry. Proceedings regarding claims for unemployment are considered quasi-judicial. The burden of proof for the defense of privilege rests with Thomas Kafka. You must decide if Thomas Kafka's statements had the protection of, qualified privilege, or no protection of privilege.

## Types of Privilege

There are two types of privilege that can protect a person from liability when making a statement that constitutes libel. The first is Absolute Privilege this Privilege is a special legal right or immunity granted to a person or persons. **Absolute privilege** is immunity from a lawsuit, usually a lawsuit for defamation, even if the action is wrong, malicious, or done with an improper motive. The second form is **Qualified Privilege**. This form of privilege provides only limited immunity from liability when making a statement that has libeled an individual. Statements made that were intentionally harmful, untrue, and made with malice, or negligence are not protected by qualified privilege. Statements made even during the course of a judicial proceeding, if they bear no relationship or relevance to the subject of the proceeding also do not have any protection. Florida law states that conversations and correspondence between an employer, and employee, and the Unemployment Appeals Commission are subject to qualified, not absolute privilege. As the jury, it is your duty to determine if Thomas Kafka's written and oral statements have the protection of qualified privilege or not when Lareesa Berman was not an employee, a witness or had any relationship with or to Thomas Kafka or his company.

29

If the preponderance of the evidence supports this defense, your verdict should be for the Defendant.

If the preponderance of the evidence does not support this defense then you shall find in favor of Plaintiff, Lareesa Berman

Authorities

*Del Monicao vs. Traynor*, 116 So.2d 1205 (Fla. 2013).

*Pomfret v. Atkinson*, 53 So. 3d 413 (Fla. 4th DCA 2011)

Fla. S. 443.041(3)

Prosser Law of Torts, § 115 *1204 (4th Ed. 1971)

*Abraham v. Baldwin*, 52 Fla. 151, 42 So. 591 (1906)

*Mays v. Stratton*, 183 So.2d 43 (Fla. 1st DCA 1966)

*Miami Herald Publishing Co. v. Ane*, 423 So. 2d 376 (Fla. 3d DCA 1982)

*Wilson v. County of Orange*, 881 So. 2d 625 (Fla. 5th DCA 2004)

30

GRANTED: _____

DENIED: _____

WITHDRAWN: _____

GIVEN AS MODIFIED: _____

31

**Burden of Proof**

In most civil cases the burden of proof rests with the Plaintiff. However in this case Thomas
Kafka has already admitted being the author of the statements that libeled Lareesa Berman.
Under Florida law, the admission of the statements that fit the definition of libel per se require no
further proof for the Plaintiff to be awarded damages and constitute malice, by the very
statements themselves.

On issues, called "affirmative defenses," Defendant, Thomas Kafka has the burden of proving
the elements of a defense by a preponderance of the evidence. For example, Thomas Kafka's
defense that there was truth to his statements that he "proved," Lareesa Berman embezzled
money from his company is an affirmative defense and the burden of proof rests with Thomas
Kafka. The Defendant has also claimed that he has immunity or privilege that protects him from
any liability from his statements cited as libel per se. This is also an affirmative defense and it is
up to Thomas Kafka to prove he has any privilege or any immunity. As the jury you are
instructed to consider all the evidence to determine if Thomas Kafka can overcome the burden of
proof of his defenses as he does not deny making and writing the statements that libeled Lareesa
Berman.

Opinion is not a defense when a person has stated as a fact that he or she has proved something
or some event has occurred. A statement of libel that is stated as a fact and can be proven true or
false with a yes or no response is not opinion and is not protected speech under the First
Amendment of the Constitution.

**An explanation of libel per se**

Libel and slander are civil wrongs that harm the reputation of another, decrease respect for that
person and injure a person's good name. The laws that govern libel and slander are identical.
There are two forms of libel: Libel per quod and libel per se. With libel per quod, the plaintiff
has to prove actual monetary and general damages. Unlike libel per quod, damages for libel per
se do not have to be proven, only that the statements that meet the definition of libel per se have

32

been written or spoken and distributed to at least one person. Examples of libel per se are statements that: (i) relate to the person's business or profession to the person's detriment; (ii) falsely claim that the person committed a crime of moral turpitude; (iii) imputes un-chastity on the person; or (iv) claim that the person suffers from a loathsome disease. In this case that you must judge, Thomas Kafka's written and oral communications that Lareesa Berman had been proved to have committed the crime of embezzlement (a felony offense) meets the definition of libel per se.

**The legal standard for the crime of embezzlement:**

Elements common to embezzlement are as follows: (1) the property must belong to a person other than the accused, such as an employer or principal; (2) the property must be converted subsequent to the defendant's original and lawful possession of it; (3) the defendant must be in a position of trust, so that the property is held by him or her pursuant to some fiduciary duty; and (4) the defendant must have an intent to defraud the owner at the time of the conversion. Lastly embezzlement requires an accounting of lost funds and what was done with those funds by the alleged embezzler. A demand must also be made upon the alleged embezzler and there must be intent to deprive the owner of his or her property.

For the accused to commit the crime of embezzlement requires the accused to be an employee of the accuser or to hold a fiduciary position with the accuser or the accuser's company.

405.10 DEFAMATION DAMAGES

If you find for Defendant, Thomas Kafka, you will not consider the matter of damages. But, if you find for Plaintiff, Lareesa Berman, you shall award her an amount of money that will fairly and adequately compensate her for such loss, injury or damage as the greater weight of the evidence shows was caused by the publications in question. You shall consider the following elements of damage:

*Injury to reputation or health; shame, humiliation, mental anguish, hurt feelings and the potential for future and continuing damages as the correspondence in question is and will remain a matter of public record :*

Any injury to reputation or health and any shame, humiliation, mental anguish, and hurt feelings experienced in the past or to be experienced in the future. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any award should be fair and just in the light of the evidence. The jury should keep in mind that statements by Thomas Kafka that Ms. Berman contends libeled her, are now a public record and will remain so, available to anyone who would seek this information, such as a potential employer, or a government agency that would require a background check.

*Nominal damages:*

If you find for Plaintiff, Lareesa Berman but find that no loss, injury or damage, you must award nominal damages. Nominal damages are damages of an inconsequential amount which are awarded to vindicate a right where a wrong is established but no damage is proved. Libel per se, however, is a special kind of libel and is considered to be so harmful on its face that the plaintiff need not prove special damages.

If you find for Plaintiff, Lareesa Berman and against Defendant, Thomas Kafka you should consider whether, in addition to compensatory or nominal damages, punitive damages are warranted in the circumstances of this case as punishment and as a deterrent to others.

Punitive damages are warranted if you find by the preponderance of the evidence that Defendant, Thomas Kafka's primary purpose in making the statement was to indulge ill will, hostility, and an intent to harm Plaintiff, Lareesa Berman.

Source:        Florida Standard Jury Instructions

GRANTED:        _____

DENIED:        _____

WITHDRAWN:        _____

GIVEN AS MODIFIED:        _____

503.2(c)        Punitive Damages Non-Bifurcated Procedure

If you decide that punitive damages that are warranted against Defendant, Thomas Kafka then you must decide the amount of punitive damages, if any, to be assessed as punishment against him and as a deterrent to others. This amount would be in addition to the compensatory and/or nominal damages you have previously awarded. In making this determination, you should consider the following:

(1).    the nature, extent and degree of misconduct and the related circumstances, including the following:

(A).    whether the wrongful conduct was motivated solely by unreasonable financial gain;

(B).    whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known by Defendant, Thomas Kafka;

(C).    whether, at the time of loss, injury or damage, Defendant, Thomas Kafka had a specific intent to harm Plaintiff, Lareesa Berman and the conduct of Defendant, Thomas Kafka.

You may in your discretion decline to assess punitive damages.

36

Source:        Florida Standard Jury Instructions

GRANTED:        _____

DENIED:        _____

WITHDRAWN:        _____

GIVEN AS MODIFIED:        _____

3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Source:          Florida Standard Jury Instructions

GRANTED:          _____

DENIED:          _____

WITHDRAWN:          _____

GIVEN AS MODIFIED:          _____

39

**Section 700 – Closing Instructions**

Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict and the closing arguments of the attorney and the pro se party. You will shortly retire to the jury room to decide this case. [Before you do so, I have a few last instructions for you.]

During deliberations, jurors must communicate about the case only with one another and only when all jurors are present in the jury room. You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or any other reference materials. Do not investigate the case or conduct any experiments. Do not visit or view the scene of any event involved in this case or look at maps or pictures on the Internet. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.

You are not to communicate with any person outside the jury about this case. Until you have reached a verdict, you must not talk about this case in person or through the telephone, writing, or electronic communication, such as a blog, twitter, e-mail, text message, or any other means. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. These communications rules apply until I discharge you at the end of the case. If you become aware of any violation of these instructions or any other instruction I have given in this case, you must tell me by giving a note to the bailiff

Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial

.

At the conclusion of the trial, the bailiff will collect all of your notes and immediately destroy them. No one will ever read your notes.

In reaching your verdict, do not let bias, sympathy, prejudice, public opinion, or any other sentiment for or against any party to influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.

Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.

Pay careful attention to all the instructions that I gave you, for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important, and you must consider all of them together. There are no other laws that apply to this case, and even if you do not agree with these laws, you must use them in reaching your decision in this case.

When you go to the jury room, the first thing you should do is choose a presiding juror to act as a foreperson during your deliberations. The foreperson should see to it that your discussions are orderly and that everyone has a fair chance to be heard.

It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.

41

[I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the form to you: (read form of verdict) ]

[You will be given one form of verdict, which I shall now read to you: (read form of verdict(s)) ]

Your verdict[s] must be unanimous, that is, your verdict must be agreed to by each of you. When you have agreed on your verdict and finished filling out the forms, your foreperson must write the date and sign it at the bottom and return the verdicts to the bailiff.

If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split or the reason for the communication.

You may now retire to decide your verdicts.

Source:        Florida Standard Jury Instructions

GRANTED:        _____

DENIED:        _____

WITHDRAWN:        _____

GIVEN AS MODIFIED:        _____

43

## CERTIFICATE OF SERVICE

In accordance with Local Rule 3.01(g), the parties have conferred by telephone and Defendant is opposed to this motion.

Respectfully submitted by
Lareesa Berman
303 Augusta Circle
St. Augustine, Fl 32086

I hereby certify that a true and correct copy of the foregoing was sent on the date set forth below. Dated: October 30, 2014, and sent by US mail to Todd Springer, the undersigned counsel, 301 West Bay St. Suite 1050, Jacksonville, FL 32202.

44