FILED

## United States District Court
## Middle District of Florida
## Jacksonville Division

2014 OCT 30  PM 3: 54

MIDDLE ... ... ... FLORIDA
JACKSONVILLE, FLORIDA

Lareesa Berman – *pro se*

        Plaintiff

v.                                                    Case No.3:13-cv-1109-J-JBT

Thomas A. Kafka,

        Defendant

_____/

### <u>VERDICT FORM</u>

1. Do you find from the preponderance of the evidence that Defendant, THOMAS KAFKA made defamatory statements that constitute libel per se regarding Plaintiff, LAREESA BERMAN?

YES_____                              NO_____

If you answered YES to Question 1, please answer Question 2. If you answer NO, you should not proceed further except to date and sign this verdict from and return it to the courtroom.

2. Do you find from the preponderance of evidence that the statements were made with disregard for truth and accuracy by Defendant KAFKA?

YES_____                              NO_____

If you answered YES to Question 2, please answer Question 3. If you answer NO, you should not proceed further except to date and sign this verdict from and return it to the courtroom.

3. Do you fully understand the terms privilege and qualified privilege and how they pertain to THOMAS KAFKA'S defense?

YES_____                              NO_____

If you answered YES to Question 3, please answer Question 4. If you answer NO, you should not proceed further and you must ask the Court for a full explanation of these terms and how they affect the liability of Defendant, THOMAS KAFKA.

Question 3 is a problem. You are asking a jury of individuals who are not trained in the law to draw a legal conclusion about the differences between litigation privilege, absolute immunity, and qualified immunity and what constitutes a "quasi-judicial proceeding." This will be more in the way of a law school lesson on very technical legal definitions and will require the jury to draw a legal conclusion. Even your witnesses, Mr. Bellflower and Ms. Connell were told by the DEO's attorney that they were not qualified to draw a legal conclusion.

The jury will be required to make a specific determination of law that Defendant KAFKA was able to overcome the burden of proof for his defense of privilege. If they are unclear on the law or the forms of privilege or immunity and how they apply to this case, they are required to say so.

4. Florida law presumes damages for libel per se. Under Florida law, statements that constitute libel per se are automatically deemed as Malice. No further preponderance of evidence is required beyond the fact that statements that constitute libel per se were uttered by Defendant, KAFKA. The very utterance of a statement that meets the definition of libel per se assumes intentional harm, ill will, and hostility.
Plaintiff is entitled to recover compensatory damages, general damages, and punitive damages as follows:

    A. Compensatory damages for injury to reputation, shame and humiliation and for future unspecified damages as the written correspondence that constitutes libel per se is a matter of public record and may be accessed at any time, by anyone.

        $_____

    B. Punitive damages as both a punishment and a deterrent to future behavior.

        $_____

    C. General damages

        $_____


SO SAY WE ALL this_____ day of November, 2014.


_____

Foreperson

## CERTIFICATE OF SERVICE

Respectfully submitted by
Lareesa Berman
303 Augusta Circle
St. Augustine, Fl 32086

_____

I hereby certify that a true and correct copy of the foregoing was sent on the date set forth

below.  Dated: October 30, 2014, and sent by US mail to Todd Springer, the undersigned

counsel, 301 West Bay St. Suite 1050, Jacksonville, FL 32202.