IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:  3:13-CV-01109-JBT

LAREESA BERMAN,

  Plaintiff(s),

v.

THOMAS A. KAFKA,

  Defendant.

_____/

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

1.1 General Preliminary Instructions Before Trial

Members of the Jury:

  Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

  It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

<u>What is evidence</u>:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments as well the pro se party's unsworn statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers and pro se party will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' and pro se party's questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer or pro se party's question suggests that it is. For example, a lawyer or pro se party may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer or pro se party asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses</u>:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

&middot; the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

&middot; the witness's memory;

&middot; the witness's manner while testifying;

&middot; any interest the witness has in the outcome of the case;

&middot; any bias or prejudice the witness may have;

&middot; any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Lareesa Berman, claims the Defendant, Thomas Kafka committed libel per se by issuing false written statements accusing her of committing a crime. Defendant, Thomas Kafka denies those claims and contends that the statements made were substantially true and made with good motives and/or privileged.

Burden of proof:

Plaintiff, Lareesa Berman has the burden of proving her case by what the law calls a "preponderance of the evidence." That means Plaintiff, Lareesa Berman must prove that, in light of all the evidence, what she claims is more likely true than not. So, if you could put the evidence favoring Plaintiff, Lareesa Berman and the evidence favoring Defendant, Thomas A. Kafka on opposite sides of balancing scales, Plaintiff, Lareesa Berman needs to make the scales tip to her side. If she fails to meet this burden, you must find in favor of Defendant, Thomas Kafka..

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Defendant, Thomas Kafka has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you

on the facts Defendant, Thomas Kafka must prove for any affirmative defense. After considering all the evidence, if you decide that Defendant, Thomas Kafka has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important

that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiff, Lareesa Berman will present her witnesses and ask them questions. After she questions the witness, Defendant, Thomas Kafka may ask the witness questions – this is called "cross-examining" the witness. Then Defendant, Thomas Kafka will present his witnesses, and Plaintiff, Lareesa Berman may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

Source:        11th Circuit Court Pattern Jury Instructions (2013) - Modified

GRANTED:                         _____

DENIED:                          _____

WITHDRAWN:                       _____

GIVEN AS MODIFIED:          _____

1.4 Jury Questions

During this trial, you may submit questions to a witness after the lawyers and pro se party have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers and pro se party in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

Source:        11th Circuit Court Pattern Jury Instructions (2013) - modified

GRANTED:                          _____

DENIED:                           _____

WITHDRAWN:                        _____

GIVEN AS MODIFIED:                _____

3.1 Introduction

UNITED STATES DISTRICT COURT
MIDDLE  DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:13-CV-01109-J-JBT

Lareesa Berman,

      Plaintiff,

vs.

Thomas A. Kafka,

      Defendant.

_____/

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

Source:        11th Circuit Court Pattern Jury Instructions (2013)

GRANTED:                    _____


DENIED:                        _____


WITHDRAWN:               _____


GIVEN AS MODIFIED:     _____

3.2 The Duty to Follow Instructions – No Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

Source:         11th Circuit Court Pattern Jury Instructions (2013)

GRANTED:                         _____

DENIED:                            _____

WITHDRAWN:                     _____

GIVEN AS MODIFIED:          _____

3.3 Consideration of Direct and Circumstantial Evidence;
     Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

Source:          11th Circuit Court Pattern Jury Instructions (2013)


GRANTED:                        _____


DENIED:                         _____


WITHDRAWN:                      _____

GIVEN AS MODIFIED:       _____

DEFENDANT'S PROPOSED JURY INSTRUCITON

Objections by Counsel or Pro Se Party

It is the duty of the attorneys and Pro Se Party to object when the other side offers testimony or other evidence which the they believe is not properly admissible.  Therefore, you should not be prejudiced against an attorney or his or her client or the pro se party because the attorney or pro se party has made objections.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not indicate any opinion as to the weight or effect of such evidence.  As stated before, the jurors are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

GRANTED:                        _____

DENIED:                         _____

WITHDRAWN:                      _____

GIVEN AS MODIFIED:              _____

3.4 Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence

Source:        11th Circuit Court Pattern Jury Instructions (2013)

GRANTED:                             _____

DENIED:                              _____

WITHDRAWN:                           _____

GIVEN AS MODIFIED:                   _____

3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Source:          11th Circuit Court Pattern Jury Instructions (2013)

GRANTED:                    _____

DENIED:                      _____

WITHDRAWN:                  _____

GIVEN AS MODIFIED:          _____

405.2  Summary of Claims and Contentions

The claims and defenses in this case are as follows.  Plaintiff, Lareesa Berman claims that Thomas Kafka made false written statements about her which caused her harm.   Plaintiff, Lareesa Berman claims the statements were as follows:  1) A statement written in an electronic mail from Thomas Kafka to James Bellflower stating, "I asked Connie not to lose sight of the fact that you initially ruled in our favor and that we proved that Chris Berman and his wife embezzled money from our company"; and 2) A document sent to Janice Connell stating, "(Part of the money was embezzled by his wife)."   Plaintiff claims these statements injured her reputation.

Defendant, Thomas Kafka denies these claims and also claims that these statements were substantially true and made with good motives and/or privileged.

The Parties must prove all claims and defenses by the preponderance of the evidence.  I will now define some of the terms you will use in deciding this case.

Source:        Florida Standard Jury Instructions

GRANTED:                          _____

DENIED:                              _____

WITHDRAWN:                     _____

GIVEN AS MODIFIED:         _____

3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims,

Counterclaims – Preponderance of the Evidence

In this case it is the responsibility of Plaintiff, Lareesa Berman to prove every essential part of her claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that her claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Plaintiff, Ms. Berman.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Ms. Berman's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

Source:          11th Circuit Court Pattern Jury Instructions (2013)

GRANTED:                         _____


DENIED:                          _____


WITHDRAWN:                       _____


GIVEN AS MODIFIED:               _____

3.7.2 Responsibility for Proof – Affirmative Defense

     Preponderance of the Evidence

    In this case, Defendant, Thomas Kafka asserts the affirmative defenses of truth and privilege. Even if Plaintiff, Lareesa Berman proves her claims by a preponderance of the evidence, Defendant, Thomas Kafka can prevail in this case if he proves an affirmative defense by a preponderance of the evidence.

    I caution you that the Defendant does not have to disprove the Plaintiff's claims, but if the Defendant raises an affirmative defense, the only way he can prevail on that specific defense is if he proves that defense by a preponderance of the evidence.

Source:       11th Circuit Court Pattern Jury Instructions (2013)

GRANTED:            _____

DENIED:               _____

WITHDRAWN:         _____

GIVEN AS MODIFIED:      _____

405.5 – Negligence

Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances.  Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.

Source:        Florida Standard Jury Instructions

GRANTED:                        _____

DENIED:                         _____

WITHDRAWN:                      _____

GIVEN AS MODIFIED:              _____

405.6 – Legal Cause Generally

A statement is a legal cause of loss, injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage, so that it can reasonably be said that, but for the statement, the loss, injury or damage would not have occurred.

Source:       Florida Standard Jury Instructions

GRANTED:                          _____

DENIED:                             _____

WITHDRAWN:                      _____

GIVEN AS MODIFIED:          _____

405.9  ISSUES ON PLAINTIFF'S CLAIM — PRIVATE CLAIMANT,

NON-MEDIA DEFENDANT

The issues for you to decide on the claim of Plaintiff, Lareesa Berman against Defendant, Thomas A. Kafka are:

Whether Defendant, Thomas Kafka made the written statements concerning Plaintiff as she claims; and, if so, whether the statements tended to expose Plaintiff to hatred, ridicule or contempt or tended to injure Plaintiff in her business, reputation, or occupation or whether the statements charged that Ms. Berman committed a crime.

If the preponderance of the evidence does not support Plaintiff's claim on these issues, then your verdict should be for the Defendant. However, if the preponderance of the evidence supports Plaintiff's claim on these issues, then you shall consider the defense of truth and good motives and the defense of privilege raised by the Defendant.

On the first defense, the issue for your determination is whether the statements were made by the Defendant and were substantially true and were made by the Defendant with good motives.

A statement is substantially true if its substance or gist conveys essentially the same meaning that the truth would have conveyed. In making this determination, you should consider the context in which the statement is made and disregard any minor inaccuracies that do not affect the substance of the statement.

If the preponderance of the evidence supports this defense, your verdict should be for the Defendant.

If the preponderance of the evidence does not support this defense then you shall consider the defense of qualified privilege raised by the Defendant.

On the defense of qualified privilege, I instruct you that provided one does not speak with improper motives, which I shall explain in a moment, a person such as the Defendant is privileged to make a statement to someone such as James Bellflower and Janice Connell of the Department of Economic Opportunity about another such as the Plaintiff even if the statement is untrue, under the following circumstances:

When the statements were made to others who have an interest in the statements made, the statements are limited in scope to a specific purpose and were published on proper occasion in a proper manner.  As the facts apply here you must determine whether the statements made by Defendant to James Bellflower and Janice Connell regarding the award of unemployment benefits to Chris Berman were properly limited to the unemployment proceedings.  You must also determine whether the Defendant had an interest in the statements to be upheld regarding the unemployment proceedings and whether Defendant made these statements on a proper occasion and in a proper manner.

If the preponderance of the evidence does not show that these circumstances existed, then you must find that the Defendant had not privilege to make such a statement even with proper motives.  However, if the preponderance of the evidence does show that the Defendant spoke under circumstances creating such a privilege, then you should decide whether, as Plaintiff claims, Defendant made the statement with improper motives abusing that privilege.

One makes a false statement about another with improper motives if one's primary motive and purpose in making the statement is to gratify one's ill will, hostility and intent to harm the

other, rather than to advance or protect the Defendant's interest, right or duty to speak to James Bellflower and Janice Connell on that subject.

If the preponderance of the evidence does not support Plaintiff's claim that the Defendant abused any privilege he had and the preponderance of the evidence does support the defense of qualified privilege, then your verdict should be for Defendant.

However, if the greater weight of the evidence supports Plaintiff's claim that the Defendant abused any privilege he had, then your verdict should be for Plaintiff in the total amount of her damages.

Authorities

Florida Standard Jury Instructions 405.9 – modified. Delmonicao vs. Traynor, 116 So.2d 1205 (Fla. 2013). Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. vs U.S. Fire, 639 So.2d 606, 608 (Fla. 1994); Shaw vs. R.J. Reynolds Tobacco Co., 818 F.Supp 1539 (M.D. Fla 1993).

GRANTED:                              _____


DENIED:                              _____


WITHDRAWN:                        _____


GIVEN AS MODIFIED:              _____

Defendant's Proposed Instruction

Defense of Litigation Privilege

On the second defense, Defendant, Thomas Kafka has also put forth the litigation privilege defense and defense of qualified privilege. The issue for your determination is whether the statements made by Defendant, Thomas Kafka as claimed by Plaintiff, Lareesa Berman were privileged. The absolute litigation privilege affords immunity to participants, including judges, counsel, parties and witnesses, in the judicial and quasi judicial process from any liability arising out of statements published in the course of judicial and quasi judicial proceedings regardless of how false or malicious the statements may be as long as the statements bear some relation to or connection with the subject of inquiry. Proceedings regarding claims for unemployment are considered quasi-judicial.

If the preponderance of the evidence supports this defense, your verdict should be for the Defendant.

If the preponderance of the evidence does not support this defense then you shall consider whether Defendant's statements are afforded protection pursuant to a qualified privilege.

Authorities

Delmonicao vs. Traynor, 116 So.2d 1205 (Fla. 2013). Robertson vs. Industrial Insurance Co., 75 So.2d 198 (Fla. 1954), Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. vs U.S. Fire, 639 So.2d 606, 608 (Fla. 1994). Gandy vs. Trans World Computer Tech. Grp., 787 So.2d 116, 119 (Fla. 2nd DCA 2001). Pearl vs. Omni Intern of Miami, Ltd, 439 So.2d 316.

GRANTED: _____

DENIED: _____

WITHDRAWN:                     _____


GIVEN AS MODIFIED:            _____

Defendant's Proposed Instruction

Pure Opinion

Defendant, Thomas Kafka has raised the defense that his statements were opinions. Pure opinion occurs when the defendant makes a comment or states an opinion based on facts which are set forth in the article or which are otherwise known or available to the reader and are not defamatory.

The issue for your determination on this defense is whether the published statements contained a sufficient factual basis to support the opinions stated by Defendant, Thomas Kafka

If the preponderance of the evidence establishes that the published statements contained a sufficient factual basis to support the opinions stated by Defendant, Thomas Kafka, then your verdict shall be for William Elrod Clark.

If the preponderance of the evidence does not support this defense of and the preponderance of the evidence does support the claim of Plaintiff on the issue of defamation then you shall consider the defense of privilege.

SOURCE: *Keller v. Miami Herald*, 778 F.2d 711, 715 (11th Cir. 1985); *Smith v. Taylor County Publishing Company, Inc*., 443 So.2d 1042, 1047 (Fla. 1st DCA 1983); *From v. Tallahassee Democrat, Inc*., 400 So.2d 52, 57 (Fla. 1st DCA 1981); .  Johnson vs. Clark, 484 F.Supp 2d 1242 (Fla. M.D. 2007).

## 405.10  DEFAMATION DAMAGES

If you find for Defendant, Thomas Kafka, you will not consider the matter of damages. But, if you find for Plaintiff, Lareesa Berman, you shall award her an amount of money that will fairly and adequately compensate her for such loss, injury or damage as the greater weight of the evidence shows was caused by the publications in question. You shall consider the following elements of damage:

*Injury to reputation or health; shame, humiliation, mental anguish, hurt feelings:*

Any injury to reputation or health and any shame, humiliation, mental anguish, and hurt feelings experienced in the past or to be experienced in the future. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any award should be fair and just in the light of the evidence.

*Nominal damages:*

If you find for Plaintiff, Lareesa Berman but find that no loss, injury or damage has been proved, you must award nominal damages. Nominal damages are damages of an inconsequential amount which are awarded to vindicate a right where a wrong is established but no damage is proved.

If you find for Plaintiff, Lareesa Berman and against Defendant, Thomas Kafka you should consider whether, in addition to compensatory or nominal damages, punitive damages are warranted in the circumstances of this case as punishment and as a deterrent to others.

Punitive damages are warranted if you find by the preponderance of the evidence that Defendant, Thomas Kafka's primary purpose in making the statement was to indulge ill will, hostility, and an intent to harm Plaintiff, Lareesa Berman.

Source:        Florida Standard Jury Instructions

GRANTED:                         _____

DENIED:                          _____

WITHDRAWN:                       _____

GIVEN AS MODIFIED:               _____

503.2(c)       Punitive Damages Non-Bifurcated Procedure

If you decide that punitive damages that are warranted against Defendant, Thomas Kafka then you must decide the amount of punitive damages, if any, to be assessed as punishment against him and as a deterrent to others. This amount would be in addition to the compensatory and/or nominal damages you have previously awarded. In making this determination, you should consider the following:

(1).       the nature, extent and degree of misconduct and the related circumstances, including the following:

(A).       whether the wrongful conduct was motivated solely by unreasonable financial gain;

(B).       whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known by Defendant, Thomas Kafka;

(C).       whether, at the time of loss, injury or damage, Defendant, Thomas Kafka had a specific intent to harm Plaintiff, Lareesa Berman and the conduct of Defendant, Thomas Kafka.

You may in your discretion decline to assess punitive damages.

Source:        Florida Standard Jury Instructions

GRANTED:                       _____

DENIED:                         _____

WITHDRAWN:                     _____

GIVEN AS MODIFIED:              _____


3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Source:         Florida Standard Jury Instructions

GRANTED:                        _____


DENIED:                         _____


WITHDRAWN:                      _____


GIVEN AS MODIFIED:              _____

**Section 700 – Closing Instructions**

Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict and the closing arguments of the attorneys. You will shortly retire to the jury room to decide this case. [Before you do so, I have a few last instructions for you.]

During deliberations, jurors must communicate about the case only with one another and only when all jurors are present in the jury room. You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or any other reference materials. Do not investigate the case or conduct any experiments. Do not visit or view the scene of any event involved in this case or look at maps or pictures on the Internet. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.

You are not to communicate with any person outside the jury about this case. Until you have reached a verdict, you must not talk about this case in person or through the telephone, writing, or electronic communication, such as a blog, twitter, e-mail, text message, or any other means. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. These communications rules apply until I discharge you at the end of the case. If you become aware of any violation of these instructions or any other instruction I have given in this case, you must tell me by giving a note to the bailiff.

Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor

those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.

At the conclusion of the trial, the bailiff will collect all of your notes and immediately destroy them. No one will ever read your notes.

In reaching your verdict, do not let bias, sympathy, prejudice, public opinion, or any other sentiment for or against any party to influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.

Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.

Pay careful attention to all the instructions that I gave you, for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important, and you must consider all of them together. There are no other laws that apply to this case, and even if you do not agree with these laws, you must use them in reaching your decision in this case.

When you go to the jury room, the first thing you should do is choose a presiding juror to act as a foreperson during your deliberations. The foreperson should see to it that your discussions are orderly and that everyone has a fair chance to be heard.

It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the

evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.

[I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the form to you: (read form of verdict) ]


[You will be given one form of verdict, which I shall now read to you: (read form of verdict(s)) ]

Your verdict[s] must be unanimous, that is, your verdict must be agreed to by each of you. When you have agreed on your verdict and finished filling out the forms, your foreperson must write the date and sign it at the bottom and return the verdicts to the bailiff.

If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split or the reason for the communication.

You may now retire to decide your verdicts.

Source:        Florida Standard Jury Instructions

GRANTED:                        _____


DENIED:                        _____


WITHDRAWN:                    _____

GIVEN AS MODIFIED:      _____