UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAREESA BERMAN,

       Plaintiff,

v.                                CASE NO. 3:13-cv-1109-J-JBT

THOMAS A. KAFKA,

       Defendant.

_____/

## SUPPLEMENTAL ORDER

**THIS CAUSE** is before the Court on Nonparty Christopher Berman's Motion for Reconsideration of the Order Compelling Deposition Testimony ("Motion") (Doc. 128) and Defendant's Response thereto (Doc. 129).  This Supplemental Order explains why the Court denied the Motion on October 29, 2014.  (Doc. 130.)

### I.    Background

On July 15, 2014, Defendant filed a Motion to Compel Deposition Testimony and for Sanctions ("Motion to Compel") (Doc. 92) which sought to compel deposition testimony from Plaintiff's husband, Christopher Berman.   Although Plaintiff responded to this Motion (*see* Doc. 104), Mr. Berman did not.  On October 1, 2014, the Court denied the Motion to Compel because "there [was] no indication that Mr. Berman was served with the Motion or otherwise provided notice of the same as required by Rule 37(a)(1)."   (Doc. 122 at 2.)   Defendant filed a Motion for Reconsideration of the October 1 Order ("Motion for Reconsideration") (Doc. 123)

Case 3:13-cv-01109-JBT   Document 159   Filed 11/03/14   Page 2 of 6 PageID 2657

that cited a separate certificate of service of the same date (Doc. 93), which the Court overlooked, stating that both Plaintiff and Mr. Berman were served with the Motion to Compel.  The Motion for Reconsideration was served on Mr. Berman as well as Plaintiff.  (Doc. 123 at 3.)  Mr. Berman did not respond to the Motion for Reconsideration, although Plaintiff did.  (*See* Doc. 126.)  On October 20, 2014, the Court granted the Motion for Reconsideration and ordered Mr. Berman to appear for a second deposition.  (Doc. 127.)  Mr. Berman now seeks reconsideration of the October 20 Order ("Order").  (Doc. 128.)

## II.    Standard

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly."  *United States v. Edler*, Case No. 13-60168-CR, 2013 WL 4543695, at *1 (S.D. Fla. Aug. 27, 2013) (quotations omitted).  "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  *Id.* (quotations omitted).  "Only three major grounds generally justify reconsideration:  (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."  *Id.* (quotations omitted).

## III.    Analysis

Mr. Berman argues that reconsideration of the Order is necessary to correct "clear error."  (Doc. 128 at 1.)  Mr. Berman makes multiple arguments in support of his assertion.  The Court will address each in turn.

2

## A.    Receipt of the Motion to Compel

First, Mr. Berman asserts that he was "never served with a Motion to Compel issued by the Defendant's attorney," and he attaches an affidavit stating that he "was never sent a Motion to Compel Deposition Testimony by Thomas Kafka's attorney . . . , and [he] was never informed the motion had ever been sent." (Doc. 128 at 1, 5.)  Interestingly, Mr. Berman does not deny that he knew about the Motion to Compel or that he received it from some other source, such as his wife, Plaintiff.

"The common law has long recognized a rebuttable presumption that an item properly mailed was received by the addressee." *In re Farris*, 365 F. App'x 198, 199 (11th Cir. 2010) (quotations omitted).  Where there is "a certificate of service showing that the [document] was mailed to [the intended recipient] at his home address," it is "presumed that the [document] was received." *Id.* at 200.  "The presumption of receipt may be rebutted . . . by producing evidence which would support a finding of the non-existence of the presumed fact." *Id.* (quotations omitted).  "The mere denial of receipt, without more, is insufficient to rebut the presumption." *Id.*  However, "direct testimony of nonreceipt, combined with other evidence, may be sufficient to rebut the presumption." *Id.*

Defendant's certificate of service indicating that the Motion to Compel was mailed to Mr. Berman at his home address creates a rebuttable presumption that the document was received.  (*See* Doc. 93.)  Mr. Berman's affidavit is insufficient to overcome this presumption.  As noted above, it does not even state that Mr. Berman

did not receive the Motion to Compel, but only that it was not sent by Defendant's attorney.  (Doc. 128 at 5.)  The wording of Mr. Berman's affidavit is confusing at best, and is clearly insufficient to overcome the presumption of receipt.  Moreover, even assuming Mr. Berman's affidavit constitutes some evidence that he did not receive the Motion to Compel, this testimony alone is insufficient to rebut the presumption because it is not "combined with other evidence."  *See In re Farris*, 365 F. App'x at 200.

Additionally, Mr. Berman's argument regarding service of the Motion to Compel is untimely because he did not raise it in response to Defendant's Motion for Reconsideration.  Defendant's Motion for Reconsideration contains a certificate of service stating that it was mailed to both Plaintiff and Mr. Berman.  (Doc. 123 at 3.)  Therefore, it is presumed that Mr. Berman received the Motion for Reconsideration.  Although Mr. Berman argues that he "never received the documents claimed to have been sent by the attorney for Thomas Kafka," he does not specifically argue, or offer any evidence, that he was not served with the Motion for Reconsideration.  (*See* Doc. 128.)  Therefore, Mr. Berman has failed to rebut the presumption of receipt.  The Motion for Reconsideration was based on Defendant's argument that Mr. Berman was served with the Motion to Compel.  (*See* Doc. 123.)  Any argument to the contrary should have been raised by Mr. Berman in response to the Motion for Reconsideration.  Therefore, there is no new evidence to consider which could not have been previously presented, nor is there any manifest injustice because Mr.

4

Berman could have responded to the Motion for Reconsideration.

### B.    Reference to Confidential Settlement Agreement

Next, Mr. Berman notes that the Court cited "*Berman v. Trifecta Gaming USA, Inc.*" instead of "*Berman v. Thomas Kafka and Julie Kafka et al.*" as the previous lawsuit containing the confidential settlement agreement discussed in the Motion to Compel.  (Doc. 128 at 2.)   Mr. Berman is correct.   However, the Court also referenced the case containing the agreement as "Case No. 3:10-cv-718-J-32MCR." (Doc. 127 at 3 n.1.)   Mr. Berman does not dispute that this is the correct case number for *Berman v. Thomas Kafka and Julie Kafka et al.*, or that the subject settlement agreement is found in Case No. 3:10-cv-718-J-32MCR.   In short, the Court reviewed the correct settlement agreement and correctly referenced, by case number, the case in which it was filed.   Therefore, any error suggested by Mr. Berman regarding the Court's citation is harmless.

### C.    Service of Deposition Subpoena

Next, without further explanation, Mr. Berman states that he voluntarily appeared at his first deposition "despite being served a subpoena that lacked either a mileage or a witness fee as required by Rule 45."  (Doc. 128 at 2.)  Although it is unclear how this relates to the instant Motion, Mr. Berman waived any arguments regarding insufficient service of the subject subpoena by appearing at the deposition.

### D.    Conferral

Finally, Mr. Berman states that "[t]he attorney for Defendant Kafka never

attempted to confer with the Nonparty to resolve ant [sic] issues before filing a motion to compel." (*Id.*)  Federal Rule of Civil Procedure 37(a)(1) provides that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Defendant's Motion to Compel contains a "Certification" stating that "[t]he undersigned asked Mr. Berman throughout the deposition whether he would respond to the subject questions to which he refused resulting in the Motion."  (Doc. 92 at 6.)  The Court finds this sufficient for purposes of Rule 37.

Accordingly, the Motion (**Doc. 128**) was denied.

**DONE AND ENTERED** at Jacksonville, Florida, on November 3, 2014.

_Joel B. Toomey_
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Pro Se Party

Counsel of Record

Christopher Berman
303 Augusta Circle
St. Augustine, Florida 32086

6