United States District Court
Middle District of Florida
Jacksonville Division

**LAREESA BERMAN,**

    *Plaintiff,*

v.                                                                                           NO. 3:13-cv-1109-J-JBT

**THOMAS A. KAFKA,**

    *Defendant.*

---

## Order Setting Settlement Conference

Upon the Honorable Joel B. Toomey's request, Doc. 161, a settlement conference is scheduled for **December 11, 2014, at 9:30 a.m.,** before the Honorable Patricia D. Barksdale, at the Bryan A. Simpson United States Courthouse, in Courtroom 5B (5th floor), 300 North Hogan Street, Jacksonville, Florida, 32202. Both parties and the defendant's lead counsel must attend in person. The parties should treat the conference seriously; less than five percent of civil cases proceed to trial.

No later than **December 4, 2014**, each party must submit directly to the Court a confidential letter setting forth, at a minimum, **(1)** the key disputed issue or issues that remain, **(2)** the minimum and maximum damages available to the plaintiff if she prevails, **(3)** whether an attorney's fee award is available to the defendant if he prevails, and, if so, the approximate amount of attorney's fees expected to be expended if the case proceeds through trial, **(4)** the approximate amount of costs under the categories in 28

U.S.C. § 1920[1] that the party expects to expend if the case proceeds through trial, **(5)** the last rejected offer (if any), and **(6)** the names of the persons attending the conference with the party. The letters are for the Court's benefit only, and the Court will not disclose their content. The parties should send them to chambers by hand-delivery, e-mail (chambers_flmd_barksdale@flmd.uscourts.gov), or facsimile ((904) 549-1957), without providing a copy to the opposing party. The Court will destroy them after the settlement conference regardless of whether the parties settle.

The Court will conduct the settlement conference using a typical mediation format. The Court will begin the conference on the record in the courtroom by explaining the process and providing each party with an opportunity to briefly present his or her position in a non-adversarial manner. The Court will then separate the parties and meet with each one, going back and forth as warranted. The Court will end the conference in the courtroom by announcing on the record whether the case has settled. Statements made at the settlement conference are protected; if the case proceeds to trial, they cannot be entered into the record.[2]

---

[1] Section 1920 enumerates the following cost categories: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under [28 U.S.C. § 1923]; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828]."

[2] For more on the protection of statements made during settlement conferences, the Court directs the parties to Federal Rule of Evidence 408 ("Compromise Offers and Negotiations"), Chapter Nine of the Local Rules ("Court Annexed Mediation"), and, in particular, Local Rule 9.07(b) ("Restrictions on the Use of Information Derived During the Mediation Conference").

Please note that anyone entering the courthouse must have photo identification and that only lawyers with either a Florida Bar identification card or a pro-hac-vice order may enter the courthouse with electronic devices. *See* General Order, Doc. 1, No. 6:13-mc-94-Orl-22.

**Ordered** in Jacksonville, Florida, on November 13, 2014.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of Record

Lareesa Berman
303 Augusta Circle
St. Augustine, FL 32086