FILED

**United States District Court
Middle District of Florida
Jacksonville Division**

2014 DEC -5  PM 12: 35

MIDDLE D...... ..  FLORIDA
JACKSONVILLE, FLORIDA

Lareesa Berman – *pro se*

                      Plaintiff

v.                                            Case No.3:13-cv-01109-J-JBT

Thomas A. Kafka,

                      Defendant

_____/

**PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION IN LIMINE PREVENTING EVIDENCE AS TO VIOLATION OF RULE 60 BB-6007 REGARDING EX PARTE COMMUNICATIONS**

As Defendant Kafka has stated immunity or privilege as an affirmative defense, it is vital that Plaintiff show there was no litigation, no appeal, and no judicial or quasi-judicial procedure in effect in August of 2011, when Defendant libeled Plaintiff. That any correspondence by Thomas Kafka to the DEO was ex-parte.

Plaintiff opposes the Defendant's motion to prevent the introduction of evidence, the lawful rule by the DEO concerning ex parte communications. A statute or a law or legal code is no secret and can be entered into a court proceeding. Defendant states no case law to support this motion to bend the rules and can argue the point at trial whether Defendant was making ex-parte statements or not. There is no law or statue that can prevent the existence of a statute or a rule of law from being entered into evidence. If, as Defendant claims he had qualified immunity, he would not object to the inclusion of the rules of the Unemployment Appeals Commission. Defendant's assertion of qualified

1

immunity without legal support and excluding the rules that govern *ex-parte* communication make this "just take my word for it," defense inadmissible as hearsay.

Defendant's witness, James Bellflower was asked in deposition testimony by Defendant's counsel to make a determination of the existence of a quasi-judicial proceeding (asking Mr. Bellflower to make a legal determination) Plaintiff had also asked James Bellflower to make a determination if communication by Thomas Kafka was *ex-parte*, but Mr. Bellflower replied that he was unfamiliar with the term "*ex-parte*," and the DEO's rule regarding *ex-parte* communications" The attorney for the DEO stated during the deposition that James Bellflower was not qualified to give a legal opinion or to make a legal determination. This being so, the existence of the rule that govern *ex-parte* communications must be permitted as evidence to counter Defendant's affirmative defense of qualified immunity and for impeachment.

Plaintiff wishes to explain the law and the consequences of not following the rules of the DEO. Since Defendant Kafka's original appeal of the award of benefits to Plaintiff's husband was closed and final on September 9, 2010, and benefits were awarded Plaintiff's husband, then there was no longer any quasi-judicial process. The regulations of the UAC/ DEO state that once a determination is made and all benefits have been paid, the matter is closed. Defendant Kafka could have filed an appeal of the final ruling as he had 20 days to do so but he did not:

**60BB-6.003 Filing an Appeal.**

**(1) Any person who is entitled by law to notice of an appeals referee's decision may file an appeal of that decision within 20 calendar days after the mailing of notice of the appeals referee's decision to the parties at their last known addresses or, if not mailed, within 20 calendar days after the date of delivery of such notice.**

Thomas Kafka attempted in initiate a new appeal alleging benefits fraud, almost a year latter. Since there was no longer an appeal, and a new appeal had not been started, under the rules of the UAC/ DEO, Defendant was required to file a formal appeal of those benefits. This had not been done in August of 2011, when Defendant Kafka requested that a new appeal should be opened on his allegation of benefits fraud. It is the same as a person making an inquiry to an attorney about filing a lawsuit. Just because you made an inquiry, does not mean you now have a judicial action.

Plaintiff seeks introduction of **60BB-007** to demonstrate that there was no appeal or quasi-judicial process in effect when Defendant Kafka libeled Plaintiff. The original unemployment appeal initiated in March of 2009 was closed and final as of September 9, 2010. The investigation into Defendant Kafka's allegations of benefits fraud did not occur until September of 2011. In between those dates, there was no longer any quasi-judicial process and there was no continuing appeal when Defendant Kafka libeled Plaintiff.

Defendant's argument that statements made orally to Ms. DeMoranzille are irrelevant to Plaintiff's cause of action is incorrect. Florida law on the issue of libel per se treats both oral utterance of a libelous statement and written libel the same.[1]

---

[1] "[T]he law presumes malice in their utterance," *Abraham v. Baldwin*, 52 Fla. 151, 42 So. 591, 592 (1906), where the words are "... of such common notoriety established by the general "[T]he law presumes malice in their utterance," *Abraham v. Baldwin*, 52 Fla. 151, 42 So. 591, 592 (1906), where the words are "... of such common notoriety established by the general consent of men, that the courts must of necessity take judicial notice of its harmful effect." *Layne v. Tribune Co.,* 108 Fla. 177, 146 So. 234, 236 (1933). Florida Defamation Per Se Cases Provide: For Actual and Punitive Damage Awards. In Florida, actual and punitive damages are available to a plaintiff who can provide evidence that the defamatory statements in question were made (**spoken or written**) by the defendant.

3

WHEREFORE This Motion is not supported by any memorandum of law, case law and should be denied. If this Motion is granted, then Defendant Kafka's affirmative defense of qualified immunity should be struck.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent on the date set forth below. Dated: December 5, 2014, and sent to Todd Springer, the undersigned counsel, 301 West Bay St. Suite 1050, Jacksonville, FL 32202 by United States Mail

_____
Signature

_____Lareesa Berman–*pro se*
Full Name

_____303 Augusta Circle

_____St. Augustine, FL 32086

_____(904)-794-5420

DATE:  December 5, 2014

4