FILED

**United States District Court**
**Middle District of Florida**
**Jacksonville Division**

2014 DEC -5  PM 12: 34

MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

Lareesa Berman – *pro se*

                  Plaintiff

v.                                                Case No.3:13-cv-01109-J-JBT

Thomas A. Kafka,

                  Defendant
_____/

## PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S OMNIBUS MOTION IN LIMINE

Plaintiff Lareesa Berman hereby files her Response and Opposition to Defendant's Omnibus Motion in Limine. Plaintiff objects strongly to the tone and the manner in which this motion has been written. Throughout this case, Plaintiff has consistently abided by the Federal Rules of Civil Procedure, has never been late with a filing and has always supported her motions or reply and objections to Defendant's motions with case law and statute. Defendant's motion to the Court is one that insults the Plaintiff and treats Plaintiff in the manner of an individual totally unfamiliar with behavior in a trial or before a judge. The Court has already sent notice to Plaintiff to read and abide by courtroom decorum in conducting her case.

## MEMORANDUM OF LAW

The purpose of a motion in limine is to limit the burden upon the court at trial. Motions in limine are used to stop certain evidence "at the threshold" so that they don't get "in the door" and infect the case. A motion in limine can cover evidence that is not

relevant, evidence that is prejudicial to a party, or as in this case, evidence that violates the Federal Rules of Evidence. *BILLY BLANKS et al. v. SEYFARTH SHAW LLP* et al., Nos. B183426, B186025, Court of Appeals of California, Second District, Division Three. February 20, 2009. "In limine motions are designed to facilitate the management of a case, generally by deciding difficult evidentiary issues in advance of trial. The usual purpose of motions in limine is to preclude or to exclude the presentation of evidence deemed inadmissible and prejudicial by the moving party."

### Motion No. 1

Defendant's case citations do not apply to this case or any defense by Defendant Kafka. *National Car Rental System, Inc., and Travelers Indemnity Co. vs. Bostic*. The Defendant inaccurately cited this 1982 case to support his Motion in Limine, neglecting to look further ahead to 1983, where the case was appealed and then reversed in part. (The Golden Rule- having the attorney asking the jury to put themselves in the shoes of the plaintiff.) However, in this case Plaintiff is pro se and stands in her own shoes and knows exactly how it felt to discover she had been libeled. The 3rd DCA reversed, stating that the comment may or may not constitute reversible error. Defendant presents no legal authority for this motion. This motion must be denied.

### Motion No. 2

*Sequin v. Hauser Motor Co.* Fla. 4th DCA (1977) cited by Defendant. A lawyer may not vouch for the credibility of a witness or even opine that a witness should be believed or not believed based on counsel's statement to the jury that the witness was telling the truth. Plaintiff is not an attorney. The counsel in *Sequin* supported his

statement of belief in the witness with his license to practice law. Plaintiff has no license to practice law and cannot make this assertion. An attorney's personal beliefs or feelings toward a case or the trial's participants are irrelevant and create reversible error. However, a pro se plaintiff who is self represented can assert personal beliefs and feelings toward a case. The case cited by Defendant, should apply to Defendant's counsel, not to Plaintiff pro se. Defendant presents no legal authority for this motion. This motion must be denied.

### Motion No. 3

Argument of the pro se party asking the jury to send a message to the community to act as its conscience. Since this is a case of libel per se, and Plaintiff has asked for punitive damages (that would send a message to the community) it is not possible, given the wording of the complaint and asking for punitive damages in the complaint, not to raise this argument. *Airport Rent-A-Car, Inc. v. Levis,* Fla. 4th DCA (1997), cited by Defendant. In *Airport*, the defendant attacked the plaintiff's ethnic origin as not being from the United States. Plaintiff hopes that the Defendant's counsel will keep this in mind as Plaintiff was not born in the United States. This case states an attorney's personal knowledge or opinion of facts is improper. Plaintiff as a pro se litigant knows her case, and it is personally her knowledge of the case and her personal knowledge of fact and opinion are relevant as they are hers. Defendant presents no legal authority for this motion. This motion must be denied.

## Motion No. 4

Defendant cites the following: "Alluding to any matter that is not relevant to the case or will not be supported by the evidence, asserting personal knowledge of the facts, or stating personal opinion regarding the case or the credibility of the witnesses, all of which is contrary to Rule 4-3-4(e) of the Rules Regulating the Florida Bar." Plaintiff is not a member of the Florida Bar and can assert her personal knowledge of the case as it is her case and she is unrepresented. Defendant's citation: *Silva v. Nightingale* 619 S. 2d 4 (Fla. Dist. Ct. of Appeal 1993). Improper comments for both plaintiffs and defendants counsels, especially in trials involving personal injuries are used as points of appeal with alarming frequency. Again, this is a matter that affects counsel stating their personal opinions. An opinion of counsel is not the same as the opinion of a self-represented pro se litigant. Plaintiff has the right to impeach a witness for inconsistent or untruthful answers under Federal Rule of Evidence 608. Defendant presents no legal authority for this motion. This motion must be denied.

## Motion No. 5

Defendant states that counsel's feelings and beliefs concerning the credibility of a witness are neither relevant nor permitted. However this cannot be the case with a pro se litigant who has direct knowledge of and beliefs, supported by the evidence, of the credibility of a witness. The Defendant's citation of *Kaas v. Atlas Chemical Co.* 92-2337 623 So. 2d 525 (1993), applies to a defendant's or a plaintiff's counsel, and not to a pro se litigant with direct knowledge of exactly how a party's actions have affected her. This citation and others such as *Moore v. Taylor Concrete & Supply Co., Inc.* 553 So. 2d 787

(Fla. 1st DCA 1989) refers to "the personal opinion of counsel," not the party pro se. Defendant presents no legal authority for this motion. This motion must be denied.

### Motion No. 6

Plaintiff has no intention of making any statement that constitutes a personal attack on the opposing counsel. However, the Defendant's counsel should also keep this in mind. The citation by Defendant of *Bell South Human Resources Admin. V. Colatarci* (Fla. 4th DCA 1994), in this case cited the attack was in direct response to the defendant's personal attacks, showing that it was the defendant who attacked the plaintiff's counsel first. This motion must be denied.

### Motion No. 7

Defendant's citation of *Chabad House-Lubavitch of Palm Beach County, Inc. v. Banks* (Fla. 4th DCA 1992) has nothing to do with this motion and is confusing to the Court. This was a case about legal and equitable claims including breach of contract, damages, specific performance, and rescission. Plaintiff cannot see what this has to do with a claim of libel pe se or the defense of that libel. This motion must be denied.

### Motion No. 8

"Evidence of any statements relating to any offers to compromise, settle or to allow a judgment to be entered, made by or on behalf of the defendant in this action Florida Statute §90.408 and §768.79 (1) *Dade County v. Carson* 240 So. 2d 828 (Fla 3rd DCA 1970)" However, this case involves diversity of citizenship. In *McMahan v. Toto*,

5

256 F.3d 1120 (11th Cir. 2001) (McMahan I), the 11th Circuit considered whether §768.79 applied to a case pending in federal court based on diversity jurisdiction governed the underlying claim. 768.79 (1) did not apply. Furthermore, Defendant had an opportunity to ask for fees in his responsive pleading and failed to do so. This motion must be denied.

### Motion No. 9

Defendant has not supported this motion with any case law. Defendant's defense is based upon "truth" as his affirmative defense. The burden of proof rests with Defendant. Kafka has asserted as "true" the knowingly false statement that Plaintiff's husband relinquished ownership of Trifecta Gaming in December of 2005. Prior and current actions pending against Defendant Kafka are to be used to impeach Defendant with regard to this statement and to demonstrate a lack of candor and credibility on the part of the Defendant. Defendant presents no legal authority for this motion. This motion must be denied.

### Motion No. 10

There is no supporting case law for this motion. It appeals that Defendant's counsel is asking the Court to admonish counsel himself for making the prohibited arguments. Plaintiff does not believe this motion has any basis in statute or case law. Plaintiff cannot see how the Court can order Plaintiff's witnesses to avoid giving testimony on the Court's order if they are unaware of the Court's order. Defendant's counsel seeks to mealy admonish counsel but asks for an order against the pro se Plaintiff. Furthermore this entire Omnibus Motion is not a Motion in Limine, it is a redundant set of instructions, as if counsel does not believe the Honorable Judge

Toomey's order and instructions were sufficient. Defendant presents no legal authority for this motion. This motion must be denied.

The Omnibus Motion in Limine as presented by Defendant is nothing more that a recitation of the Florida Bar Rules of Professional Conduct in an attorney's comportment during the course of a trial. This motion, as it has been presented, is not a Motion in Limine, and as Plaintiff is not an attorney and not a member of the Florida Bar, is under no obligation to the Rules of Professional Conduct, in which violation of such rules can lead to censure, suspension of an attorney's license to practice law, or disbarment. Plaintiff is pro se and intends to abide by the Honorable Judge Toomey's requirements for behavior in his courtroom and to the requirements of Local Rule 5.03

WHEREFORE, Plaintiff Lareesa Berman respectfully asks this Court to deny Defendant's Omnibus Motion in Limine as this is not a proper Motion in Limine and does not contain a memorandum of law as is required by this Court in the filing of any motion and Defendant has presented no legal authority. All of the motions, 1-10 should be denied.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent on the date set forth below. Dated: December 5, 2014, and sent to Todd Springer, the undersigned counsel, 301 West Bay St. Suite 1050, Jacksonville, FL 32202 by United States Mail

_____
Signature

_____Lareesa Berman–*pro se*
Full Name

_____303 Augusta Circle

_____ St. Augustine, FL 32086

_____(904)-794-5420

DATE:   December 5, 2014