FILED

**United States District Court
Middle District of Florida** 2014 DEC -5 PM 12: 34
**Jacksonville Division**

MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

Lareesa Berman – *pro se*

                        Plaintiff

v.                                                       Case No.3:13-cv-01109-J-JBT

Thomas A. Kafka,

                        Defendant
_____/

**PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING ALLEGATIONS OF FRAUD AS TO MAITLAND FURNITURE REGISTERED AGENT**

Plaintiff Lareesa Berman hereby files her Response and Opposition to Defendant's Motion in Limine to exclude evidence regarding allegations of fraud as to Maitland Furniture's registered agent.

There are no "allegations" to the fact that Defendant failed to maintain a registered agent in the State of Florida in violation of Fla. S. 607.0501(5), these are facts. If, as Defendant claims, these are allegations, he would have no need to ask the court to exclude the hard evidence of the violation. Defendant's argument and reasoning for excluding this evidence is misplaced. The presentation of this evidence <u>is not to show that Thomas Kafka's appeal to the Unemployment Appeals Commission was invalidated by his company being in default of Florida statute, but to counter Defendant Kafka's affirmative defense of "truth."</u> If as Defendant Kafka alleges that he made his statements of libel per se as a substantial truth, and the burden of proof for this defense rests with

1

Defendant Kafka, then it is imperative that Plaintiff show Thomas Kafka to not be a credible witness.

Statute 607.0501(5) is Florida law and Defendant Kafka violated Florida Law in knowingly filing false documents to the Florida Department of State, a 3rd degree felony under S. 815.155. Being in default of 607.0501(5) means a corporation cannot maintain any action in any court in the state of Florida. While the court had ruled on this stating the statute did not apply to an unemployment proceeding as it was not a court, Plaintiff has no intention of using this evidence to assert Maitland Furniture's invalidity to maintain an unemployment appeal. The filing of false documents, filing of false homestead tax exemptions and an "I'm above the law," attitude are admissible under Rule 608 as well as for impeachment purposes to show the character of the witness.

Defendant Kafka has based his affirmative defense on "truth." These deceptive filings to state and local authorities show that "truth" is a relative term to Defendant Kafka. That a pattern of behavior: claiming a rental property as being owner occupied for three years to the Volusia County Tax Assessors Office while residing in Wisconsin for the past seven years, a police report showing that Defendant has not resided in Florida since 2007, copies of the regulations that warn the filer not to file false or misleading documents, the payment by Defendant to the Volusia Tax Office, showing he was guilty of homestead fraud, and claiming to be a registered agent, residing in Florida while actually residing in Wisconsin is highly relevant to the credibility of Thomas Kafka and his affirmative defense of truth.

Plaintiff had included in her Amended Complaint that Thomas Kafka was aware he was in violation of 607.0501(5). He did not object to this in either his Motion to

Dismiss or his Affirmative Defenses but instead denied that he was ever in violation of this statute. However, in Defendant Kafka's deposition, he states that he was aware of the default of Maitland Furniture in September or October of 2010. Plaintiff intends to use this evidence in accordance with Federal Rule of Evidence 608 for the purpose of impeachment.

Federal Rule of Evidence 406 reads as follows: "Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice." Plaintiff can show that fraudulent filings of homestead tax exemptions, fraudulent filings of annual reports to the Florida Department of State, and fraudulent tax filings to the IRS demonstrates the habit and routine practice of Defendant's disregard for the law All establish a lack of credibility of Defendant Kafka in his dealings and call into question his affirmative defense of "truth."

In reply to Plaintiff's complaint and in discovery Defendant Kafka has denied these fraudulent acts. Plaintiff intends to introduce the above evidence to show a lack of credibility on the part of Defendant Kafka and to defeat his affirmative defense of "truth." This evidence is relevant and not prejudicial because Defendant Kafka seeks to demonstrate his "honesty" to the jury. The purpose of this evidence is to counter his assertion of "honesty and/or truth."

Under Federal Rule of Evidence 402, this is relevant as the determination of this action hinges on a defense of "truth." This evidence has relevancy as it has the tendency that makes the existence of any fact that is of consequence to the determination of the

action more probable than it would be without this evidence. As Thomas Kafka insists in an affirmative defense of "truth," Plaintiff intends to demonstrate that for Defendant Kafka, truth is a relative term of convenience to be used when it suits him to use it. Not allowing this evidence into trial would be prejudicial to Plaintiff's case, as Plaintiff must defeat Thomas Kafka's affirmative defense of "truth."

Defendant cites *United States v. Gamory* 635 F. 3d 480, 492-93 (11th Circuit 2011). This citation actually favors Plaintiff. This case was a criminal action against Gamory, a drug dealer. This was a motion to suppress the evidence of criminal activity. The Court did not reverse and Gamory's conviction was affirmed. Plaintiff is at a loss as to why Defendant would even use this case as a defense as it fully supports Plaintiff's use of evidence under Rule of Evidence 608 to impeach Defendant Kafka's statements.

*U.S. v. Vallejo*, 237. F.3d 1008, 1015 (9th Cir. 2001), cited by Defendant is also a criminal case. As Defendant's counsel should be aware a much different set of rules, laws and protocols exists for a criminal case as opposed to a civil matter. There are statutes and constructional protections afforded a criminal defendant (such as the use of the 5th Amendment to refuse to answer) that do not apply to a civil action. The matter in contention in that case had to do with the reading of Miranda rights, something that would never apply to a civil case. The defendant was also Mexican national. Plaintiff has no idea why Defendant would even use this citation.

The citation by Defendant of *Lane v. McKeithen,* 423 F. App'x 903, 905, (11th Cir 2011). This was a case about employment discrimination and the criminal past of the applicant. This has no bearing on Plaintiff's civil case, Plaintiff was never an employee of Defendant and the plaintiff in the case cited was suing for employment discrimination.

An affirmative defense of "truth" was never raised in *Lane v. McKeithen,* and so this case can hardly apply to Plaintiff's action against Thomas Kafka.

## CONCLUSION

Defendant misunderstands Plaintiff's intended use of this evidence. This is not to invalidate the unemployment appeal due to Maitland Furniture being in violation of Fla. S. 607.0501(5), but to impeach the credibility of Thomas Kafka and defeat his defense of "truth." The motion by Defendant is not supported by a memorandum of law and the cases cited are not applicable to this case.

WHEREFORE, Plaintiff respectfully asks this Court to deny Defendant's Motion in Limine to Exclude Evidence Regarding Allegations of Fraud as to Maitland Furniture's Registered Agent.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was sent on the date set forth below.  Dated: December 5, 2014, and sent to Todd Springer, the undersigned counsel, 301 West Bay St. Suite 1050, Jacksonville, FL 32202 by United States Mail

_____
Signature

_____Lareesa Berman–*pro se*
Full Name

_____303 Augusta Circle

_____ St. Augustine, FL 32086

_____(904)-794-5420

DATE:   December 5, 2014