FILED

**United States District Court**
**Middle District of Florida**
**Jacksonville Division**

2014 DEC -5 PM 12: 35

MIDDLE DIST. OF FLORIDA
JACKSONVILLE, FLORIDA

Lareesa Berman – *pro se*

                        Plaintiff

v.                                            Case No.3:13-cv-01109-J-JBT

Thomas A. Kafka,

                        Defendant

_____/

## PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE REFERENCE TO FEDERAL GRAND JURY SUBPOENA

      Defendant's motion is not supported by a memorandum of law as is required by this Court in the filing of a motion. Contrary to paragraph 1, of Defendant's motion, this evidence does not violate Federal Rules of Evidence 401 and 403. This evidence is relevant. Evidence of a Federal Grand Jury Subpoena can establish a motive for Defendant Kafka's sudden statement of libel per se in August of 2011 that Plaintiff had embezzled money. A Grand Jury Subpoena does not appear overnight and without substantial evidence of wrong doing. Plaintiff believes that Defendant was well aware of the inquiry into the irregularities of tax filings that had been uncovered by Plaintiff's husband for his petition for judicial dissolution of Trifecta Gaming as this petition states that Thomas and Julie Kafka had been filing tax returns that did not reflect the profits from sales.

      Plaintiff states there is a motive behind the libeling of her name with the false statement by Defendant that he "proved" Plaintiff embezzled funds from Maitland

Furniture, Inc., as a means to deflect from the Kafkas their direct involvement with any scheme that would have hidden company income. Discovery has revealed that Thomas Kafka can offer no proof of his statement that libeled Plaintiff. Discovery has also revealed that $257,000 in the year 2006, was transferred from the account of Trifecta Gaming (without Plaintiff's husband's knowledge) into the account of Maitland Furniture, Inc. Tax filings for the year 2006 in which the money was transferred show that no money was ever present in the account for Trifecta Gaming. Defendant Kafka was unable to produce any ledger entries or any documentation that would have accounted for a transfer of over a quarter of a million dollars over the course of the year, 2006. The Federal Grand Jury Subpoena was newly discovered evidence that came to light after Plaintiff had filed her Amended Complaint, and has a direct bearing in her case. As the original unemployment appeal initiated by Defendant Kafka was closed and final, finding in favor of Plaintiff's husband in September of 2010, it is difficult to see why Defendant would wait for almost a year before uttering the statement that libeled Plaintiff, unless there was a motive to do so. Evidence of the federal subpoena is relevant as this shows a motive for the libel per se, and is within the Federal Rules of Evidence Rule 406 and 404(b), as well as Rule 608, as admissible for that purpose.

    During the deposition of Thomas Kafka in May of 2014, David Vukelja who was present at the deposition, remarked "that will be helpful for the grand jury subpoena." Todd Springer, Thomas Kafka's present attorney also included on the record the existence of the grand jury subpoena. By making the grand jury subpoena part of the deposition, its existence must now be entered into evidence as this demonstrates motive.

Federal Rule of Evidence 404(b) other crimes, wrongs or acts, permits the introduction of evidence as follows: "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . ."

In paragraph 2, Defendant cites the relevancy of evidence under Federal Rule of Evidence 402. Plaintiff states it would be more probable to a positive outcome to Plaintiff's case to have evidence of both motive and plan introduced as to why Defendant, without the knowledge of Plaintiff, made statements of libel per se about her. The statements that libeled Plaintiff were irrelevant to her as she is a nonparty and not a witness, or ever an employee of Defendant.

Paragraph 3 cites that documents have been turned over to the Grand Jury. Plaintiff has a right to know if such documents contain the same correspondence that contained libel per se of Plaintiff. In deposition testimony, Thomas Kafka blamed everyone for his present situation, including his attorney, except himself. Furthermore Defendant's counsel sums up Plaintiff's cause of action against his client beautifully in his statement, "by implying that Defendant has committed some violation of civil or criminal code when there is no evidence to support same." Plaintiff however has considerable evidence. This is exactly the kind of libelous accusation, stated as a fact without proof by his client, Thomas Kafka when Defendant Kafka had no evidence and no proof to support his statement of libel per se.

Defendant has cited no legal authority as case law to support this Motion in Limine.

WHEREFORE, Plaintiff respectfully asks this Court to deny Defendant's Motion in Limine to Exclude Reference to Grand Jury Subpoena.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent on the date set forth below.  Dated: December 5, 2014, and sent to Todd Springer, the undersigned counsel, 301 West Bay St. Suite 1050, Jacksonville, FL 32202 by United States Mail

_____
Signature

_____Lareesa Berman–*pro se*
Full Name

_____303 Augusta Circle

_____St. Augustine, FL 32086

_____(904)-794-5420

DATE:   December 5, 2014