UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAREESA BERMAN,

  Plaintiff,

v.              CASE NO. 3:13-cv-1109-J-JBT

THOMAS A. KAFKA,

  Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motions In Limine ("Motions") (Docs. 133–140), Plaintiff's Responses thereto (Docs. 166–173), Plaintiff's Motions In Limine ("Motions") (Docs. 145 & 146), and Defendant's Response thereto (Doc. 165).  The rulings set forth herein are not "definitive" within the meaning of Federal Rule of Evidence 103(b).[1]

 **I.**  **Standard**

"'Irrelevant evidence is not admissible,' Fed. R. Evid. 402, and '[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action,' Fed. R. Evid. 401."  *United States v. Riquene*, 552 F. App'x 940, 943 (11th Cir. 2014).  "[E]ven relevant evidence may be excluded if its probative value is

---

[1] Therefore, in accordance with this rule, each party at trial must "renew an objection or offer of proof to preserve a claim of error for appeal."  Fed. R. Evid. 103(b).

substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury." *United States v. Terrero*, 571 F. App'x 778, 781 (11th Cir. 2014) (citing Fed. R. Evid. 403).

## II.   Defendant's Motions[2]

<u>Motion to Exclude Evidence Regarding Alleged Fraud in Opening of Tri-Fecta Gaming, U.S.A., Inc.'s ("Trifecta") Bank Account at Suntrust Bank (**Doc. 133**)</u>

Whether Trifecta's business account was opened before Articles of Incorporation for Trifecta were filed is not relevant to any claim or defense in this action. The Court has already decided this issue. (*See* Doc. 99.) For the reasons set forth in the Court's previous Order (Doc. 99), the evidence is not relevant under Federal Rule of Evidence 401. Therefore, this Motion is **GRANTED**.

<u>Motion to Exclude Evidence as to Violation of Rule 60BB-6.007 Regarding Ex-Parte Communications (**Doc. 134**)</u>

Rule 60BB-6.007 of the Florida Administrative Code, renumbered Rule 73B-21.007, states in relevant part that a party shall not have ex parte communications "with [Appeals] Commission members concerning the merits of the appeal." It appears that one of the allegedly libelous statements was communicated by Defendant to James Bellflower and Connie Demoranzille in connection with an unemployment compensation appeal. However, section 443.012, Florida Statutes,

---

[2] In response to many of these Motions, Plaintiff primarily argues that the evidence at issue is relevant and admissible generally to show, among other things, motive, pattern of conduct, and the credibility of Defendant. However, the majority of the subject extrinsic evidence constitutes inadmissible character evidence which is irrelevant to this action. Therefore, the Court will not address these arguments further.

provides that the Reemployment Assistance Appeals Commission "is composed of a chair and two other members appointed by the Governor." It appears that Connie Demoranzille was a deputy clerk with the Jacksonville appeals office at the relevant time, not a Commission member. (Doc. 134-1 at 9.) Moreover, it appears that James Bellflower was not even employed by the Commission when the subject statement was made. (*Id.* at 15.) Because it appears that neither Mr. Bellflower nor Ms. Demoranzille were Commission members at the time the subject statement was made, this rule is not applicable and is thus irrelevant under Rule 401. Accordingly, this Motion is **GRANTED**.

Motion for Court to Take Judicial Notice and Prevent Testimony and Evidence Regarding Chris Berman's Ownership of Trifecta Gaming, USA, Inc. (**Doc. 135**)

Defendant's truth defense centers on two checks made payable to Chris Berman c/o Trifecta on November 24, 2006, and May 10, 2007, which were allegedly endorsed to Plaintiff. (Doc. 102-4.) Therefore, evidence of Mr. Berman's ownership interest, if any, in Trifecta may be relevant and is allowed. At trial, the Court may need to determine the relevant time period for any such evidence. If the Court finds it necessary to take judicial notice of a prior settlement agreement or any other court records, it will do so at trial. Accordingly, this Motion is **DENIED**.

Omnibus Motion In Limine (**Doc. 136**)

This Motion contains 10 separate requests, most of which seek to prevent pro se Plaintiff from violating well-established principles that prevent a party or attorney

from making certain improper arguments and/or attempting to introduce certain inadmissable evidence at trial. Plaintiff shall refrain from all of the following at trial:

1. Encouraging the jurors to place themselves in the position or situation of Plaintiff.

2. Making any statements reflecting her personal belief in the justness of the cause, the credibility of witnesses, or, except when testifying as a witness, her personal knowledge of the facts.

3. Asking the jury to send a message to the community or to act as its conscience.

4. Alluding to any matter not relevant to this action or not supported by the evidence.

5. Suggesting that a witness is committing perjury or referring to witnesses as liars.

6. Making any statement constituting a direct attack on opposing counsel.

7. Referencing any statement made during mediation or the settlement conference.

8. Referring to any offers to compromise, settle, or allow a judgment to be entered.

9. Making reference to any prior lawsuit involving Defendant.

10. Referencing any evidence or arguments excluded by this Order in the presence of the jury except to state that a matter needs to be considered outside the jury's presence if a proffer or argument is to be made.

Accordingly, this Motion is **GRANTED**.

<u>Motion to Exclude Evidence Regarding Allegations of Fraud as to Maitland Furniture's ("Maitland") Registered Agent (**Doc. 137**)</u>

The Court previously held that this evidence is not relevant even for discovery

purposes.  (*See* Doc. 78 at 2–4.)  For the same reasons stated in that Order, the evidence is not relevant under Rule 401.  Accordingly, this Motion is **GRANTED**.

Motion to Exclude Reference to Federal Grand Jury Subpoena (**Doc. 138**)

A federal grand jury subpoena relating to Defendant's tax records is not relevant to any claim or defense in this action.  Because the information is not relevant under Rule 401, this Motion is **GRANTED**.

Motion to Exclude Emails From Counsel for Defendant to Plaintiff and to Strike Witnesses from Plaintiff's Witness List (**Doc. 139**)

Emails from Defendant's counsel to Plaintiff during the course of this action in 2013 and 2014 are not relevant under Rule 401 to any claim of Plaintiff, or any defense thereto, which allegedly occurred in 2011.  Moreover, Defendant's current counsel of record, as well as his personal counsel, David Vukelja, Esq., do not appear to have personal knowledge of any facts relevant to the claims or defenses in this action.  Therefore, their testimony is excluded.

Finally, the Court will not strike all current employees of Maitland-Trifecta from Plaintiff's witness list.  Contrary to his assertion in this Motion, Defendant did not file a motion to strike these witnesses.  However, if Plaintiff intends to offer testimony from any of these unspecified employees, she must first proffer the evidence outside the jury's presence.  Accordingly, this Motion is **GRANTED in part** and **DENIED in part**.

Motion to Exclude Evidence Regarding Pleadings and Orders in This and Prior Lawsuits (**Doc. 140**)

A petition for dissolution of a corporation and a denial of a motion to dismiss in other lawsuits are not relevant to any claim or defense in this action, nor is Defendant's substitution of counsel in this action. Accordingly, this Motion is **GRANTED**.

### III. Plaintiff's Motions

Motion to Exclude Inadmissible Evidence and Defenses (**Doc. 145**)

The following are at issue in this Motion:

1. Two checks written to Chris Berman c/o Trifecta.

These are relevant to the defense of truth. Therefore, this request is **DENIED**.

2. Documents used to compare and/or authenticate signatures on the subject checks.

Federal Rule of Evidence 901(b)(3) allows jurors to determine the authenticity of the signatures on the subject checks by comparing them to authenticated specimens. Therefore, this request is **DENIED**.

3. Defendant's "new defense" that money was embezzled from Trifecta, not Maitland.

The defense of truth was timely asserted and a factual issue exists as to the relationship between the two companies and how that may impact the subject allegedly defamatory statements. Therefore, this request is **DENIED**.

4. Deposition transcript of Chris Berman from 2011 in "unrelated" litigation which is "under seal."

Defendant intends to use this deposition transcript only for purposes of impeachment (*see* Doc. 144 at 7, Doc. 165 at 8), which may be permissible under Federal Rule of Evidence 613.  Therefore, this request is **DENIED**.

5. "Vacated transcript" of unemployment hearing held on May 27, 2009, and the "vacated order" of May 29, 2009.

The transcript of this hearing is relevant to the defense of truth.  Additionally, the subject order is relevant to show the course of the unemployment proceedings and provide context thereto, even if it was later vacated.  Therefore, this request is **DENIED**.

Motion to Permit Exhibits and Witnesses (**Doc. 146**)

The following are at issue in this Motion:

1. Rule 60BB-6.007 of the Florida Administrative Code, renumbered Rule 73B-21.007.

2. Signature card for Suntrust Bank as evidence that Trifecta's bank account was fraudulently opened.

3. Testimony of Sherri Cobb as evidence that Trifecta's bank account was fraudulently opened.

4. Petition for dissolution of a corporation in another lawsuit and dismissal of another lawsuit for lack of prosecution.

5. Evidence regarding allegations of fraud as to Maitland Furniture's Registered Agent.

6. Evidence regarding Federal Grand Jury Subpoena.

7

7. Calling Defendant's counsel as a witness.

All of this evidence was addressed herein in ruling on Defendant's Motions (Docs. 133, 134, 137, 138, 139, 140), and was excluded. For the same reasons that Defendant's Motions are being granted, this Motion is **DENIED**.

Accordingly, it is **ORDERED**:

1. Defendant's Motions (**Docs. 133, 134, 136, 137, 138, 140**) are **GRANTED**. Defendant's Motion (**Doc. 139**) is **GRANTED in part** and **DENIED in part** as provided herein. Defendant's Motion (**Doc. 135**) is **DENIED**.

2. Plaintiff's Motions (**Docs. 145 & 146**) are **DENIED**.

3. In addition to mailing a copy of this Order to Plaintiff, the Clerk of Court is directed to email Plaintiff a copy of this Order, and notify her by telephone that a copy of this Order is available at the Clerk's office.

**DONE AND ORDERED** at Jacksonville, Florida, on December 9, 2014.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Pro Se Party

Counsel of Record