IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:13-CV-01109-JBT

LAREESA BERMAN,

    Plaintiff(s),

v.

THOMAS A. KAFKA,

    Defendant.

## COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

# JURY INSTRUCTION NO. 1

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

# JURY INSTRUCTION NO. 2

It is the duty of the attorneys and Pro Se Party to object when the other side offers testimony or other evidence which they believe is not properly admissible. Therefore, you should not be prejudiced against an attorney or his or her client or the pro se party because the attorney or pro se party has made objections.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not indicate any opinion as to the weight or effect of such evidence. As stated before, the jurors are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

# JURY INSTRUCTION NO. 3

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

# JURY INSTRUCTIONS NO. 4

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

# JURY INSTRUCTION NO. 5

In this case it is the responsibility of Plaintiff, Lareesa Berman to prove every essential part of her claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that her claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Plaintiff, Ms. Berman.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Ms. Berman's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

# JURY INSTRUCTION NO. 6

In this case, Defendant, Thomas Kafka asserts a number of affirmative defenses. Even if Plaintiff, Lareesa Berman proves her claims by a preponderance of the evidence, Defendant, Thomas Kafka can prevail in this case if he proves an affirmative defense by a preponderance of the evidence.

I caution you that the Defendant does not have to disprove the Plaintiff's claims, but if the Defendant raises an affirmative defense, the only way he can prevail on that specific defense is if he proves that defense by a preponderance of the evidence.

# JURY INSTRUCTIONS NO. 7

The claims and defenses in this case are as follows. Plaintiff, Lareesa Berman claims that Thomas Kafka made false written statements about her which caused her harm. Plaintiff, Lareesa Berman claims the statements were as follows: 1) A statement written in an electronic mail from Thomas Kafka to James Bellflower stating, "I asked Connie not to lose sight of the fact that you initially ruled in our favor and that we proved that Chris Berman and his wife embezzled money from our company"; and 2) A document sent to Janice Connell stating, "(Part of the money was embezzled by his wife)." Plaintiff claims these statements injured her reputation.

Defendant, Thomas Kafka denies these claims and also claims that these statements were substantially true and made with good motives, privileged, and/or opinion.

The Parties must prove all claims and defenses by the preponderance of the evidence. I will now define some of the terms you will use in deciding this case.

# JURY INSTRUCTION NO. 8

A statement is a legal cause of loss, injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage, so that it can reasonably be said that, but for the statement, the loss, injury or damage would not have occurred.

# JURY INSTRUCTION NO. 9

The parties stipulate that the Defendant, Thomas A. Kafka, made the statements that charged that the Plaintiff, Lareesa Berman, committed embezzlement.

On the first defense of truth and good motives, the issue for your determination is whether the statements made by the Defendant were substantially true and were made by the Defendant with good motives.

A statement is substantially true if its substance or gist conveys essentially the same meaning that the truth would have conveyed. In making this determination, you should consider the context in which the statement is made and disregard any minor inaccuracies that do not affect the substance of the statement.

If the preponderance of the evidence supports this defense, your verdict should be for the Defendant.

If the preponderance of the evidence does not support this defense and the preponderance of the evidence does support the claim of Plaintiff on the issue of defamation then you shall consider the defense of opinion.

If the preponderance of the evidence supports Defendant Thomas Kafka's defense that his statements were either substantially true statements of fact, or were statements of opinion based upon true facts adequately disclosed in the publication at issue, assumed to exist by a party exposed to the communication, or known to the audience to whom the publication was made, then your verdict shall be for Defendant, Thomas Kafka.

If the preponderance of the evidence does not support this defense and the preponderance of the evidence does support the claim of Plaintiff on the issue of defamation then you shall consider the defense of privilege.

On the defense of privilege, I instruct you that provided one does not speak with improper motives, which I shall explain in a moment, a person such as the Defendant is privileged to make a statement to someone such as James Bellflower and Janice Connell of the Department of Economic Opportunity about another such as the Plaintiff even if the statement is untrue, under the following circumstances:

The Defendant made the statement in good faith, Defendant had an interest in the subject of the statement or the statement concerned a subject in which Defendant had a duty to speak, the listener or reader of the statement had a corresponding interest or duty regarding the subject of the statement, Defendant published the statement on a proper occasion, and Defendant published the statement in a proper manner.

If the preponderance of the evidence does not show that these circumstances existed, then you must find that the Defendant had no privilege to make such a statement even with proper motives. However, if the preponderance of the evidence does show that the Defendant spoke under circumstances creating such a privilege, then you should decide whether, as Plaintiff claims, Defendant made the statement with improper motives abusing that privilege.

One makes a false statement about another with improper motives if one's primary motive and purpose in making the statement is to gratify one's ill will, hostility and intent to harm the other, rather than to advance or protect the Defendant's interest, right or duty to speak to James Bellflower and Janice Connell on that subject.

11

If the preponderance of the evidence does not support Plaintiff's claim that the Defendant abused any privilege he had and the preponderance of the evidence does support the defense of privilege, then your verdict should be for Defendant.

However, if the preponderance of the evidence supports Plaintiff's claim that the Defendant abused any privilege he had, then your verdict should be for Plaintiff in the total amount of her damages.

# JURY INSTRUCTION NO. 10

If you find for Defendant, Thomas Kafka, you will not consider the matter of damages. But, if you find for Plaintiff, Lareesa Berman, you shall award her an amount of money that will fairly and adequately compensate her for such loss, injury or damage as the preponderance of the evidence shows was caused by the statements in question. You shall consider the following elements of damage:

*Injury to reputation or health; shame, humiliation, mental anguish, hurt feelings:*

Any injury to reputation or health and any shame, humiliation, mental anguish, and hurt feelings experienced in the past or to be experienced in the future. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any award should be fair and just in the light of the evidence.

*Nominal damages:*

If you find for Plaintiff, Lareesa Berman but find that no loss, injury or damage has been proved, you must award nominal damages. Nominal damages are damages of an inconsequential amount which are awarded to vindicate a right where a wrong is established but no damage is proved.

*Punitive damages*

If you find for Plaintiff, Lareesa Berman and against Defendant, Thomas Kafka you should consider whether, in addition to compensatory or nominal damages, punitive damages are warranted in the circumstances of this case as punishment and as a deterrent to others.

Punitive damages are warranted if you find by the preponderance of the evidence that Defendant, Thomas Kafka's primary purpose in making the statement was to indulge ill will, hostility, and an intent to harm Plaintiff, Lareesa Berman.

# JURY INSTRUCTION NO. 11

If you decide that punitive damages that are warranted against Defendant, Thomas Kafka then you must decide the amount of punitive damages, if any, to be assessed as punishment against him and as a deterrent to others. This amount would be in addition to the compensatory and/or nominal damages you have previously awarded. In making this determination, you should consider the following:

(1). the nature, extent and degree of misconduct and the related circumstances, including the following:

(A). whether the wrongful conduct was motivated solely by unreasonable financial gain;

(B). whether, at the time of loss, injury or damage, Defendant, Thomas Kafka had a specific intent to harm Plaintiff, Lareesa Berman and the conduct of Defendant, Thomas Kafka.

You may in your discretion decline to assess punitive damages.

# JURY INSTRUCTION NO. 12

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

# JURY INSTRUCTION NO. 13

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

The verdict form provides a set of questions that you must answer and accompanying instructions that you must follow in order to reach your verdict.

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.