FILED

**United States District Court**
**Middle District of Florida**
**Jacksonville Division**

2015 APR 23  P 1: 08

CLERK, US DISTRICT COURT
[illegible stamp]

Lareesa Berman – *pro se*

                Plaintiff

v.                                              Case No.3:13-cv-01109-J-JBT

Thomas A. Kafka,

                Defendant
_____/

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION UNDER RULE 59 FOR A NEW TRIAL

      COME NOW Plaintiff pro se, LAREESA BERMAN, and hereby responds in opposition to Defendant's Motion for an Extension of Time to Plaintiff's motion for a new trial under RULE 59. In opposition thereto, Plaintiffs submit the following:

1. Plaintiff filed her Motion under Rule 59 on the date of April 6, 2015. Defendant had 14 days (under Rule 6) to respond in a timely manner. Defendant is requesting this Court to extend Defendant's time for filing an answer to Plaintiff's Rule 59 although Defendant has not even stated a number of days to extend for his request to respond. Because Defendants filed their motion before the original time to file an answer (the same day as their answer was due) this Court may extend the time for Defendants to file a responsive pleading for <u>good cause</u>, per Fed. R. Civ. P. 6(b)(1)(A).

2. In their motion, Defendant's counsel claims they need additional time to prepare their response because an attorney unrelated to this case had left their law firm. Plaintiff states this hardly meets the definition of "good cause."

An attorney may, by motion, request that the deadline be extended for a defendant to answer the complaint or file a motion under Fed. R. Civ. P. 12(b). Unless otherwise ordered by the court, where the requested extension: (1) is not opposed; and (2) is not more than thirty days and does not result in an overall extension of the defendant's deadline exceeding forty-five days (Defendant has not specified a term for an extention). The application shall be acted upon with dispatch by the clerk on the court's behalf, and the deadline to answer or otherwise respond is stayed pending action by the clerk. Good cause is a good faith showing and explanation of a party's need for the extension.

If, as Defendant's Counsel states, an attorney who has no connection with or responsibility to this case, left the employ of Luks, Santaniello, Petrillo & Jones, (a law firm with locations in Jacksonville, Miami, Boca Raton, Ft. Myers, Tampa, Ft. Lauderdale, Tallahassee, and Orlando, employing 59 attorneys) then the firm, as well as counsel, must have known for some time this individual would be leaving and would have made arrangements to distribute his or her workload far in advance of the last day to answer Plaintiff's motion for a new trial.

3. "Good cause," at such a late date could constitute a family emergency, a sudden illness, an accident, or any number of unforeseen circumstances that could not have been predicted or anticipated. Defendant's counsel has not shown good cause. Defendant's counsel should have properly filed his Motion for Extension of Time (if he actually

2

needed one) back on April 6 or April 7, shortly after Plaintiff filed her motion under Rule 59. Defendant's counsel should state when exactly counsel and/or his firm knew of the departure of this attorney.

4. On the morning of April 6, 20, Plaintiff called Defendant's counsel to say she was filing a Motion for a new trial under Rule 59. Defendant's counsel was not available and as it was the 27th day since the trial verdict, Plaintiff had to email counsel for Defendant, Thomas Kafka, stating that Plaintiff was filing her motion that day. Defendant's two counsels with the resources of a large law firm (including the use of the Court's electronic filing system) had from April 6, 2015 (14 days) to answer Plaintiff's motion, written during the same time that she had to write and file an answer to Defendant's motion for attorney's fees. Certainly if an untrained pro se litigant could accomplish both tasks without asking for any extension of time, it is hard to believe that Defendant's two counsels with all the resources available to them would need any additional time. Plaintiff sees this request as made in bad faith and that it should be denied.

5. Defendant's counsel has previously asked and has been granted extensions of time in this action. Plaintiff cites there is no excusable neglect, nor any special circumstances that would warrant such an extension. Furthermore, Defendant has not cited any case law to support his motion.

6. Plaintiff received a telephone call on Friday afternoon, April 17, 2015 from counsel, Todd Springer's assistant (not counsel) that he planned to file for an extension of time.

3

Plaintiff finally conferred with Defendant's counsel at 5:00 that afternoon stating that she opposed any extension. Defendant's counsel's reason for the extension was that a lawyer, unrelated to this case had left the firm. Plaintiff stated that this was not a good cause reason for an extension of time.

7. There is a lack of good faith in Defendant's argument for an extension of time. Not because of any good cause or "excusable neglect as found in Rule 6(b)(2), but because they find it difficult to respond to Plaintiff's arguments for a new trial in light of documented evidence that supports Plaintiff's assertion of attorney misconduct.

8. Any extension of time to file a Rule 59 motion is prohibited. The Plaintiff pro se is limited to just the 28 days per Rule 59. It would be manifestly unfair and prejudicial to grant Defendant's motion for extension of time to answer Plaintiff's Rule 59 motion, certainly not a motion for extension of time that is filed on the day the answer to Plaintiff's motion is due. "Any extension of time must be for cause shown" *Lujan v. National Wildlife Federation* 497 U.S. 871, 897-98, 110 S. Ct. 3177, 3192, 111 L. Ed 2d 695 (1990). It would appear that Defendant's motion is governed by the "excusable neglect" standard, yet there is no case law to support any such argument by Defendant. A motion for an extension of time, based upon an event that is totally unrelated to this case (an attorney has left counsel's law firm) shows disregard and disrespect for Plaintiff and to this Court. In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. at 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) the United States Supreme Court gave, "little weight that counsel was experiencing upheaval in his law

practice." Also finding in *Webb v. District of Columbia* 189 F. R. D. 180 (D. D. C. 1999) "Excuses that the office is understaffed and without resources to meet court imposed deadlines have continued unabated" The Court found such excuses to be unacceptable and not grounds for an extension of time.

WHEREFORE, Plaintiff, Lareesa Berman, respectfully asks this Court to deny Defendant's Motion for Extension of Time and to treat Plaintiff's Rule 59 motion as unopposed.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent on the date set forth below. Dated: April 21, 2015, and sent by US Mail to Todd Springer, the undersigned counsel, 301 West Bay St. Suite 1050, Jacksonville, FL 32202 by United States mail.

_____
Signature

_____
Lareesa Berman–*pro se*
Full Name

_____
303 Augusta Circle

_____
St. Augustine, FL 32086

_____
(904)-794-5420

DATE: April 21, 2015