FILED

**United States District Court**
**Middle District of Florida**
**Jacksonville Division**

2015 MAY -5  D 1: 17

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

Lareesa Berman – *pro se*

                Plaintiff

v.                                                         Case No.3:13-cv-01109-J-JBT

Thomas A. Kafka,

                Defendant
_____/

### PLAINTIFF'S MOTION FOR LEAVE OF THE COURT TO RESPOND TO DEFENDANT THOMAS A. KAFKA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR A NEW TRIAL UNDER RULE 59

COME NOW Plaintiff pro se Lareesa Berman and motions this court under Federal Rule of Civil Procedure 27. Insofar as a party seeking to respond to the opposing party's opposition may respond within seven days after having been granted leave of the Court to do so.

Plaintiff's rationale for filing this motion is to clarify to the Court, Defendant's misstatements in his Response in Opposition to Plaintiff's Motion for a new trial under Rule 59. Specifically to demonstrate to this Court two contradictory statements by Defendant's counsel to Plaintiff's Motion under Rule 50(a) and Defendant's counsel's response to Plaintiff's Rule 59 Motion. Plaintiff contends contradictory statements made by Defendant's counsel fully support Plaintiff's contention that Defendant's counsel has engaged in misconduct and has made false statements before a tribunal. This is a serious allegation and Plaintiff wishes leave of the Court to fully explain and document attorney

misconduct on the part of Defendant's counsel and to further request a full evidentiary hearing before this Court on the matter of attorney misconduct in this case. To this end, Plaintiff will provide exhibits of two statements in Defendant's responses to her Rule 50(a) Motion and her Rule 59 Motion that are at odds with one another.

1) On October 17, 2014, Plaintiff states in her sworn affidavit that one and only one "exhibits notebook" was received from Defendant's counsel and that notebook did not contain the disputed workers compensation deposition from January 2009.

2) Defendant's counsel first states in his response to her 50(a) motion that there was one notebook of exhibits that included the January 2009 deposition.

3) Defendant's counsel later provides in his response to Plaintiff' Rule 59 motion a different explanation with the one exhibit notebook now becoming two exhibit notebooks. This is a contradictory statement and supports Plaintiff's contention of attorney misconduct.

4) Defendant's allegation that Plaintiff was present at her husband's deposition of January 2009 is false and can be refuted with documentation from the attorney for Plaintiff's husband that handled the claim as well as evidence of the transcript page of the deposition that does not show her name as being present. Once again, Defendant's counsel makes a misstatement to this Court. Plaintiff would like the opportunity to present documentation to refute this false statement by Defendant's counsel.

5) Plaintiff contends that if Defendant's two explanations are inconsistent with each other and inconsistent with her sworn affidavit in which she assets that she was never provided with the January 2009 workers compensation deposition, that she be permitted to respond to Defendant's opposition to her Rule 59 motion for a new trial in order to detail all

inconsistencies and why this Court should conduct an evidentiary hearing into her claim of attorney misconduct.

6) Plaintiff also wishes to dispute before this Court, the misstatement that Defendant had obtained the alleged 2006 check from Hudson Valley Bank when Hudson Valley Bank stated that they no longer had this check in their possession.

It is Plaintiff's contention that Defendant's response to her Rule 59 motion for a new trail is based upon numerous misstatements, as well as inconsistent statements and false statements before a tribunal and she respectfully asks this court to be permitted to respond and to present evidence to support her claim of attorney misconduct.

WHEREFORE, as Plaintiff, Lareesa Berman, has credible evidence of attorney misconduct, it is in the interest of justice and fairness for her to be permitted to respond to the inconsistent and misleading statements, made by Defendant's counsel response in opposition as to the misconduct clearly stated in Plaintiff's Rule 59 Motion.

In accordance with RULE 3.01(g) Plaintiff certifies the parties have not conferred on this matter, by telephone as Counsel for Defendant was not available when she called. Due to the fact that Plaintiff is not on the electronic filing system of the Court, this motion had to be sent today. Plaintiff states she does not know if Defendant's counsel agrees or disagrees with this motion.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent on the date set forth below. Dated: May 4, 2015, and sent to Todd Springer, the undersigned counsel, 301 West Bay St. Suite 1050, Jacksonville, FL 32202 by United States mail.

_____
Signature

Lareesa Berman–*pro se*
Full Name

303 Augusta Circle

St. Augustine, FL 32086

(904)-794-5420

DATE: May 4, 2015