UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAREESA BERMAN,

    Plaintiff,

v.                                                            CASE NO. 3:13-cv-1109-J-JBT

THOMAS A. KAFKA,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion Under Rule 50(A): Judgment as a Matter of Law ("Motion") (Doc. 193) and Defendant's Response thereto (Doc. 196). For the reasons set forth herein, the Motion is due to be **DENIED**.

Federal Rule of Civil Procedure 50(a)(2) states that "[a] motion for judgment as a matter of law may be made at any time *before the case is submitted to the jury*." (emphasis added). Therefore, to the extent the Court construes the Motion, which was filed after the jury returned a verdict in this action, as a Rule 50(a) motion, it is untimely.

Additionally, Federal Rule of Civil Procedure 50(b) provides:

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment—or if the motion addresses a jury issue not

> decided by a verdict, no later than 28 days after the jury was discharged—the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59.

The Eleventh Circuit "repeatedly has made clear that any renewal of a motion for judgment as a matter of law under Rule 50(b) must be based upon the same grounds as the original request for judgment as a matter of law made under Rule 50(a) at the close of the evidence and prior to the case being submitted to the jury." *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 903 (11th Cir. 2004). Therefore, "the district court lack[s] authority to grant a Rule 50(b) judgment on a ground not raised by the parties prior to the submission of the case to the jury." *Id.* at 904.

Plaintiff did not move for judgment as a matter of law pursuant to Rule 50(a) prior to the case being submitted to the jury.[1] Therefore, to the extent the Court construes the Motion as a Rule 50(b) motion, the Court lacks authority to grant the Motion because it is not based on the same grounds as a previous, timely Rule 50(a) motion as required. *See Doe*, 394 F.3d at 903–04. However, even if Plaintiff did make a proper Rule 50(a) motion at trial, there was more than sufficient evidence to support the jury's finding that the statements at issue were substantially true and made with good motives. (*See* Doc. 191.)

Moreover, the Motion argues generally that the trial court erred in several respects during trial. (*See* Doc. 193.) It does not properly address whether a

---

[1] The Court cannot provide citations to the trial transcript because Plaintiff has not provided the Court with the transcript.

"legally sufficient evidentiary basis" existed for the jury to find for Defendant as required by Rule 50. See Fed. R. Civ. P. 50(a)(1). Additionally, because Plaintiff does not explicitly request a new trial in the Motion, it cannot be construed as a proper motion pursuant to Federal Rule of Civil Procedure 59. Finally, Plaintiff's status as a pro se litigant does not absolve her of the duty to comply with the aforementioned rules. See Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded pro se litigants, we nevertheless have required them to conform to procedural rules.").

Accordingly, it is **ORDERED**:

The Motion (**Doc. 193**) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on May 29, 2015.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Pro Se Party

Counsel of Record