UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAREESA BERMAN,

        Plaintiff,

v.                                   CASE NO. 3:13-cv-1109-J-JBT

THOMAS A. KAFKA,

        Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion Under Rule 59 For a New Trial ("Motion") (Doc. 197) and Defendant's Response thereto (Doc. 201).[1] For the reasons set forth herein, the Motion is due to be **DENIED**.

### I.    Background

This case centers around two allegedly libelous statements authored by Defendant which were sent to two employees of the Florida Department of Economic Opportunity ("Department"). The statements indicated that Plaintiff and her husband embezzled money from Defendant's company. These statements were made in correspondence sent by Defendant to the Department in an attempt to appeal an award of unemployment benefits to Plaintiff's husband, and to prove that Plaintiff's husband was working while receiving benefits.

---

[1] Because the Court finds that no reply is necessary, Plaintiff's Motion for Leave to File a Reply (Doc. 202) ("Reply Motion") will be denied.

Plaintiff brought this action for libel per se, seeking compensatory and punitive damages.  At trial, Plaintiff submitted no proof of actual damages other than for emotional distress, but instead relied on the law that damages are presumed in libel per se actions.  Defendant raised a number of affirmative defenses, including truth and absolute and qualified privileges.  Following a three day jury trial, the jury returned a verdict for Defendant, finding that the alleged libelous statements at issue were "substantially true and made with good motives." (Doc. 191 at 1.)  Accordingly, final judgment was entered in favor of Defendant and against Plaintiff on March 12, 2015.  (Doc. 192-1.)  Plaintiff now seeks a new trial pursuant to Federal Rule of Civil Procedure 59.  (Doc. 197.)

## II.   Standard

Federal Rule of Civil Procedure 59(a)(1) provides in relevant part that "[t]he court may, on motion, grant a new trial on all or some of the issues–and to any party–as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ."  *See* Fed. R. Civ. P. 59(a)(1)(A).  "Although a comprehensive list of the grounds for granting a new trial is elusive, the Supreme Court has held that a motion for new trial may rest on the fact that 'the verdict is against the weight of the evidence, that damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury.'" *Johnson v. Clark*, 484 F. Supp. 2d

1242, 1246 (M.D. Fla. 2007) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)).

However, "[t]he trial judge's discretion to set aside a jury verdict based on the great weight of the evidence is very narrow." *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1559 (11th Cir. 1984). "[T]o assure that the judge does not simply substitute his judgment for that of the jury, . . . we have noted that new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence." *Id.* at 1556.

### III.   Analysis

Plaintiff received a fair trial in this action, and none of the issues raised herein, individually or cumulatively, fundamentally affected her right to a fair trial. The verdict was well within the jury's discretion, and the evidence presented at trial was more than sufficient to support the verdict. Additionally, almost every issue raised in the Motion is being raised now for the first time. Thus, they have been waived because Plaintiff failed to object at trial and none involves fundamental or plain error. *See, e.g.*, *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d at 1322, 1329 (11th Cir. 1999).

Although Plaintiff states that the verdict "is contrary to the clear weight of the evidence," she primarily argues that a new trial is warranted based on alleged errors in the jury instructions, the verdict form, and the admission and exclusion of certain evidence. (Doc. 197 at 4–11.) Plaintiff also argues that alleged misconduct by

3

Defendant's counsel warrants a new trial.  (*Id.* at 11–16.)  The Court will address each argument in turn.[2]

### A.    Jury Instructions

Although objections were not made at trial, Plaintiff argues that Jury Instructions 5, 7, 9 and 10 contain errors warranting a new trial.  (*Id.* at 6–9.)  Jury Instruction 5 is pattern Eleventh Circuit Jury Instruction 3.7.1 which correctly states that Plaintiff has the burden of proving her claim by a preponderance of the evidence.  (Doc. 190 at 6.)  The stipulation that Defendant made the subject statements, as well as the presumption of damages, are included in Jury Instructions 9 and 10, and they do not alter Plaintiff's burden of proof.  (*Id.* at 10, 13.)  Additionally, Defendant's burden of proof regarding affirmative defenses is explained in Jury Instruction 6.  (*Id.* at 7.)  Therefore, Jury Instruction 5 is proper.

Jury Instruction 7 states in relevant part that Plaintiff "claims that [Defendant] made *false* written statements about her which *caused her harm* . . . . [and] *injured her reputation*," and that Defendant "denies these claims."  (*Id.* at 8 (emphasis added).)  Jury Instruction 9 states in relevant part that "[t]he parties stipulate that Defendant . . . *made the statements* that charged that the Plaintiff . . . committed embezzlement."  (*Id.* at 10 (emphasis added).)  Plaintiff argues that these instructions are inconsistent because Defendant admits that he made the statements

---

[2] Plaintiff has not provided the Court with a transcript of the trial so the Court cannot provide specific citations regarding any issues addressed herein.

4

in one instruction and denies it in the other.  (Doc. 197 at 7.)  However, Defendant's denial that the statements were false and injured Plaintiff in Jury Instruction 7 is not inconsistent with his admission that he made the statements in Jury Instruction 9. Therefore, these instructions are proper.

Jury Instruction 10 provides in relevant part that "[i]f you find for Plaintiff, . . . but find that no loss, injury or damage has been proved, you *must* award nominal damages." (Doc. 190 at 13 (emphasis added).)  Plaintiff argues that this instruction is erroneous because it does not account for the presumption of general and punitive damages in cases of defamation per se.  (Doc. 197 at 8.)  However, the instruction on nominal damages correctly accounts for the presumption of general damages because it requires the jury to award Plaintiff damages even in the absence of proof thereof if liability is established.  Additionally, the instruction correctly provides that punitive damages are warranted only if Defendant's "primary purpose in making the statement was to indulge ill will, hostility, and an intent to harm Plaintiff."  (Doc. 190 at 14.)  *See Lawnwood Med. Ctr., Inc. v. Sadow*, 43 So. 3d 710, 729 (Fla. Dist. Ct. App. 2010) ("[A] finding of liability for [defamation] per se, *coupled with an express finding that the [defamation] was intended to injure plaintiff and did in fact cause injury*, authorizes the jury to consider and assess punitive damages.") (emphasis added); *Nodar v. Galbreath*, 462 So. 2d 803, 811 (Fla.1984) (defining malice as "ill will, hostility, evil intention to defame and injure").  Therefore, Jury Instruction 10 is proper.

Additionally, any error in the challenged jury instructions is harmless.  There was no option on the Verdict Form (Doc. 191) for the jury to find that Defendant did not make the statements.  Therefore, any inconsistency in Jury Instructions 7 and 9 is harmless.  Additionally, any error regarding proof of damages in Jury Instructions 5 and 10 is harmless because the jury never proceeded beyond Defendant's first affirmative defense and thus never considered the issue of damages.  For all of the aforementioned reasons, a new trial is not warranted based on the jury instructions.

### B.    Verdict Form

Although objections were not made at trial, Plaintiff argues that Questions 1, 3, 4, and 5, on the Verdict Form are improper.  First, Plaintiff contends that Question 1 is improper because it requires a showing of "substantial truth" rather than "truth." However, this language is derived directly from the Florida standard jury instruction regarding defenses to defamation and accurately reflects Florida law.  *See* Florida Standard Jury Instruction 405.9(b); *Black v. Advanced Neuromodulation Sys., Inc.*, Case No.  4:11-cv-539-WS, 2014 WL 1303656, at *7 (N.D. Fla. Mar. 27, 2014). Therefore, the question is proper.[3]

---

[3] Accordingly, Plaintiff's argument that the Court erred in not specifically defining "embezzlement" for the jury (Doc. 197 at 20) is without merit because the "substance or gist" of the statements conveyed is that Plaintiff assisted her husband, who was an employee, in improperly obtaining funds from Defendant's company. (*See* Doc. 190 at 10.) It was not necessary for the Court to define or for Defendant to prove the legal elements of embezzlement in order to prevail on his truth defense as Plaintiff suggests.  Moreover, Plaintiff did not ask for such an instruction at trial.

Because the jury never proceeded past Question 1, any error in Questions 3, 4, 5, or 8 is harmless.  Regardless, contrary to Plaintiff's argument, Questions 3 and 4 properly relate to privilege.  The Court denied Defendant's summary judgment motion, which was based on privilege, because genuine issues of material fact existed prior to trial.  (*See* Doc. 119 at 2.)  The Court did not rule on the merits of the asserted privilege, or preclude its application during or after trial as Plaintiff suggests.

Question 5, which asks whether Plaintiff sustained any damages, is proper when read in context with Questions 6 and 7.  Plaintiff argues that damages are presumed in libel per se actions.  (Doc. 197 at 10.)  However, Question 5 directs the jury to award compensatory damages if they find that Plaintiff sustained damages, and nominal damages if she did not.  (Doc. 191 at 2.)  Therefore, regardless of how the jury may have answered Question 5, they would have been required to award Plaintiff damages.  Therefore, although the term "actual damages," as compared to "general damages" or "nominal damages," was not used in Question 5, the question was proper when read in context and any error was harmless.

Question 8, which requires the jury to find malice in order to award punitive damages, was also proper.  Plaintiff argues that malice is presumed in libel per se actions.  However, as explained above, the jury must expressly find malice in order to consider punitive damages.  *See Lawnwood Med. Ctr., Inc.*, 43 So. 3d at 729 ("[A] finding of liability for [defamation] per se, *coupled with an express finding that*

*the [defamation] was intended to injure plaintiff and did in fact cause injury*, authorizes the jury to consider and assess punitive damages.") (emphasis added); *Nodar*, 462 So. 2d at 811 (defining malice as "ill will, hostility, evil intention to defame and injure").  Therefore, this question was proper.

Finally, the omission of the question "[d]o you find from the preponderance of the evidence that Defendant . . . made defamatory statements regarding Plaintiff?" was beneficial, rather than prejudicial, to Plaintiff because its removal conceded that Defendant made defamatory statements regarding Plaintiff.[4]  (*See* Doc. 158 at 1.) For the aforementioned reasons, a new trial is not warranted based on the Verdict Form.[5]

### C.    Evidentiary Issues

As noted above, Plaintiff received a fair trial, and the evidence at trial was more than sufficient to support the jury's verdict.  However, Plaintiff argues that copies of checks containing her signature, as well as other documents containing her signatures, should not have been admitted.  Although it is unclear exactly what documents Plaintiff takes issue with (*see* Doc. 197 at 17–18), it appears she is

---

[4] Plaintiff misstates that the removed question was "[d]id the defendant admit to making the statements that were defamatory to plaintiff?"  (Doc. 197 at 11.)

[5] Plaintiff also argues that she was not provided an adequate opportunity to review and suggest revisions to the jury instructions or the verdict form.  However, Plaintiff was provided copies of each and had the same opportunity as Defendant to review, object, and request revisions.  In fact, the Court provided Plaintiff with copies to take home and review overnight.

contending that it was improper to admit documents containing her authenticated signature so that the jury could compare it to the signature on the checks supporting Defendant's truth defense. However, Federal Rule of Evidence 901(b)(3) allows jurors to determine the authenticity of the signatures on the subject checks by comparing them to authenticated specimens.

Next, Plaintiff argues that the transcript of a telephonic hearing with the Department and resulting decision was improperly admitted because it was "vacated and void." (Doc. 197 at 18–19.) However, these documents were relevant to Defendant's defense of truth, as well as to show the course of the unemployment proceedings and provide context thereto for purposes of Defendants' privilege defenses, even if they were later vacated.

Additionally, Plaintiff argues that exclusion of tax documents and information regarding an IRS investigation and a grand jury subpoena relating to Defendant was improper. Plaintiff's contention that this was proper impeachment evidence, as well as relevant evidence to establish a motive for Defendant's statements, are without merit. This information was not relevant to any claim or defense in this action and was thus properly excluded under Federal Rule of Evidence 401.

### D.    Defense Counsel's Conduct

Plaintiff argues that a new trial is warranted because misconduct of Defense counsel led to unfair surprise regarding the use of the January 6, 2009 deposition of her husband, which was used for impeachment, as well as a letter admitted as

9

Defendant's Exhibit 5.  Plaintiff asserts that she was never provided a copy of the subject deposition and did not know that Defendant intended to rely on it at trial. Rather, she believed that Defendant intended to rely on a different deposition of her husband from 2011.

First, the subject deposition was properly used for impeachment only pursuant to Federal Rule of Evidence 613 and was not introduced into evidence.  Additionally, Defendant contends that the subject deposition was provided to Plaintiff, and the documents cited in support of Plaintiff's argument are consistent with the explanation provided by Defendant.[6]  Regardless, as explained below, there was significant evidence supporting the verdict, and the use of this deposition to impeach Plaintiff's husband, even if not previously provided to Plaintiff, does not require a new trial.[7]

Next, Plaintiff argues that Defendant's Exhibit 5, a letter from Defendant to the "Agency" from March 26, 2010, should have been excluded because it was "never produced in discovery" and was thus "fabricated by Defendant."  (Doc. 197 at 16.) However, this exhibit was clearly listed as Defendant's Exhibit 12 in its initial Exhibit List filed on October 30, 2014, which is attached to Plaintiff's Motion.  (Doc. 142 at 2, Doc. 197-13 at 3.)  For all of the aforementioned reasons, Defendant's counsel

---

[6] Further, the Court notes that Plaintiff often appeared disorganized at trial, further supporting Defendant's position.

[7] Plaintiff's additional arguments that use of the deposition violates a Florida statute and that its use was improper because it was unsigned are unsupported and otherwise without merit.

did not engage in any misconduct and a new trial is not warranted on this ground.

### E.    Additional Arguments

Plaintiff also contends that a new trial is necessary because the Court imposed time limits on the presentation of her evidence and argument.  However, such time limits are within the Court's discretion and were proper in this case in light of Plaintiff's inability to efficiently and coherently present her case.  *See Walter Int'l Prods., Inc. v. Salinas*, 650 F.3d 1402, 1408 (11th Cir. 2011) (finding no abuse of discretion by the trial court when its time limits were not "rigid or inflexible," and where the complaining party did not proffer any additional evidence it wished to present).  Plaintiff did not object at trial to the time limits or request extensions thereof.  Additionally, she did not proffer any additional evidence or argument which would have been presented absent the time limits.  Therefore, the time limits were proper.  *Id.* (the Court has "broad discretion in the management of the trial"); Fed. R. Civ. P. 16(c)(2)(O) (stating that the Court may "establish[ ] a reasonable limit on the time allowed to present evidence").

Additionally, Plaintiff argues for first time that the jury was likely unable to understand her due to her accent.  Therefore, she contends that the Court erred when it did not "halt the proceedings and attempt to rectify the matter." (Doc. 197 at 26.)  First, Plaintiff made no mention of this potential issue at trial.  Additionally, this is admittedly an assumption and is therefore speculative.  (*Id.*)  Moreover, Plaintiff does not suggest how the Court could have made her accent easier to

11

understand to the jury.   Finally, the Court asked the potential jurors during jury selection whether Plaintiff's status as a naturalized citizen would prevent them from being fair and impartial.   No potential jurors stated that this would affect them.

### F.   Weight of the Evidence

There was more than ample evidence to support the jury's verdict in this action.   Defendant introduced two business checks which he testified were to be deposited into his business's account by Plaintiff's husband, an employee of Defendant's company.   Instead, Plaintiff's husband endorsed the checks over to Plaintiff, who apparently signed the checks, and they were not deposited into the business account.   Plaintiff's husband was terminated, and a lengthy and ongoing dispute regarding unemployment benefits ensued.   It was during these ongoing proceedings that Defendant authored the subject statements regarding Plaintiff's involvement with her husband's misappropriation of funds from Defendant's company.   Defendant introduced numerous other documents reflecting Plaintiff's signature, as well as the spelling of her name at the relevant time, which allowed the jury to compare the signatures and conclude that she signed the subject checks.

The majority of Plaintiff's evidence and argument appeared irrelevant or improper, and the jury clearly had the discretion to find in Defendant's favor.  Plaintiff largely relied on an unsupported theory that Defendant forged her name on the subject business checks.   The jury found Defendant's significant evidence more credible and determined that the statements were substantially true and made with

12

good motives.  The weight of the evidence clearly supported the verdict.[8]

## IV.    Conclusion

For the reasons set forth herein, Plaintiff is not entitled to a new trial in this action.  Therefore, the Motion is due to be denied.

Accordingly, it is **ORDERED**:

1.       The Motion (**Doc. 197**) is **DENIED**.

2.       The Reply Motion (**Doc. 202**) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on May 29, 2015.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Pro Se Party

Counsel of Record

---

[8] The Court notes that had the jury returned a verdict in Plaintiff's favor, and had Defendant renewed his motion for judgment as a matter of law after trial, significant issues regarding both Florida's absolute litigation privilege and qualified privilege remained to be decided by the Court.

13