UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAREESA BERMAN,

      Plaintiff,

v.                                CASE NO. 3:13-cv-1109-J-JBT

THOMAS A. KAFKA,

      Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Verified Motion for Attorney's Fees and Costs ("Motion") (Doc. 194) and Plaintiff's Response thereto (Doc. 195). For the reasons set forth herein, the Motion is due to be **GRANTED** to the extent stated herein.

### I.  Background

On October 3, 2014, Defendant served his Second Proposal for Settlement to Plaintiff ("Offer") pursuant to section 768.79, Florida Statutes. (Doc. 194-1.) The Offer sought to settle all of Plaintiff's claims against Defendant in this action for a total of $5,000. (*Id.*) Plaintiff did not accept the Offer. (Doc. 194 at 2.) Following a three day jury trial, the jury returned a verdict for Defendant, finding that the alleged libelous statements at issue were "substantially true and made with good motives." (Doc. 191 at 1.) Accordingly, final judgment was entered in favor of Defendant and against Plaintiff on March 12, 2015. (Doc. 192-1.) Defendant now

seeks to recover $41,902.50 in attorneys' fees pursuant to section 768.79, Florida Statutes, as well as $7,847.50 in costs pursuant to 28 U.S.C. § 1920.  (Doc. 194.)

## II.   Standard

"The Eleventh Circuit has held that the Florida offer of judgment/demand for judgment statute, Florida Statutes section 768.79, and the rule implementing it, Florida Rule of Civil Procedure 1.442, apply in diversity cases where the substantive law of Florida applies." *Pickett v. R.J. Reynolds Tobacco Co.*, 948 F. Supp. 2d 1314, 1320 (M.D. Fla. 2013).  Section 768.79 provides in relevant part:

> (1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him *or on the defendant's behalf pursuant to a policy of liability insurance or other contract* from the date of filing of the offer if the judgment is one of no liability. . . .

> (7)(a) If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees.

Fla. Stat. § 768.79(1) & (7)(a) (emphasis added).

"If an offer satisfies the requirements of [Fla. Stat.] § 768.79(1)-(6), . . . [t]he sole basis on which a court can disallow an entitlement to an award of fees is if it determines that [the] offer was not made in good faith." *McMahan v. Toto*, 311 F.3d 1077, 1083 (11th Cir. 2002) (quotations omitted).  "[T]he burden is upon the offeree

to prove that the offeror acted without good faith." *Id.* (quotations omitted).

"[T]he question of whether a proposal was served in good faith turns entirely on whether the offeror had a reasonable foundation upon which to make his offer and made it with the intent to settle the claim against the offeree should the offer be accepted." *Pickett*, 948 F. Supp. 2d at 1317 (quotations omitted). "Thus, the court should take into account the following factors in determining the offeror's subjective good faith: the amount of the offer, the offeror's potential exposure, the complexity and closeness of the case, and the offeror's justification for the offer." *Id.* However, "[t]he court should not take into account the reasonableness of the offeree's rejection of the offer." *Id.*

"As to the amount of the offer, courts should view with considerable skepticism nominal offers which bear no reasonable relationship to damages and which are not founded upon a reasonable and realistic assessment of liability." *Id.* (quotations omitted). "However, nominal offers of judgment are not alone determinative of bad faith." *Id.* (quotations omitted). "Therefore, even viewing such offers with 'considerable skepticism,' proof of bad faith requires a showing beyond the mere amount of the offer . . . . [It] involves an inquiry into the circumstances shown by the entire record of the case." *Id.* (quotations omitted).

## III.    Analysis

Section 768.79 applies in this action. First, it is undisputed that this case is a diversity action in which Florida substantive law applies. Additionally, despite

Plaintiff's argument to the contrary (*see* Doc. 195), the plain language of section 768.79(1) allows Defendant to recover attorneys' fees under the statute even though he was defended pursuant to a liability insurance policy.   Moreover, the Offer complies with section 768.79(2), which requires that an offer: "a) Be in writing and state that it is being made pursuant to this section; (b) Name the party making it and the party to whom it is being made; (c) State with particularity the amount offered to settle a claim for punitive damages, if any; [and] (d) State its total amount."  (*See* Doc. 194-1.)  Therefore, the Court must award to Defendant reasonable attorneys' fees and costs incurred on or after October 3, 2014, unless it determines that the Offer was not made in good faith.[1]  *McMahan*, 311 F.3d at 1083; Fla. Stat. § 768.79(7)(a).

## A.    The Offer was made in good faith

This case centers around two allegedly libelous statements authored by Defendant which were sent to two employees of the Florida Department of Economic Opportunity ("Department").  The statements alleged that Plaintiff and her husband embezzled money from Defendant's company.  These statements were made in correspondence sent by Defendant to the Department in an attempt to appeal an

---

[1] "Although § 768.79 refers to the 'date of filing,' courts have interpreted this to mean the date the offer was served on the plaintiff, since there is no requirement that an offer of judgment be filed with the court until it becomes necessary as a means of recovering attorney's fees." *Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1356 n.4 (S.D. Fla. 2010).  Therefore, the fact that Plaintiff filed only a notice of serving the Offer, and not the Offer itself on October 3, 2014, is of no consequence.  (*See* Doc. 124.)

award of unemployment benefits to Plaintiff's husband, and to prove that Plaintiff's husband was working while receiving benefits.  One of the statements was confidential and not considered a public record.  The other statement could be obtained through a Florida public records request.

Plaintiff brought this action for libel per se, seeking compensatory and punitive damages.  Plaintiff alleged no actual damages, but instead relied on the law that damages are presumed in libel per se actions.  Defendant raised a number of affirmative defenses, including truth and absolute and qualified privileges.

The Offer was made approximately one month prior to the first pre-trial conference in this action, after the close of discovery and after the Court had ruled on the parties' motions for summary judgment.[2]  By that time, Defendant's case was exceptionally strong.  Defendant had a number of viable defenses, including truth and privilege.  Further, it appeared that Plaintiff could prove no significant actual damages.  Accordingly, Defendant's justification for the Offer was "based largely on the assessment of Defendant's counsel of the potential for a defense verdict on the basis that no witness in this case could demonstrate that there was any damage suffered by Plaintiff . . . and that the statements were true and made in good faith." (Doc. 194 at 10.)

First, in support of his truth defense, Defendant possessed strong evidence

---

[2] The trial was initially set to begin on November 17, 2014 (Doc. 20), but was continued to March 9, 2015 (Doc. 162).

that Plaintiff had participated in improperly obtaining funds from his company. Specifically, Defendant possessed two business checks that were apparently endorsed to Plaintiff by her husband, and which were apparently signed by Plaintiff. Defendant testified at trial that Plaintiff's husband should have deposited these checks into Defendant's business account, and that they should not have been endorsed to Plaintiff. Defendant ultimately prevailed at trial on his defense of truth.

Additionally, the Court had not foreclosed the possibility of granting judgment as a matter of law in Defendant's favor based on Florida's litigation privilege and/or qualified privilege. In denying the parties' motions for summary judgment based on the existence of material issues of fact, the Court noted that "[t]he closest argument presented by either party for summary judgment is Defendant's claim that he is immune from any potential liability resulting from the two allegedly libelous statements pursuant to Florida's litigation privilege." (Doc. 119 at 2.)

Finally, even if Defendant was found liable, it was likely that Plaintiff would recover only nominal damages. She presented no credible evidence of actual damages, and it was unlikely that a jury would award punitive damages. Her demand at trial for $4.5 million had no relationship to any evidence presented and appeared to be completely arbitrary. Moreover, an award of punitive damages would have required evidence that the statements were made with malice, i.e., that Defendant's primary purpose in making the statements was to indulge ill will, hostility, and an intent to harm Plaintiff. (*See* Doc. 191 at 2.) *See also Lawnwood*

*Med. Ctr., Inc. v. Sadow*, 43 So. 3d 710, 729 (Fla. Dist. Ct. App. 2010) ("[A] finding of liability for [defamation] per se, coupled with an express finding that the [defamation] was intended to injure plaintiff and did in fact cause injury, authorizes the jury to consider and assess punitive damages."); *Nodar v. Galbreath*, 462 So. 2d 803 (Fla.1984) (defining malice as "ill will, hostility, evil intention to defame and injure"). No such evidence was ever produced. In addition, because the statements were made in connection with unemployment proceedings in which Defendant had a clear interest, a jury was not likely to find malice. As noted above, the jury ultimately found that the statements were made with "good motives." (Doc. 191 at 1.) Accordingly, even assuming the offer was somewhat nominal, and therefore viewing it with "considerable skepticism," the unique facts and circumstances of this case discussed above show that it was made in good faith.

Plaintiff argues that the Offer was unreasonable because it did not contain an apology by Defendant even though she previously made clear that any settlement offer must include an apology. (*See* Doc. 195.) However, this argument goes to the reasonableness of Plaintiff's rejection of the Offer, not to the reasonableness of the Offer itself. Plaintiff's argument is misplaced because the Court should not consider the reasonableness of an offeree's rejection in determining whether an offer was made in good faith. *See Pickett*, 948 F. Supp. 2d at 1317.

Plaintiff also argues that the Offer was not justified because it was the same offer extended earlier in litigation, prior to Plaintiff surviving summary judgment.

(Doc. 195 at 8–9.)   However, as explained above, the denial of both parties'
summary judgment motions did not weaken Defendant's case.   Not only did
Defendant survive Plaintiff's summary judgment motion, but the Court also made
clear that the closest argument for summary judgment presented by either party was
Defendant's privilege argument.   (*See* Doc. 119 at 2.)   Accordingly, the Court finds
Defendant had a reasonable foundation upon which to make his offer and made it
with the intent to settle Plaintiff's claim.[3]   Therefore, the Court will award Defendant
reasonable attorneys' fees incurred on or after October 3, 2014.

### B.   Reasonableness of requested attorneys' fees

"The most useful starting point for determining the amount of a reasonable fee
is the number of hours reasonably expended on the litigation multiplied by a
reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).   "The
party seeking an award of fees should submit evidence supporting the hours worked
and rates claimed."  *Id.*  Although counsel "is not required to record in great detail
how each minute of his time was expended[,] . . . counsel should identify the general
subject matter of his time expenditures."  *Id.* at 437 n.12.   In support of their request,
Defendant's counsel have submitted their billing records (Doc. 194-3), affidavits in
support thereof (Doc. 194-2), and an affidavit of a disinterested attorney attesting to
the reasonableness of the fees sought (Doc. 194-5).

---

[3] The Court rejects the remainder of Plaintiff's arguments, which are based largely
on alleged misconduct by Defendant's counsel.   The record does not reflect any such
misconduct.

8

In determining reasonable hourly rates, the Court considers "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988).  Here, the primary attorneys have been practicing in Florida for 16 and 17 years, respectively, and the primary paralegal has at least 5 years of experience.  (Doc. 194-2.)  Additionally, a Jacksonville trial attorney with 22 years of experience attests to the reasonableness of these rates (Doc. 194-5), and Plaintiff does not oppose them.  (*See* Doc. 195.) In light of the lack of opposition thereto, and based on its independent review, the Court finds that the rates of $150 per hour for the subject attorneys, and $75 per hour for the subject paralegals, are reasonable rates in this case.

Reasonable hours expended are those that are not "excessive, redundant or otherwise unnecessary" and that reflect the attorney's "billing judgment."  *See Norman*, 836 F.2d at 1301 (quotations omitted).  The Court may conduct an hour-by-hour analysis to evaluate the reasonableness of the hours expended or, if appropriate, apply an across-the-board reduction.  *See Bivens v. Wrap It Up, Inc.*, 548 F.3d 1348, 1351 (11th Cir. 2008).  An across-the-board method is often preferable so as to avoid the "pick and shovel work" of poring through voluminous billing records.  *See Kenny A. v. Perdue*, 532 F.3d 1209, 1220 (11th Cir. 2008).

Plaintiff opposes only three entries, all on October 3, 2014, totaling 42

minutes, for which Defendant billed a total of $97.50.[4]  (Doc. 195 at 5–6.)  Plaintiff

does not oppose the remainder of the entries.  (*See* Doc. 195.)  The Court finds the

challenged entries reasonable, as well as the 30.6 hours expended by paralegals in

this action.[5]   Therefore, Defendant is entitled to paralegal fees in the amount of

$2,295 (30.6 hours x $75).[6]    However, upon review of the billing records as a

whole, the Court finds that the 262.6 hours expended by attorneys in this action are

not entirely reasonable under the circumstances.  (*See* Doc. 194-3.)

Specifically, given the strength of Defendant's case, which justified the subject

Offer, it is questionable whether the use of two attorneys with similar experience and

hourly rates was justified.   This is especially true considering that one of the

attorneys is from Orlando and apparently billed for travel time to and from

Jacksonville.  (*See, e.g.*, Doc. 194-3 at 16 (Paul Jones, from Orlando, billed 6.2

hours for the pre-trial conference; Todd Springer, from Jacksonville, billed 1.2 hours

for the same conference); Doc. 194-3 at 12 (Paul Jones billed 5.3 hours for the first

---

[4] Plaintiff mistakenly suggests that an entry for 0.4 hours equates to 40 minutes. (Doc. 195 at 5.)  However, 0.4 hours actually equates to 24 minutes.

[5] Although specifically argued in the Motion (*see* Doc. 194 at 13), Plaintiff does not challenge the compensability of any work performed by paralegals at the rate of $75 per hour.   Therefore, the Court finds all work performed by paralegals compensable at this rate.

[6] Despite Defendant's statement that all paralegals billed at a rate of $75 per hour, it appears that the paralegals billed $150 per hour for a small number of tasks.  (*See, e.g.*, Doc. 194-3 at 3, 8, 19.)  The Court finds this rate, which is the same as the attorneys' rate, unreasonable and will adjust Defendant's recovery to reflect a $75 hourly rate for all work performed by paralegals.

pre-trial conference; Todd Springer billed 1.4 hours for the same conference).)

Nevertheless, although Plaintiff's demand was unjustified, she was seeking $4.5 million from a jury in this action.  Thus, Defendant's counsel had to adequately prepare for trial to guard against the slight possibility of a significant adverse verdict.  Therefore, extensive hours were required to adequately prepare for a three day federal court jury trial.  Moreover, although pro se, Plaintiff aggressively prosecuted this action and required Defendant to expend considerable time responding to motions and other demands, even though most had no merit.  For example, Plaintiff's insistence on obtaining and relying on irrelevant and inadmissible evidence in this action necessitated numerous well-founded motions *in limine* from Defendant, and caused the Court to impose time limits on Plaintiff's presentation of evidence and argument.

Given the volume of the billing records provided and Plaintiff's lack of opposition to specific entries, the Court will not reduce the hours line-by-line, particularly because it is unclear whether some entries contain time for things such as travel.  (*See, e.g.*, Doc. 194-3 at 21 (Paul Jones billed 14.4 hours to attend day one of trial and prepare for day two, and 13.9 hours to attend day two and prepare for day three.  Todd Springer billed 9.1 hours for trial attendance each of those days.).)  Instead, the Court will discount the total amount billed by the attorneys by 10%.  Therefore, Defendant is entitled to a total of $35,451 in attorneys' fees ((262.6 hours x $150) x .90).  Accordingly, Defendant is entitled to fees in the total amount

of $37,746 ($35,451 in attorneys' fees + $2,295 in paralegals' fees).

### C.    Recoverability of requested costs

"Prevailing parties are entitled to receive costs under Fed. R. Civ. P. 54(d), but a court may only tax costs as authorized by statute." *Beach-Mathura v. Am. Airlines, Inc.*, 571 F. App'x 810, 812 (11th Cir. 2014) (quotations omitted).  Defendant seeks to recover costs pursuant to 28 U.S.C. § 1920, which provides in relevant part that a court may tax the following costs:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case . . . .

Defendant seeks costs for court reporting/depositions, trial support, mediation, printing/copies, investigation, witness and mileage fees, and subpoenas (trial/depositions) totaling $7,847.50.  (Doc. 194 at 4.)  The only costs challenged by Plaintiff are the mileage and witness fees paid to Lora Katsavrias which total $147.52.  (Doc. 195 at 5.)  Plaintiff argues only that the costs are unreasonable because Mr. Katsavrias did not actually testify at trial.  (*Id.*)  However, a witness need not actually testify in order for that witness's fee to be recoverable.  *See Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1333–34 (S.D. Fla. 2012) ("[W]here the prevailing party maintained a good faith belief that a witness's testimony would be necessary, witness fees are recoverable.").  Additionally, the

12

$147.52 requested is clearly supported by documents provided by Defendant. (Doc. 194-4 at 33–34.) Plaintiff does not oppose the remainder of Defendant's costs.

However, the Court finds that Defendant has failed to sufficiently show that many of his costs are recoverable under section 1920. His conclusory requests for costs in the motion are broken down only by broad categories and are purportedly supported by Document 194-4. However, Document 194-4 consists of 37 pages of seemingly random documents that do not clearly correlate with or support all of the amounts requested in the Motion.

Regarding the specific expenses sought, mediation and investigation costs are not recoverable. *See Nicholas v. Allianceone Receivables Mgmt., Inc.*, 450 F. App'x 887, 888 (11th Cir. 2012) (mediation costs are not taxable under 28 U.S.C. § 1920); *Rosa v. City of Fort Myers*, Case No. 2:05-cv-481-FtM-29SPC, 2008 WL 1776458, at *1–2 (M.D. Fla. Apr. 18, 2008) (investigation costs are not taxable under 28 U.S.C. § 1920). Next, Defendant has failed to show that the court reporting/depositions or the printing/copies were "necessarily obtained for use in the case" as required.[7] Moreover, these costs are not supported with documentation. (*See* Doc. 194-4.) Therefore, they will not be awarded. Additionally, although not explained in the Motion, Defendant's trial support cost appears to be a cost for

---

[7] Regarding his "printing/copies" costs, Defendant fails to distinguish between printing costs, which are recoverable without such a showing, and copying costs, which are not. *See* 28 U.S.C. § 1920(3) & (4). Therefore, the Court will treat this category as copying costs for purposes of section 1920.

demonstrative charts.  (*See id.* at 22.)  To the extent this cost is taxable, section 1920(4), which requires a showing that they were "necessarily obtained for use in the case," is controlling.  *See Bianchi v. Bronson & Migliaccio, LLP*, Case No. 09-61164, 2011 WL 379115, at *9 (S.D. Fla. Feb. 2, 2011).  Because Defendant has failed to make the required showing, this cost will not be awarded.

The costs of serving subpoenas using a private process server are recoverable under section 1920(1).  *See Martinez v. Hernando Cnty. Sheriff's Office*, Case No. 8:12-cv-666-T-27TGW, 2013 WL 6047020, at *5 (M.D. Fla. Nov. 13, 2013) ("Costs for private service of summons and subpoenas may be taxed pursuant to section 1920(1).") (citing *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000)).  However, these costs cannot exceed the rate charged by the U.S. Marshal, $65 per hour, plus travel costs and out-of-pocket expenses, as provided in 28 C.F.R. § 0.114(a)(3).  *See Martinez*, 2013 WL 6047020, at *5.[8] Defendant served four subpoenas at a rate greater than $65, and no information regarding time, travel, or out-of-pocket expenses has been provided.  (*See* Doc. 194-4 at 15–21.) Accordingly, the Court will allow only $65 for service of each of these subpoenas. *See Martinez*, 2013 WL 6047020, at *5 (reducing the costs awarded for subpoenas served by a private process server to that charged by the U.S. Marshal as provided by statute). Therefore, Plaintiff is entitled to a total of $980 in costs for service of

---

[8] Although the Court in *Martinez* used a rate of $55 per subpoena, 28 C.F.R. § 0.114(a)(3) now provides for a rate of $65 per hour for personal service of subpoenas by the U.S. Marshal.  *See* 2013 WL 6047020, at *5.

14

subpoenas ((12 subpoenas x $60) + (4 subpoenas x $65)).

Additionally, Defendant's witness and mileage fees are recoverable under section 1920(3).  Upon review, the Court finds that Defendant has submitted sufficient documentation showing witness  fee and mileage costs totaling $818.69.[9] (*See* Doc. 194-4 at 25–37.)  Therefore, Defendant is entitled to recover a total of $1,798.69 in costs ($980 for service of subpoenas + 818.69 for witness and mileage fees).[10]

## IV.    Conclusion

For the reasons set forth above, Defendant is entitled to judgment against Plaintiff for a total of $39,544.69, which represents $37,746 in attorneys' fees pursuant to section 768.79, Florida Statutes, and $1,798.69 in costs pursuant to 28 U.S.C. § 1920.

Accordingly, it is **ORDERED**:

1.    The Motion (**Doc. 194**) is **GRANTED** to the extent stated herein.

2.    The Clerk of Court is directed to enter judgment in favor of Defendant, Thomas Kafka, c/o Luks, Santaniello, Petrillo & Jones, LLC, 301 W. Bay St., Suite

---

[9] Many of the supporting documents are difficult to read.  However, it appears that the 10 cent difference between Defendant's request and the amount supported by documentation is the result of either a mathematical or scrivener's error.

[10] Because the Court is awarding Defendant attorneys' fees pursuant to section 768.79, Florida Statutes, and costs pursuant to 28 U.S.C. § 1920, it need not address Defendant's alternative arguments for fees and costs pursuant to Federal Rule of Civil Procedure 68, or for costs pursuant to section 768.79, Florida Statutes.

1050, Jacksonville, FL 32202, and against Plaintiff, Lareesa Berman, 303 Augusta Circle, St. Augustine, FL 32086, in the total amount of $39,544.69, representing $37,746 in attorneys' fees and $1,798.69 in costs.  Post-judgment interest will accrue at the statutory rate set forth in 28 U.S.C. § 1961.

**DONE AND ORDERED** at Jacksonville, Florida, on May 29, 2015.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Pro Se Party

Counsel of Record

16