# United States District Court
# Middle District of Florida
# Jacksonville Division

Lareesa Berman – *pro se*

                             Plaintiff

Vs.                                                         Case No.3:13-cv-1109-J-JBT

Thomas A. Kafka,

                             Defendant

_____/

## AMENDED COMPLAINT

Plaintiff Lareesa Berman, representing herself *pro se* in her complaint against Thomas A. Kafka, alleges the following:

## NATURE OF THE ACTION

1.) By this action, Plaintiff Lareesa Berman seeks to recover damages for statements of *libel per se* made by Defendant, Thomas A. Kafka. Plaintiff Berman is a wife, mother, and small business owner. Defendant Kafka—in a nonjudicial and voluntary attempt to reopen a closed unemployment decision that was unfavorable to Defendant's company, Maitland Furniture, Inc., and that was in favor of Plaintiff's husband—libeled Plaintiff, a nonparty to any action between Defendant and Plaintiff's husband. Defendant broadcast written statements stated as fact that Plaintiff had been proven to have committed a criminal offence, when no such offence or proof existed, thus meeting the legal definition of *libel per se*.[1] This was done in Defendant Kafka's fit of pique out of spite, with

---

[1] Broadcast or written publication of a false statement about another <u>which accuses him/her of a crime</u>, immoral acts, inability to perform his/her profession, having a loathsome disease (like syphilis), or dishonesty in business. Such claims are considered so obviously harmful that <u>malice</u> <u>need not be proved to obtain a judgment for "general damages,"</u> and not just specific losses.

malicious disregard for Plaintiff's reputation, and as an act of revenge for having the Agency for Workforce Innovation (Florida Division of Unemployment Compensation) rule against Defendant Kafka and his company, Maitland Furniture, Inc., and in favor of Plaintiff's husband. The hearing in which Plaintiff's husband prevailed and was awarded unemployment compensation had been closed for nearly a year and a half, when Defendant Kafka attempted unsuccessfully, and at his own initiative, to reopen the closed case by stating as a fact that, among other accusations, Plaintiff had been proven to have committed a criminal offense.

## JURISDICTION AND VENUE

2.) This Court has subject matter jurisdiction over Plaintiff Berman's claim pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of the United States.

3.) Diversity of citizenship, as pursuant to 28 U.S. Code § 1332: Plaintiff, Lareesa Berman, is a legal resident of the State of Florida. Defendant, Thomas A. Kafka, is a legal resident of the State of Wisconsin.

4.) The venue is correct, pursuant to U.S.C. 28 § 1391(b)(2) and (b)(3).

## THE PARTIES

5.) Plaintiff Lareesa Berman is the owner of a small, legally incorporated, Florida-based business and is a citizen of Florida.

6.) Defendant Thomas A. Kafka is the owner of Maitland Furniture, Inc. /Maitland Trifecta, a Florida Corporation in default with the Florida Department of State, Division of Corporations. (Failure to comply with Fla. S. 607.0501(5)) [2]

## BACKGROUND

7.) Plaintiff's husband was at one time an employee of Maitland Furniture, Inc., (renamed as Maitland-Trifecta, Inc., on a date of February 4, 2009) until January 9, 2009, a corporation allegedly owned by Thomas A. Kafka.

8.) As a result of dispute between the parties, Thomas A. Kafka and Plaintiff's husband, the working relationship between the two was severed with Plaintiff's husband having applied for unemployment compensation in January of 2009.

9.) In a hearing that was conducted improperly and then appealed, a decision by the Agency for Workforce Innovation found in favor of Plaintiff's husband, and against Defendant Kafka and his corporation.

10.) Plaintiff Lareesa Berman was and is a nonparty to the action between Defendant Kafka, The Agency for Workforce Innovation, and Plaintiff's husband. Plaintiff was not an employee of the Defendant's corporation, nor had she worked for, or was in a fiducially capacity with, Defendant or Defendant's corporation and is an innocent nonparty to any action among these parties or any other parties.

11.) Defendant Kafka, unhappy with the final decision by the Agency for Workforce Innovation, attempted to reopen the closed and dismissed judicial proceeding between Maitland Furniture, Inc., and Plaintiff's husband at Thomas Kafka's own initiative by making false claims against Plaintiff. As such, Defendant committed *libel per se* against

---

[2] A corporation may not maintain any action in a court in this state until the corporation complies with the provisions of this section or s. 607.1507, as applicable, and pays to the Department of State a penalty of $5 for each day it has failed to so comply or $500, whichever is less.

3

Plaintiff, a nonparty. The final decision that was found in favor of Plaintiff's husband had been made a year and five months prior to Defendant Kafka's attempt to reopen it. ( see EXHIBIT E-2)

12.) Unsatisfied with the original decision by the Agency for Workforce Innovation, in a fit of vitriol, Defendant stated as a "fact," in his authored correspondence to the Agency for Workforce Innovation, that Plaintiff had been "proven" to have committed a crime.

13.) Discovered by Plaintiff in 2012, the entire unemployment compensation proceeding by Defendant was invalid as Defendant Kafka had failed to maintain a registered agent within the State of Florida and had been filing false documents with the Florida Department of State, Division of Corporations, stating he was the registered agent for Maitland Furniture and resided at 6 Shadow Creek Way, in Ormond Beach, Florida. (The filing of such false documents is a 3rd degree felony under § 817.155.) This address was found to be a rental property—owned by Defendant but not resided in by Defendant, as Defendant Kafka resided in Wisconsin. As no fine has ever been paid to the Florida Department of State, Maitland Furniture/Maitland-Trifecta remains in default under § 607.0501(5). (The Agency for Workforce Innovation was unaware that Maitland Furniture was in default).

14.) Plaintiff's husband requested the final documents of the closed judicial proceeding found in his favor by the Agency for Workforce Innovation. The file arrived with several missing pages of correspondence authored by Defendant Kafka; Plaintiff's husband then contacted James Bellflower and the Agency for Workforce Innovation regarding the missing pages. Mr. Bellflower promptly complied with the request to send the missing pages, and those pages were received by Plaintiff's husband. It was those pages that

contained the *libel per se* against Plaintiff and that were authored by Defendant Kafka. Mr. Bellflower stated that the reason the pages were missing was that they were not part of any judicial proceeding, but were sent by Defendant Kafka at his own initiative.

15.) Plaintiff had no knowledge of Defendant's libelous accusations prior to Plaintiff's husband obtaining the libelous documents and Plaintiff Berman has never been accused, tried, or convicted of any crime, whatsoever. Nor, was this libelous claim ever brought to Plaintiff's attention until the authored statements were obtained by Plaintiff's husband as an information request.

16.) On the date of August 17, 2013, Plaintiff sent a letter by certified mail to the Defendant's address in Janesville, Wisconsin, that requested a retraction and an apology for the unfounded and false statements of "fact" in the Defendant's e-mails and faxed correspondence to individuals at the Agency for Workforce Innovation, as well as to other suspected parties and individuals. Originally giving Defendant 10 (ten) days to apologize and retract the *libel per se*, Plaintiff then afforded Defendant Kafka an additional 12 (twelve) days before filing this action in this Court. The demand letter was received by Defendant on August 21, 2013. (EXHIBITS A, B)

17.) On a date of September 12, 2013, and within the Florida statute of limitations, this action was filed with the Court and a summons was delivered to the Defendant, Thomas A. Kafka, at his Janesville, Wisconsin, residence.

18.) Insofar as Plaintiff's original complaint on the date of February 4, 2014, was dismissed in part (without prejudice) with leave to amend, Plaintiff hereby files this amended complaint in accordance with the order set forth by Magistrate Judge Joel B. Toomey.

## **CLAIM FOR RELIEF**

### (*Libel Per Se* Accusations of Criminal Conduct and "proof" thereof)

19.) Plaintiff re-alleges and repeats those allegations on paragraphs 1-17. This is a claim for *libel per se*, a claim considered so harmful that malice and specific losses need not be proved to obtain a claim for general damages.

20.) Defendant Kafka's statement of "fact" that Plaintiff Berman was "proved" to have committed a crime is false.

21.) Plaintiff is a nonparty to any action that had involved Plaintiff's husband and Defendant and/or his company, Maitland Furniture, Inc. / Maitland Trifecta, Inc.

22.) Kafka's statements were made as revenge against Plaintiff, as the wife of the individual of whom the Agency for Workforce Innovation found in favor in the final decision of the unemployment claims dispute. Plaintiff had no work relationship—through either employment or as an independent contactor for Defendant, and was a nonparty to this dispute.

23.) Defendant's statements were made with disregard to the truth.

24.) Defendant's statements injure Plaintiff's reputation.

25.) Defendant Kafka's statements forever and falsely taint and permanently damage Plaintiff in the eyes of any individual, entity (private or government), or corporation that may seek background information on Plaintiff and that may have access to the Defendant's computer files, e-mails, or records (either with or without knowledge or permission of the Defendant), as well as those who may have the actual authored statements sent by Defendant, such as individuals at the Agency for Workforce Innovation and unknown others. Plaintiff's reputation—being a small business owner, an

honest business person, honest as an individual, and a member of the community—has been placed at risk by the blatant and false, libelous statements authored by Defendant.

26.) The claim made by Defendant—that a crime was committed by Plaintiff and that it had been "proved"—has caused and/or may cause irreparable harm.

27.) This allegation, authored as a statement of "fact," has harmed the name and reputation of Plaintiff in the eyes of its recipients and will harm Plaintiff should this information that is electronic and that is not secure be released either deliberately or without the knowledge or permission of Defendant Kafka. Plaintiff further alleges that it is the intention of Defendant (by evidence of multiple visits to Plaintiff's business website) to identify those business contacts, clients, and/or associates of Plaintiff for the purpose of using the libelous statements to disrupt and harm Plaintiff's small business.

## CONCLUSION

28.) The original authored statements by Defendant (sent to individuals at the Agency for Workforce Innovations, to James Bellflower, to Natasha (no last name given) at UAC, and to Connie DeMoranzille) and those statements supplied by Defendant in his "Motion to Dismiss" of October 15, 2013, differ in enough ways to establish that multiple copies of the per se libelous statements must exist, and provide credible evidence that these statements have been distributed widely. Again, as evidenced by the different versions of the *libel per se* authored by Defendant and included in the Defendant's Motion to Dismiss, this lends credibility to Plaintiff's claim that multiple copies of the libelous statements exist in Defendant's unsecure computers and in many other unsecured computers owned by individuals or entities who have received Kafka's libelous statements (including the electronic files of the Agency for Workforce Innovation.)

There is evidence by the Defendant's own written statements that the *libel per se* was also conveyed through fax and through telephone conversations. Such untrue and defamatory statements are a ticking bomb, in that, the *libel per se* can and will come into the hands of any individual, computer hacker, or government agency with the power to access databases or computers. That is why, before initiating this action Plaintiff specifically asked Defendant to issue a retraction of the libelous statements and to send such a retraction to any and all recipients of the original *libel per se*. Had this been done, no further action would have been contemplated, and Defendant would have avoided any and all litigation concerning this matter.

(See the attached copies of Defendant Thomas Kafka's statements of *libel per se* and copy of the different version of the statement of libel per se as sent by the Defendant's counsel, David Vukelja. EXHIBITS C, D, E)

WHEREFORE, Plaintiff, Lareesa Berman, respectfully seeks (1) the awarding of the sum of $4.5 million dollars, in general damages, compensatory, and punitive damages, exclusive of court costs, expenses, and penalties as a result of Defendant Kafka's *libel per se*, (2) a letter of retraction and apology from the Defendant, (3) awarding pre-judgment and post judgment interest. The Plaintiff requests this Court to award any other and all relief as this Court finds just and proper and Plaintiff demands a trial by jury.

## CERTIFICATE OF SERVICE

I hereby certify this to be a true and correct copy of the foregoing was sent on the date set forth below. Dated: February 24, 2014, and sent by US Mail to David Vukelja, the undersigned counsel, 595 W. Granada Blvd. Ste. L, Ormond Beach, FL. 32174

Signature: _[signed]_

Full Name: Lareesa Berman- Pro Se

303 Augusta Circle

St. Augustine, FL 32086

(904)-794-5420

DATE: 2/24/2014



*Exhibit "A"*

August 17, 2013

Thomas A. Kafka
3630 North Spring Hill Drive
Janesville, WI 53545

Re: Demand for retraction/apology for libel sent via **CERTIFIED MAIL**

Dear Mr. Kafka,

It has come to my attention that you have been making representations about my husband and me (not a party to any claim and/or action) that are false and misleading. These statements defame my reputation, in writing, and are therefore libelous. You have made a false claim that falls under the category of Per Se Libel. In a case of Per Se Libel, harm to the individual caused by the libelous statement, need not be proven to be awarded damages, only that the statement had been made. Your statement—"proof of a crime," when no such proof exists, and the individual is accused without knowledge by the individual—falls under the four categories of Per Se Libel and is not defensible. Awards for Per Se Libel have historically been very significant.

Therefore, I demand that you immediately retract these libelous statements as listed below and apologize for making such libelous statements, which fit the definition of Per Se Libel. You are to do so in writing, and this is to be signed. The original is to be sent to me, with copies mailed to all those to which you have distributed libelous correspondence to.

<u>Libelous statements</u>, which include but are not limited to the following: On the Date of August 16, 2011, you stated the following in writing and addressed it to Jamie Bellflower, "We proved that Chris Berman and his wife embezzled money from our company." This was received from Jamie Bellflower on the date of September 15, 2011. You stated in writing and signed the following, "Part of the money was embezzled by his wife." This correspondence indicates a date of September 5, 2011, and received by me on the date of October 20, 2011.

These unfounded allegations that have been made, wherein and in what manner such comments were made are untrue and are Per Se Libel. Damage need not be proven, only that they have been made. Such claims are considered so obviously harmful that malice need not be proved to obtain a judgment for "general damages," and not just specific losses.

Please be advised that, unless you retract in writing such statements within 10 (ten) days of the receipt of this letter, I will have no choice but to take all appropriate legal courses of action to protect my reputation, including but not limited to, all remedies available in law or in equity, including seeking monetary damages.

Sincerely,

L. Berman
303 Augusta Circle
St. Augustine, FL 32086

Exhibit „B"

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Julie Kafka_  ☐ Agent ☐ Addressee<br>B. Received by (Printed Name) _Julie Kafka_   C. Date of Delivery 8/21 |
| 1. Article Addressed to:<br>THOMAS A. KAFKA<br>3630 N Spring Hill Dr<br>Janesville, WI 53545 | D. Is delivery address different from item 1? ☐ Yes  If YES, enter delivery address below: ☐ No |
|  | 3. Service Type<br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. 7012 3050 0000 8231 4217 | |
| PS Form 3811, February 2004   Domestic Return Receipt | 102595-02-M-1540 |

# SWORN AFFIDAVIT

I swear under penalty of perjury that I, Lareesa Berman, on the dates of May 2, 2014, May 20, 2014, was assured by Defendant Thomas Kafka's counsel, Todd Springer, that any offer to settle case No. 3:13-cv-1109-J-JBT (Berman v. Kafka) would include an apology from the Defendant to myself. Both offers to settle made on May 27, 2014, and October 3, 2014 failed to include an apology, and both were specifically rejected on that basis. Shortly after the May 27, 2014, offer to settle, I spoke to Todd Springer by telephone and told him that without an apology, the offer was unacceptable. I had relied upon the assurances given by Todd Springer on both occasions that an apology would be included. Furthermore, in the pre-trial hearing of November 6, 2014, and in open court, I specifically stated there was no letter of apology in the offers to settle this case. I also stated in my e-mail correspondence of October 7, 2014, to Todd Springer that the October 3, 2014, offer to settle this case was the same offer of May 27, 2014, and was unacceptable.

Lareesa Berman _____

Lareesa Berman, who is personally known, appeared before me on the date of 03/30/2015, and has affirmed the above information was true and correct to the best of her knowledge.

Signed this 30 day of March 03/30, 2015, in St. Johns County, Fl.

My commission expires: 27 August, 2015



DANIEL L. LEARY
MY COMMISSION # EE 009114
EXPIRES: August 27, 2015
Bonded Thru Notary Public Underwriters





# motion for reconsideration

**From:** "L. B." <polyet@usa.com>
**To:** "Todd Springer Tspringer" <tspringer@LS-Law.com>
**Date:** Jun 8, 2015 9:41:51 AM

Mr. Springer,

I called you in the morning to let you know I am filing a motion for reconsideration for attorney's fees and costs. Because you weren't available, I left a message with your office and they will forward my message to you. Fla. S. 768.79 does not apply to this case, per a 2013 ruling by the Florida Supreme Court. I do not know if you agree or do not agree, and have stated so on the motion.
Sincerely,
Lareesa Berman