IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:  3:13-CV-01109-JBT

LAREESA BERMAN,

    Plaintiff(s),

v.

THOMAS A. KAFKA,

    Defendant.

_____/

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS**

    Defendant, THOMAS A. KAFKA, by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure 60(b), hereby opposes Plaintiff's motion for reconsideration of the court's grant of attorneys' fees and costs to Defendant and, as grounds therefor, states the following:

    On June 8, 2015, Plaintiff served her Motion for Reconsideration of the Court's Order Granting the Defendant's Motion for Attorneys' Fees and Costs.  (Doc. 207)  The Order granting attorneys' fees and costs was entered by the Court on May 29, 2015.  (Doc. 205)  In Plaintiff's Motion for Reconsideration she asserts that her Amended Complaint set forth a demand that included non-monetary compensation in the form of an apology and/or retraction by Defendant. (Doc. 207).  As a result, Plaintiff contends that Florida Statute 768.79 is not applicable to non-

monetary relief, and that the Court's award of attorneys' fees and costs pursuant to Florida Statute 768.79 is invalid.

Defendant prevailed after a jury trial and filed his Motion for Attorney's Fees and Costs on March 25, 2015. (Doc. 194) Plaintiff filed her Response in Opposition to Defendant's Motion on March 30, 2015. (Doc. 195) In her Response, Plaintiff cited several reasons why she felt Defendant was not entitled to Attorneys' Fees and Costs, which were all addressed in the Court's Order of May 29, 2015 granting Defendant's Motion for Fees and Costs. However, in her sixteen page Response in Opposition, Plaintiff did not allege that her demand for an apology was a demand for equitable relief. In fact, Plaintiff has characterized her Amended Complaint as a "Claim for Relief (Libel Per Se Accusation of Criminal Conduct and 'proof' thereof) (See page 6 of Doc. 26) and an "action for a single count of libel per se." (See page 2 of Doc. 193): It was not until Plaintiff's Motion for Reconsideration, filed on or about March 31, 2015, that Plaintiff alleged that her Amended Complaint fell outside of the purview of Florida Statute 768.79. A Federal Rule 59(e) motion that raises a new point without a reason for the previous omission should fail. *Schwade v. Total Plastics, Inc.* 837 F.Supp.2d 1255 (M.D. Fla. 2011) citing *Wilchombe v. TeeVee Toons, Inc.* 555 F3d 949, 957 (11th Cir. 2009); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); see also *WTC Captive Ins. Co., Inc. V. Liberty Mut. Fire Ins. Co.*, 537 F. Supp.29 619, 624 (S.D.N.Y 2008) ("motions for reconsideration are not intended to save the parties from the consequences of their own research neglects"); *Ctr. For Public Integrity v. F.C.C.*, 515 F.Supp.2d 167, 169 n. 1 (D.D.C. 2007) ("[a] plaintiff's failure to investigate a possible argument prior to the judgment does not make the results of its [later] research 'new evidence' for purposes of Rule 59(e)).

Notwithstanding the above, Plaintiff's action continues to fail on the merits. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Edler*, Case No. 13-60168-CR, 2013 WL 4543695, at *1 (S.D. Fla. Aug. 27, 2013). "Only three major grounds generally justify reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.* See also *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp.2d 1284 (S.D. Fla 2012) (To receive reconsideration, a party must "satisfy a high burden involving facts or law of a strongly convincing nature that would induce a court to reverse its prior decision.")

Regarding the first ground, Plaintiff does not claim that since the May 29, 2015 Order, or even since her March 31, 2015 Motion in Opposition, there has been an intervening change in controlling law. Plaintiff does, however, claim that she believes the Court was unaware of the provisions or Florida Statute 768.79, and that this justifies reconsideration.

As for the second ground, Plaintiff does not claim to have discovered new evidence which would allow for reconsideration. Under the third ground, Plaintiff contends that there is a need to correct clear error or prevent manifest injustice based on Plaintiff's assertion that "this Court overlooked the provision governing the award of fees and costs under Fla. S. 768.79 that states this statute is not applicable to non-monetary relief." Defendant maintains that this Honorable Court was fully aware of all applicable provisions of Florida Statute 768.79, and that Plaintiff's Amended Complaint contained no claim for equitable relief.

Plaintiff relies on *Diamond Aircraft Industries, Inc. v. Horowitch*, 107 So.3d 362, 371-376 to support her position that Florida Statute 768.79 does not apply to actions in which a plaintiff seeks both damages and equitable relief. However, Plaintiff's reliance on *Diamond*

*Aircraft* is misplaced. *Diamond Aircraft* was certified to the Florida Supreme Court to decide whether Florida Statute 768.79 applies to cases that seek equitable relief in the alternative to money damages. In *Diamond Aircraft*, Alan Horowitch filed suit against Diamond Aircraft Industries, Inc. alleging that he entered into a contract to purchase a "D-Jet" aircraft from Diamond for $850,000 and that Diamond refused to sell the aircraft unless Horowitch paid $1,380,000. In his complaint, Horowitch asserted four claims against Diamond: (1) specific performance; (2) in the alternative, breach of contract; (3) breach of implied covenants of good faith and fair dealing; and (4) deceptive trade practices in violation of the Florida Deceptive and Unfair Trade Practices Act. Diamond served an offer of judgment on Horowitch, offering to pay Horowitch $40,000 "to resolve all claims that were or could have been asserted by plaintiff against Diamond Aircraft in the amended complaint" and conditioned the offer on the dismissal of the pending claims with prejudice. Horowitch did not accept the Offer of Judgment. Judgment was ultimately entered in favor of Diamond, and Diamond filed its Motion for Attorney's Fees and Costs. The Magistrate for the Middle District of Florida denied Diamond's Motion. The Court reasoned that "It is well-settled that Section 768.79 applies only to civil actions 'for damages.' § 768.79, Fla. Stat.; *Palm Beach Polo Holdings, Inc.,* 22 So.3d at 143; *Nichols v. State Farm Mut. .,* 851 So.2d 742, 752 (Fla. 5th DCA 2003). Where, as here, 'an action seeks non-monetary relief, such as a pure declaration of rights or injunctive relief, then the fact that it *also* seeks damages does not bring it within the offer of judgment statute.' *Palm Beach Polo Holdings, Inc.,* 22 So.3d at 144 (emphasis in original). Because Horowitch asserted a claim for specific performance and breach of contract in the alternative, in addition to claims for breach of implied covenants and consumer fraud, he sought both non-monetary relief and damages which

rendered Section 768.79 inapplicable. *Horowitch v. Diamond Aircraft Industries, Inc.* 2010 WL 2136475 (M.D. Fla. 2010).

The instant case is distinguishable from *Diamond Aircraft* because Plaintiff's Amended Complaint does not assert a separate valid claim for non-monetary damages. Horowitch filed a four count Amended Complaint in which he asserted claims for (1) specific performance; (2) in the alternative, breach of contract; (3) breach of implied covenants of good faith and fair dealing; and (4) deceptive trade practices. Plaintiff Berman has filed an "action for a single count of libel per se." There is no separate and distinct valid claim or count for equitable relief. Plaintiff Berman simply included in her Wherefore clause of her Amended Complaint an unenforceable demand for an apology letter which is clearly distinguishable from *Diamond Aircraft*

Plaintiff also relies on *Winter Park Imports, Inc. v. JM Family Enterprises*, 66 So.3d 336 (Fla 5th DCA 2011), which is cited by the *Diamond Aircraft* court. Again, Plaintiff's reliance is misplaced as the facts in *Winter Park* are distinguishable from the facts in the present case. In *Winter Park*, plaintiff Winter Park Imports, Inc. brought an action against the defendants based on alleged violations of the Florida Motor Vehicle Dealer Act. Plaintiff sought injunctive relief relating to defendants' ownership of Lexus dealerships and operation of a Lexus distributorship. The plaintiff also sought monetary damages under Florida Statute 320.697 (unconstitutional or preempted by *In re American Suzuki Mortor Corp.* 494 BR. 466 (Bkrtcy C.D. Cal 2013). As with *Diamond Aircraft*, Winter Park's Third Amended Complaint was divided into separate counts seeking injunctive relief and counts seeking monetary damages.

Plaintiff's assertion that her Amended Complaint included a claim for non-monetary relief is disingenuous. As previously discussed, Plaintiff's Amended Complaint is a single count Claim for Relief identified as Libel Per Se Accusations of Criminal Conduct and "proof" thereof.

Case No.: 3:13-cv-01109-UATC-JBT
Page 6

Plaintiff has not asserted a separate claim for equitable relief in any form. Plaintiff acknowledged this on various occasions throughout the course of litigation. In Plaintiff's Response and Opposition to Defendant, Thomas A. Kafka's Motion to Dismiss Amended Complaint (Doc. 35) she stated "Plaintiff, taking careful note of the Honorable Judge Toomey's order to dismiss her complaint with leave to amend, has sought to state the cause of action herein with such particularity as reasonably possible. In that Motion, Plaintiff refers to her CAUSE OF ACTION FOR LIBEL PER SE (see page 3 at Doc. 35). What Plaintiff has done is simply included in the Wherefore clause of her one count Amended Complaint for libel per se an unenforceable demand that an apology and retraction letter be issued. However, this demand was not valid because no jury would be able to issue a finding enforcing such a request. No viable separate claim for equitable relief was ever sought and as a result, Plaintiff's claim is without merit.

Lastly, while Plaintiff has included a Sworn Affidavit attached to her Motion that is inaccurate and false it need not be addressed for purposes of this Motion for the reasons stated above.

WHEREFORE, for the reasons above, Defendant, THOMAS A. KAFKA respectfully requests this Honorable Court enter an Order denying Plaintiff's Motion for Reconsideration of the Order Granting the Defendant's Motion for Attorneys' Fees and Costs.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via US First Class Mail, to Lareesa Berman, 303 Augusta Circle, St. Augustine, FL 32086 this 22nd day of June 2015.

> LUKS, SANTANIELLO, PETRILLO & JONES
> Attorneys for Defendant
> 301 W. Bay Street, Suite 1050
> Jacksonville, FL  32202
> Telephone:  (904) 791-9191
> Facsimile:  (904) 791-9196
>
>
> By: /s/ Todd T. Springer
> DANIEL J. SANTANIELLO
> Florida Bar No.: 860948
> TODD T. SPRINGER
> Florida Bar No.:  0178410
> LUKSJAX-Pleadings@LS-Law.com